**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | Case 4:18-cr-00575 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JACK STEPHEN PURSLEY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS BASED ON
SIX-YEAR STATUTE OF LIMITATIONS**

TO THE HONORABLE COURT:

COMES NOW, JACK STEPHEN PURSLEY ("Defendant" or "Pursley"), by and through undersigned counsel, Michael Louis Minns and Ashley Blair Arnett, and respectfully moves this Court to dismiss the Indictment pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure.

**BACKGROUND**

Pursley was indicted on September 20, 2018 for one count of conspiracy to commit income tax evasion under 18 U.S.C. § 371 and three counts of tax evasion under 26 U.S.C. § 7201. Two of the three § 7201 counts are for Pursley's taxes and one count is for evasion of the alleged co-conspirator's taxes.[1] The Government's Indictment is too late; it is not within the applicable six-year limitation period.

---

[1] The present Motion does not yet address the obvious question: does § 7201 allow someone who has properly filed his income tax return to be indicted for someone else filing a false return? Could that possibly have been Congress' intention?

**ARGUMENT**

Statutes of limitations protect important public policy concerns.  They are the primary guarantee against bringing stale criminal charges and exist for the protection of those who might have, during the period of limitations, lost the means of defense.   "These statutes provide predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced."   *United States v. Marion*, 404 U.S. 307, 322 (1971).  Statutes of limitation may also have the effect of encouraging law enforcement to promptly investigate suspected criminal activity.  *Toussie v. United States*, 397 U.S. 112, 115 (1970).  Because of these important concerns, "criminal limitations statutes are to be liberally interpreted in favor of repose."  *Id.* at 115 (citations and internal quotation marks omitted).

The charge in Count 1 of the Indictment is subject to a six-year statute of limitations. *United States v. Heard*, 709 F.3d 413, 427 (5th Cir. 2013).   In this Indictment, the Government divides out alleged overt acts to support Count 1, conspiracy, as the "first movement of funds" and "second movement of funds."   In the Government's "first movement of funds" category the last transaction date is allegedly March 20, 2009, which is far outside of the statute of limitations of six years.  The "second movement of funds" was allegedly completed in April 2012, with the write-off of loans between two Isle of Man companies.   This is also outside the six-year limitations period.  There was no movement of funds from offshore entities that occurred within the statute of limitations.  Therefore, Count 1 must be dismissed.

Pursley is charged in Count 2 and Count 3 of the Indictment with personal tax evasion under 26 U.S.C. § 7201 for tax years 2009 and 2010.  Pursley's tax return for tax year 2009 was due in 2010, and he filed his tax return in 2010.  Pursley's tax return for 2010 was due in 2011, and he filed his tax return in 2011.  The statute of limitations applicable to this Counts 2 and 3 is

six years.  26 U.S.C. § 6531(2); *United States v. Irby*, 703 F.3d 280, 283 (5th Cir. 2012).  The statute ran in 2016 for his 2009 return and 2017 for his 2010 return.

In the Indictment, the Government lists affirmative acts supposedly meant to extend the limitations period, although these acts have nothing to do with Pursley's 2009 or 2010 personal tax returns.  "[T]he commission of an affirmative act seeking to evade tax liability… can be shown through the individual's willful failure to file a tax return, or through continued evasive acts intending to avoid the payment of taxes.  The statute of limitations accrues from the later of the two."  *Irby*, 703 F.3d at 284.  The only alleged act that falls within the six-year statute of limitations occurred in January 2014, when Pursley transferred money from one corporation to another corporation.  This act cannot be an "affirmative act" for purposes of the limitations period, however.  An affirmative act must have been committed with the intent to evade taxes owed for the year charged.  *See United States v. Voigt*, 89 F.3d 1050, 1089-91 (3d Cir. 1996).  Because income taxes are an annual event, an alleged evasion of tax assessment must relate to a specific year and it must be shown that the income upon which the tax was evaded was received in that year.  *United  States v. Boulet*, 577 F.2d 1165, 1167-68 (5th Cir. 1978).  Money transfers in 2014 do not, and cannot, have any relation to evasion of a tax related to a tax return that was filed in 2009 or 2010.

The Government further alleges that all tax returns filed after Pursley's 2009 tax return are "acts of evasion" for his 2009 taxes and 2010 taxes.  This allegation also must be rejected.  Alleged evasion has to take place in a year certain.  There is no continuation.  They are not even related acts.  Although an affirmative act for purposes of satisfying the elements of tax evasion can occur after the tax year for which the defendant is charged, *Irby*, 703 F.3d at 284; *United States v. Winfield*, 960 F.2d 970, 973 (11th Cir. 1992), the affirmative act must be shown to have

been committed with the intent to evade taxes owing for the year charged, *Voigt*, 89 F.3d at 1089-91. There is no showing that these subsequent acts in 2014 were done with the intention to evade taxes in 2009 or 2010.

Not only are these allegedly false returns not affirmative acts of evasion for years past, they are not acts of evasion because the returns actually reported the money.  The Government merely disagrees with how the money was reported.  Every year that a taxpayer files a tax return cannot be evasion of all previous years.  Because none of these affirmative acts related to the 2009 or 2010 tax return, which were timely filed, the statute of limitations expired prior to the Indictment, and Counts 2 and 3 must be dismissed as outside the statute of limitations.     Count 4 of the Indictment charges Pursley with the tax evasion of Shaun Mooney ("Mooney") for 2010. Mooney filed his tax return in 2011 with the help of his own certified public accountant ("CPA"), a CPA that Pursley had no contact with.  None of the affirmative acts listed for Mooney's evasion fall within the statute of limitations.

