# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | Case 4:18-cr-00575 |
| Plaintiff, | § | |
| v. | § | |
| JACK STEPHEN PURSLEY, | § | |
| Defendant. | § | |

## UNOPPOSED MOTION TO SUBMIT SUPPLEMENTAL JUROR QUESTIONNAIRE

TO THE HONORABLE COURT:

COMES NOW, JACK STEPHEN PURSLEY ("Defendant" or "Pursley"), by and through undersigned counsel, Michael Louis Minns and Ashley Blair Arnett, and respectfully moves this Court to supplement the Court's extensive written questionnaire, and (2) subsequently distribute the completed questionnaires to counsel for the parties well enough in advance of voir dire to allow counsel to effectively and efficiently attempt to seat a jury in this case. Defendant will supplement this Motion with a proposed supplemental Juror Questionnaire.

## INTRODUCTION

Defendant is charged with one count of conspiracy to defraud and three counts of tax evasion. An exhaustive inquiry into each potential juror's qualifications is Defendant's only hope for seating a fair and impartial jury.

## ARGUMENT

By granting this Motion and requiring each potential juror to complete the proposed questionnaire, this Court can take a significant step toward ensuring that the specific rights guaranteed a defendant are exercised in an informed and meaningful fashion in this case.

The information derived from a questionnaire should expedite voir dire, ensure proper excusal for cause, promote the judicious use of peremptory challenges, and reduce the likelihood of prejudicial error. The questionnaire as such will not only benefit both the defense and the Government in ensuring that a qualified jury is chosen, it is a prerequisite for preserving any possibility that a fair and impartial jury can be seated. The federal courts have consistently found. *See, e.g., Ramirez v. Stephens*, 641 F. App'x 312, 323 (5th Cir.) (citing with approval trial counsel's use of juror questionnaires to explore prospective jurors views on death penalty, which questionnaires were specific, extensive, and "designed to identify and eliminate jurors who would not be able to fully and fairly consider future dangerousness and mitigation"), *cert. denied sub nom. Ramirez v. Davis*, 137 S. Ct. 279, 196 L. Ed. 2d 58 (2016); *Mobley v. United States*, 379 F.2d 768 (5th Cir. 1967) (information on jury questionnaires was valuable to attorneys' and court's consideration). *See also United States v. Fastow*, 292 F. Supp. 2d 914 (S.D. Tex. 2003) (ordering use of juror questionnaire, to be completed by potential jurors in advance of trial, after which court and counsel for both parties would confer and parties could agree to dismiss prospective jurors based on answers provided in questionnaires).

Use of a questionnaire allows a prospective juror an adequate opportunity to reflect on very personal and complex issues. Not only does the use of a questionnaire permit prospective jurors to expend considerable time thinking about and formulating meaningful responses to the written questions posed, but prospective jurors who are exposed to questionnaires are more likely to give thoughtful, honest, and reflective answers to oral questions posed to them during the voir dire process. Specific, meaningful questions presented in a personal manner may reveal biases that the prospective juror does not even recognize.

## CONCLUSION

A juror questionnaire will provide information necessary to ensure that no improper bias or prejudice undermines Defendant's right to a fair trial. For all of these reasons, Defendant respectfully requests that the Court allow the use of the supplement juror questionnaire.

Respectfully submitted on October 11, 2018

> MINNS & ARNETT
>
> */s/ Ashley Blair Arnett*
> Michael Louis Minns
> State Bar No. 14184300
> mike@minnslaw.com
> Ashley Blair Arnett
> State Bar No. 24064833
> ashley@minnslaw.com
> 9119 S. Gessner, Suite 1
> Houston, Texas 77074
> Telephone: (713) 777-0772
> Telecopy: (713) 777-0453
> ***Attorneys for Jack Stephen Pursley***

## CERTIFICATE OF CONFERENCE

On October 10, 2018 undersigned conferred with DOJ attorneys Nanette Davis and Grace Albinson, they are unopposed to a supplemental juror questionnaire.

> */s/ Ashley Blair Arnett*
> Ashley Blair Arnett

## CERTIFICATE OF SERVICE

This is to certify that on this the 11th day of October 2018, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

/s/ *Ashley Blair Arnett*
Ashley Blair Arnett