UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | Case 4:18-cr-00575 |
| Plaintiff, | § § § | |
| v. | § § | |
| JACK STEPHEN PURSLEY, | § § § | |
| Defendant. | § | |

**DEFENDANT'S MOTION FOR ATTORNEY-CONDUCTED VOIR DIRE**

TO THE HONORABLE COURT:

COMES NOW, JACK STEPHEN PURSLEY ("Defendant" or "Pursley"), by and through undersigned counsel, Michael Louis Minns and Ashley Blair Arnett, and respectfully moves this Court to allow 60 minutes per side of attorney-conducted voir dire, in addition to the Court's voir dire.

**INTRODUCTION**

Pursley is charged with four counts in a 31-page indictment. He has been charged with conspiracy to defraud the Government in violation of 18 U.S.C. § 371, and three counts of tax evasion in violation of 26 U.S.C. § 7201 (two counts are related to Pursley's taxes and one count is related to another taxpayer's taxes). Trial in this matter is set for November 27, 2018.

The undersigned requests that the Court permit each side 60 minutes of attorney-conducted voir dire, not as a substitute to the Court's voir dire, but as a complement and addition to the Court's voir dire. Supplemental attorney-conducted voir dire will aide in obtaining an impartial jury, aide in counsel's meaningful use of peremptory challenges, and aide the Court when making rulings on challenges for cause.

# ARGUMENT

The manner in which voir dire is conducted is undoubtedly within the trial court's discretion. *Skilling v. United States*, 561 U.S. 358, 386 (2010). *Accord Gonzalez v. United States*, 553 U.S. 242 (2008); *United States v. Cervantes*, 706 F.3d 603 (5th Cir. 2013); *United States v. Shannon*, 21 F.3d 77 (5th Cir. 1994); *United States v. Fastow*, 292 F. Supp. 2d 914 (S.D. Tex. 2003). Although "[n]o hard-and-fast formula dictates the necessary depth or breadth of *voir dire*," *Skilling*, 561 U.S. at 386, the trial court has broad authority to allow the attorneys to conduct voir dire in criminal cases. The Federal Rules of Criminal Procedure so state:

> (a) Examination.
>     (1) In General. The court may examine prospective jurors or may permit the attorneys for the parties to do so.
>     (2) Court Examination. If the court examines the jurors, it must permit the attorneys for the parties to:
>         (A) ask further questions that the court considers proper; or
>         (B) submit further questions that the court may ask if it considers them proper.

Fed. R. Crim. P. 24(a).

Voir dire is a critical phase of the criminal defendant's trial. Among the basic trial rights that can never be deemed harmless is the defendant's right to an impartial jury. *United States v. Rowe*, 106 F.3d 1226 (5th Cir. 1997) (*quoting Gomez v. United States*, 490 U.S. 858, 876 (1989)). "At stake is the party's right guaranteed by the Sixth Amendment to an impartial jury; the principal way this right is implemented is through the system of challenges exercised during the voir dire of prospective jurors." *United States v. Nell*, 526 F.2d 1223, 1229 (5th Cir. 1976) (citations omitted). Thus, a defendant need not show specific prejudice if a voir dire procedure was improper, such as when the court cuts off meaningful responses by prospective jurors to critical questions. *Rowe*, 106 F.3d at 1230 (reversing convictions).

It has long been recognized that the psychology of potential jurors individually and the

venire pool collectively affects how particular questions are answered and who is ultimately seated on a jury. Jurors' emotional makeup and attitudes often come through the volume, pitch, and intensity of the voice, eye contact or movements, and other body language, which can reveal more about a juror than the contents of an answer alone. *See generally* Nancy S. Marder, *Juror Bias, Voir Dire, and the Judge-Jury Relationship*, 90 Chi.-Kent L. Rev. 927 (2015); Herald P. Fahringer, *In the Valley of the Blind: A Primer on Jury Selection in a Criminal Case*, 43:4 Law & Contemporary Problems 116 (1980). Courts have consistently recognized that jurors are often unaware of their own prejudices and preconceptions and do not acknowledge them when asked general questions on voir dire such as whether there is any reason they cannot be fair and impartial. *E.g.*, *Dennis v. United States*, 339 U.S. 162, 181 (1950) (Frankfurter, J., dissenting).

For this among other reasons, the Fifth Circuit has repeatedly suggested the need for, and the desirability of, attorney questioning during jury selection. In *United States v. Ible*, 630 F.2d 389, 395 (5th Cir. 1980), the court explained:

> [V]oir dire may have little meaning if it is not conducted at least in part by counsel. The "federal" practice of almost exclusive voir dire examination by the court does not take into account the fact that it is the parties, rather than the court, who have a full grasp of the nuances and the strength and weaknesses of the case. "Peremptory challenges are worthless if trial counsel is not afforded an opportunity to gain the necessary information upon which to base such strikes." Therefore questioning by the court must overall, coupled with its charge to the jury, afford a party the protection it seeks. Experience indicates that in the majority of situations questioning by counsel would be more likely to fulfil this need than an exclusive examination in general terms by the trial court.

*Id.* at 395 (citations omitted). Similarly, in *United States v. Ledee*, 549 F.2d 990, 993 (5th Cir. 1977), the court held:

> [V]oir dire examination … has little meaning if it is not conducted by counsel for the parties.
>
> A judge cannot have the same grasp of the facts, the complexities and nuances as the trial attorneys entrusted with the preparation of the case. The court

does not know the strength and weaknesses of each litigant's case. Justice requires that each lawyer be given an opportunity to ferret out possible bias and prejudice of which the juror himself may be unaware until certain facts are revealed.

