UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:18-CR-575 |
| | § | (HUGHES) |
| JACK STEPHEN PURSLEY, | § | |
| AKA STEVE PURSLEY | § | |

### GOVERNMENT'S NOTICE OF INTENT TO USE EXPERT WITNESS TESTIMONY PURSUANT TO FED. R. CRIM. P. 16(a)(1)(G) AND NOTICE OF INTENT TO USE SUMMARIES PURSUANT TO FED. R. EVID. 1006

The United States of America, by and through undersigned counsel, hereby files this Notice of Intent to Use Expert Witness Testimony Pursuant to Fed. R. Crim. P. 16(a)(1)(G) and Notice of Intent to Use Summaries Pursuant to Fed. R. Evid. 1006.

### Notice of Expert Witness Testimony

The Government intends to offer expert testimony pursuant to Federal Rule of Evidence 702, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The use of an expert witness in criminal tax prosecutions has been expressly approved in the Fifth Circuit. *United States v. Moore*, 997 F.2d 55, 58 (5th Cir. 1993) ("Courts have found that IRS agents, in specific, may testify as expert summary witnesses.") (gathering cases, including *United States v. Dotson*, 817 F.2d 1127, 1132 (5th Cir. 1987)). Near the end of its case-in-chief, the Government will call an expert witness trained in taxation and accounting. This witness will be IRS Revenue Agent Michael Frazier.

The United States anticipates that the evidence in this case will establish that Defendant Pursley conspired with Co-Conspirator 1 to defraud the United States by repatriating more than $18 million in untaxed business receipts from Co-Conspirator 1's offshore oil rig labor leasing business in a manner designed to conceal their receipt of the funds from the IRS; that Defendant Pursley filed false income tax returns for the years 2007 through 2010 that concealed his compensation for assisting in the repatriation; that Co-Conspirator 1 filed false income tax returns for the years 2007, 2008, and 2010 that concealed his income from the offshore business; and that through various means Defendant Pursley and Co-Conspirator 1 attempted to evade taxes due for the above-listed tax years.

Count 1 charges Defendant Pursley with conspiracy to defraud the Internal Revenue Service. Among the allegations in that count are that Defendant Pursley and Co-Conspirator 1 filed false returns that failed to report income from the scheme and pay the taxes due on that income. Doc. 1, at ¶¶ 19-20. Counts 2 and 3 charge Defendant Pursley with attempted tax evasion with respect to his personal taxes for the tax years 2009 and 2010, and Count 4 charges Defendant Pursley with attempted tax evasion of the personal taxes of Co-Conspirator 1 for the tax year 2010. The elements of Title 26, United States Code, Section 7201 are :

1) a tax deficiency for the tax year in question;

> 2) an affirmative act (committed by the Defendant) to evade or attempt to evade such tax; and
>
> 3) willfulness.

*United States v. Sertich,* 879 F.3d 558, 565 (5th Cir. 2018) (quoting *United States v. Miller*, 588 F.3d 897, 907 (5th Cir. 2009) (citing *United States v. Nolen*, 472 F.3d 362, 377 (5th Cir. 2006)).[1]

With the Court's permission, Revenue Agent Frazier will be present throughout the entire trial to be able to testify regarding the tax consequences of the Government's evidence at trial as it relates to the Government's burden to prove the allegations in the conspiracy charge and the tax deficiency element of Counts 2, 3 and 4 -- that Defendant Pursley owed an additional income tax for tax years 2007 through 2010, and that Co-Conspirator 1 owed an additional tax for the tax year 2007, 2008, 2010, and 2011. The following is a summary of the anticipated expert testimony of Revenue Agent Frazier.

He will testify that he prepared computations of tax due and owing for Defendant Pursley's tax years 2007 through 2010, based on the assumption that the jury finds, as alleged in the Indictment, that Defendant Pursley received compensation from the scheme of approximately $600,000, $300,000, $3,625,000 and $300,000 that he failed to report as income on his 2007, 2008, 2009, and 2010 personal tax returns, respectively.

Revenue Agent Frazier will testify that his computations indicate that Defendant Pursley owed substantial income taxes in addition to the amount of income tax liabilities he reported on his tax returns for those years. Specifically, Revenue Agent Frazier will testify that his computations indicate that Defendant Pursley had an additional tax due and owing of no less

---

[1] "'Willfulness' requires 'that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty.'" Sertich, *id.* (citing *Cheek v. United States*, 498 U.S. 192, 201 (1991)).

than $221,725, $106,182, $1,349,271 and $111,629, for tax years 2007, 2008, 2009, and 2010, respectively. A copy of the IRS's draft computation, a Form 4549-A, Income Tax Examination Changes, prepared by another IRS Revenue Agent who is unavailable for trial, has been produced to the defense under separate cover. A similar form prepared by Revenue Agent Frazier will be provided to the defense shortly.