"There are three elements to the crime of tax evasion:  the existence of a substantial tax deficiency, willfulness, and an affirmative act made with the intent to evade taxes." *United States v. Masat*, 896 F.2d 88, 97 (5th Cir. 1990) (citing *Sansone v. United States*, 380 U.S. 343, 351 (1965)).  A person may be convicted of tax evasion only if the government proves that the person undertook an affirmative act of evasion.  *Id.* at 97 (citing *Spies v. United States*, 317 U.S. 492, 499 (1943), and reversing because the court never explained to the jury that more than just failure file was necessary to convict—the government needed to prove an affirmative act).

Although for tax evasion purposes even lawful conduct that has the likely effect of misleading or to concealing constitutes an affirmative attempt to evade taxation, *Spies*, 317 U.S. at 499; *see United  States v. Jungles*, 903 F.2d 468, 474 (7th Cir. 1990) (taxpayer's entering into

**Page 4 of 8**

"independent contractor agreement," although legal, satisfied "affirmative act" element of § 7201), that affirmative act must also demonstrate the attempt to evade a tax or it does not satisfy the third element of the crime.  *See e.g.*, *United States v. Mesheski*, 286 F.2d 345, 347 (7th Cir. 1961) (reversing, where defendant's actions did not constitute affirmative conduct that would clearly and reasonably show motive to evade or defeat tax).  Thus, for instance, in *Sansone v. United States*, the Supreme Court described this element in the context of comparing §§ 7201 and 7207, explaining that an action could "violate § 7207 without violating § 7201 where the false statement, though material, does not constitute an attempt to evade or defeat taxation because it does not have the requisite effect of reducing the stated tax liability."  380 U.S. at 352.  The *Sansone* Court gave an example:

> This may be the case, for example, where a taxpayer understates his gross receipts and he offsets this by also understating his deductible expenses.  In this example, if the Government in a § 7201 case charged tax evasion on the grounds that the defendant had understated his tax by understating his gross receipts, and the defendant contended that this was not so, as the misstatement of gross receipts had been offset by an understatement of deductible expenses, the defendant would be entitled to a lesser-included offense charge based on § 7207…. This would be so [because] while the defendant would have violated § 7207 by willfully making a material false and fraudulent statement on his return, he would not have violated § 7201 as there would not have been the requisite § 7201 element of a tax deficiency.

*Id.* at 352–53.  Similarly, in *United States v. Romano*, 938 F.2d 1569 (2d Cir. 1991), the court of appeals held that the district court erred in finding that the defendant had acted affirmatively in attempting to evade or defeat payment of taxes.  His attempt to transport $359,500 out of the country in was not an affirmative act intended to evade taxes because at that time he had no obligation to report the existence of the money to the IRS until an assessment was imposed or his tax return reporting the money as income (if it was income) was due.  *Id.* at 1572.

> [T]ransportation of currency out of the country, in and of itself, is not a prohibited activity … Without some intent to violate the law, we do not think it is correct to

Case 4:18-cr-00575   Document 18   Filed on 10/11/18 in TXSD   Page 6 of 8

infer that merely carrying money to Canada can be used to fulfill the affirmative act requirement for the felony of tax evasion, especially if Romano had no obligation to disclose the amount of the money to the IRS at the time he was trying to transport the money.

*Id.* at 1572–73.

Likewise, the Government does not identify any affirmative act demonstrating an attempt to evade taxation in the Indictment.  On the conspiracy count, it is alleged that Pursley kept moving his own money (the $4.8 million Mooney claims to have paid him to help him conceal his $18 million).  Why would anyone pay $4.8 million to steal $4 million from the government and commit a crime on top of that?), which is a legal act.  Once the $18 million came to the United States, the use of the $4.8 million by Pursley became irrelevant to the purported conspiracy.  Moving the $4.8 million into different companies could not constitute an affirmative act.  Moreover, the $4.8 million is in plain sight, fully reported on Defendant's returns, for the IRS to see.  Pursley had a tax liability on the money when he reported it.  There is no alleged act that could constitute an intention to evade tax.  The theory of prosecution is hard to understand; in any event, Count 4 was not filed within the six-year limitations period, even were the alleged acts included because they do not constitute affirmative acts done in order to evade taxation. Count 4 must be dismissed.

In August 2016, the Government requested a suspension on the statute of limitations. Judge Sim Lake suspended the statute of limitations under 18 U.S.C. § 3292(b), (c).  The Government requested items from the Isle of Man and Australia.  Isle of Man responded to the Government's request in September of 2016 and Australia responded in March of 2017[2].  The Government lawyers may have gotten an extra eight months to indict (assuming they accurately shared their internal work product with a district judge); however, this did not suspend the statute

---

[2] This assumes the Government records are accurate and the files did not sit in a federal office waiting to be stamped "received".

long enough for the Government to indict timely.

## CONCLUSION

For the foregoing reasons, Pursley respectfully requests this Court grant his Motion to Dismiss.

Respectfully submitted on Ocotber 11, 2018

MINNS & ARNETT

*/s/ Ashley Blair Arnett*
Michael Louis Minns
State Bar No. 14184300
mike@minnslaw.com
Ashley Blair Arnett
State Bar No. 24064833
ashley@minnslaw.com
9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772
Telecopy: (713) 777-0453
***Attorneys for Jack Stephen Pursley***

## CERTIFICATE OF CONFERENCE

On October 10, 2018 undersigned conferred with DOJ attorneys Nanette Davis and Grace Albinson, they are opposed to this Motion.

## CERTIFICATE OF SERVICE

This is to certify that on this the 11th day of October 2018, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

*/s/ Ashley Blair Arnett*
Ashley Blair Arnett