In short, "[a]lthough a trial court has broad discretion in its conduct of voir dire, its exercise of that discretion is 'subject to the essential demands of fairness.'" *Nell*, 526 F.2d at 1229 (citations omitted). Reliance exclusively on examination by the trial court can be insufficient to produce the information necessary for meaningful exercise of jury challenges. Commentators have shown that jurors often feel insulated by and from the trial judge and for this reason might not communicate their true feelings. *See* David Suggs & Bruce D. Sales, *Using Communication Cues to Evaluate Prospective Jurors During the Voir Dire*, 20 Ariz. L. Rev. 629 (1978). Venire persons might tend to state what they imagine the judge wants them to say, or give short answers framed to end the questioning. *Cathy E. Bennett, Psychological Methods of Jury Selection in the Typical Criminal Case*, 4 Crim. Def. 11, 13 (Apr. 1977). The voir dire process between counsel and prospective jurors, in contrast, is different. Counsel and venire persons more easily connect, resulting in a human response by the prospective juror that is often more revealing and honest than in judge-conducted voir dire "[A]ttorney-conducted voir dire is essential if hidden prejudices are to be uncovered because judges generally do not ask pressing and probing questions that truly explore the prospective juror's attitudes." Jon Van Dyke, *Voir Dire: How Should It Be Conducted To Ensure That Our Juries Are Representative and Impartial?*, 3 Hastings Const. L. Q. 65, 75 (1976). *See* Marder, *Juror Bias, Voir Dire, and the Judge-Jury Relationship*, 90 Chi.-Kent L. Rev. 927. *See also United States v. Shavers*, 615 F.2d 266, 268 (5th Cir. 1980) (general voir dire questions were "too broad" and "might not reveal latent prejudice").

Data obtained during voir dire by the attorneys is essential for the intelligent exercise of peremptory challenges; conversely, limited voir dire affects comprehensive use of peremptory challenges. The importance of peremptory challenges and challenges for cause has long been recognized. Although peremptory challenges may not be required by the U.S. Constitution, "the challenge is 'one of the most important of the rights secured to the accused' and "a necessary part of the trial by jury." *Swain v. Alabama*, 380 U.S. 202, 219 (1965) (*overruled on other grounds by Batson v. Kentucky*, 476 U.S. 79 (1986)).

The peremptory challenge "should not be required to be exercised before an opportunity is given for such inspection and examination of prospective jurors as is reasonably necessary to enable the accused to have some information upon which to base an exercise of that right." *Bailey v. United States*, 53 F.2d 982, 984 (5th Cir. 1931). The Fifth Circuit has described the importance of allowing broad voir dire so as to preserve peremptory challenges this way: "The jury box is holy place. To ensure that those who enter are purged of prejudice, both challenges for cause and the full complement of peremptory challenges are crucial." *Nell*, 526 F.2d at 1229. "Therefore," held the *Nell* court, "as a general rule it is error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause, for this has the effect of abridging the right to exercise peremptory challenges." *Id. See Cook v. United States*, 379 F.2d 966, 971 (5th Cir. 1967) (trial court refused to ask key question suggested by counsel, which was error; "The defendant had a right to have the question answered to afford him an opportunity to exercise his peremptory challenges intelligently … and the information requested was reasonably necessary to enable the accused to exercise his peremptory challenges."). *See also Davis v. Johnson*, 8 F. Supp. 2d 897 (S.D. Tex. 1998) (Hughes, J.) (distinguishing Davis' case from another case in which trial court improperly blocked defense's examination of jury

pool on a key standard, causing defendant to have to use all its peremptory challenges plus one more to strike prospective jurors confused by prosecution's description of the standard).

In this case, supplementing the Court's examination with attorney questioning is essential to provide the information necessary for the intelligent exercise of jury challenges. Prospective jurors have a very difficult and important role to fill, and for that reason, their examination should be conducted at least in part by the attorneys. There is unfortunately a wide spread prejudice by the public against attorneys. The Defendant in this case got a law license when he was in his 40s. It is unlikely he can get a fair trial if he is not allowed significant voir dire on his presumption of innocence and the fact that he is a lawyer. Defense counsel once was retained to defend a topless dancer against charges levied against her by an oil and gas attorney. A questionnaire was submitted to a panel of approximately 100 potential jurors pretrial. One question likely caused the Plaintiff/Counter-Defendant Lawyer to abandon his position: knowing nothing about the parties except that one is a lawyer and the other is a topless dancer, would you tend to trust one more than the other, and if so, which one? The unexpected response was that the jurors would overwhelmingly trust the topless dancer over the lawyer. A lawyer starts out with a stacked deck and unless the panel has been rigorously examined, the prejudice cannot be repaired.

**CONCLUSION**

Allowing counsel to participate in the voir dire process will not unnecessarily delay the proceedings and will have the positive impact of assuring the Government and the accused of a fair trial and an intelligent exercise of peremptory and cause challenges.

Respectfully submitted on October 11, 2018

MINNS & ARNETT

*/s/ Ashley Blair Arnett*
Michael Louis Minns
State Bar No. 14184300
mike@minnslaw.com
Ashley Blair Arnett
State Bar No. 24064833
ashley@minnslaw.com
9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772
Telecopy: (713) 777-0453

**Attorneys for Jack Stephen Pursley**

## CERTIFICATE OF CONFERENCE

On October 10, 2018 undersigned conferred with DOJ attorneys Nanette Davis and Grace Albinson, they were unopposed to this Motion in concept but, want to consult with the local AUSA's office. As of the filing of the motion I have not heard back from DOJ with an update on their position.

*/s/ Ashley Blair Arnett*
Ashley Blair Arnett

## CERTIFICATE OF SERVICE

This is to certify that on this the 11th day of October 2018, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

/s/ Ashley Blair Arnett
Ashley Blair Arnett