In addition, Revenue Agent Frazier will testify that Co-Conspirator 1 had additional income of $361,000 for 2007, $1,555,000 for 2008, and $11,563,488 for 2010. Revenue Agent Frazier will testify that Co-Conspirator 1 had an additional tax due and owing of $125,478 in 2007, $539,406 in 2008, and $4,047,221 in 2010. A copy of the IRS's Form 4549-A as to Co-Conspirator 1 was previously provided to the defense in discovery. The Government may seek to revise these computations prior to trial or based on the evidence presented at trial. Copies of the Forms 4549-A will be marked as trial exhibits.

A copy of Revenue Agent Frazier's resume has been provided to the defense. To summarize, Revenue Agent Frazier has been employed by the Internal Revenue Service as a Senior Revenue Agent and International Tax Examiner for approximately 13 years. He is trained in taxation and accounting, and his education, training, and experience render him qualified to provide summary witness testimony relating to the charges at issue in this case. Revenue Agent Frazier's education and training includes, but is not limited to, the following:

- Masters of Professional Accounting, University of Texas;
- Bachelor of Science Degree in Accounting, University of Missouri;
- Certified Public Accountant since 1984; and
- Instructor, IRS International Examiners Training.

Revenue Agent Frazier's extensive multi-decade private and public sector tax experience includes, but is not limited to, examining and auditing multinational corporations' tax returns.

**Notice of Intent to Use 1006 Summaries**

The Government anticipates that a large portion of Revenue Agent Frazier's testimony will relate to the presentation of summary evidence as a non-expert witness. A draft summary chart of the money flows that the Government anticipates proving in this case has been provided to the defense under separate cover. Defense counsel has been provided with the underlying items in discovery, the vast majority of which are admissible bank records. These items consist of withdrawal items, deposit items, and bank statements relating to the more than two dozen bank accounts through which funds were transmitted and/or received. The Government submits that the use of such a chart will streamline the presentation of evidence and significantly aid the jury's comprehension of the complex money flows in this case.

Admissibility of summary charts is governed by Rule 1006, which states,

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

Fed. R. Evid. 1006. The Fifth Circuit has held that:

> [s]uch charts are admissible when (1) they are based on competent evidence already before the jury, (2) the primary evidence used to construct the charts is available to the other side for comparison so that the correctness of the summary may be tested, (3) the chart preparer is available for cross-examination, and (4) the jury is properly instructed concerning use of the charts. *United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001); *accord United States v. Lucas*, 849 F.3d 638, 644–45 (5th Cir. 2017). Because a chart admitted under Rule 1006 is substantive evidence, jurors may bring it to the deliberation room. *E.g.*, *Bishop*, 264 F.3d at 547.

*United States v. Spalding*, 894 F.3d 173, 185 (5th Cir. 2018) (footnote omitted).  The summaries need not contain a defendant's anticipated evidence.  *Myers v. United States*, 356 F.2d 469, 470 (5th Cir. 1966).  Copies of the summaries may be used during the testimony concerning them. *Myers*, *id.* at 470.

The *Spalding* court noted that Fifth Circuit case law diverges on whether or not the use of a 1006 summary required a limiting instruction.  894 F.3d at 185 n.17 (c*omparing Bishop*, 264 F.3d at 546 (limiting instruction required) *with United States v. Williams,* 264 F.3d 561, 575 (5th Cir. 2001) (no limiting instruction required)).  Should the Court wish to give one, the *Spalding* court gives several approved examples. 894 F.3d at 186 n.18.

The Rule 1006 summaries and summary charts to be offered or used during the testimony of Revenue Agent Frazier will not be finalized until shortly before his testimony because they will incorporate evidence admitted at trial.  Copies of these materials will be provided to the Court and Defendant prior to the witness being called to testify.

Finally, the Government is considering using other demonstrative charts, including timelines depicting the anticipated evidence at trial.  The Government does not intend to offer

these charts into evidence, but would use them during trial and/or closing argument. The Government will provide the defense with drafts of these charts prior to trial, which are subject to change depending on the evidence admitted at trial.

DATED: October 11, 2018

Respectfully Submitted,

RYAN K. PATRICK
United States Attorney
Southern District of Texas

By: /s/ Nanette L. Davis
Nanette L. Davis, Senior Litigation Counsel
Nanette.L.Davis@usdoj.gov
Grace E. Albinson, Trial Attorney
Grace.E.Albinson@usdoj.gov
Sean P. Beaty, Trial Attorney
Sean.P.Beaty@usdoj.gov
U.S. Department of Justice, Tax Division
601 D Street, N.W., Room 7634
Washington, DC 20004
(202) 514/8030/616-3311/616-2717