# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:18-CR-575 (HUGHES) |
| JACK STEPHEN PURSLEY, AKA STEVE PURSLEY, Defendant. | § § § § | |

## GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY-CONDUCTED VOIR DIRE

The United States of America, by and through undersigned counsel, hereby files this Opposition to the Defendant's Motion for Attorney-Conducted Voir Dire. For the reasons set forth below, the Government submits that Court-conducted voir dire supplemented by appropriate questions submitted by the parties—and, if the Court deems necessary, a juror questionnaire—is sufficient to ensure the impartiality of the jury.

## Background

Defendant Pursley, a Houston-based attorney, is charged with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count One), and three counts of tax evasion with respect to his personal taxes for 2009 and 2010 (Counts Two and Three) and the taxes of the individual identified as "Co-Conspirator 1" in the Indictment (Count Four). The charges relate to Defendant Pursley's participation with Co-Conspirator 1 in a scheme to repatriate more than $18 million in untaxed proceeds of Co-Conspirator 1's offshore oil rig employee leasing business sitting in the Isle of Man. The goal of the scheme was to repatriate the funds in a manner designed to conceal the receipt from the Internal Revenue Service and to enrich Defendant Pursley and Co-Conspirator 1.

On October 11, 2018, Defendant Pursley moved this Court to allow attorney-conducted voir dire. In support, the Defendant argues that attorney-conducted voir dire is necessary to ferret out prejudices of potential jurors, especially with respect to their attitudes about attorney-defendants.

## **Discussion**

Defendant Pursley recognizes, as he must, that the Federal Rule of Criminal Procedure and governing case law affords a trial court great discretion in determining the manner in which voir dire is conducted. *See* Fed. R. Crim. P. Rule 24. If the trial court conducts the voir dire, then Rule 24 provides that the court "must permit the attorney for the parties to: (A) ask further questions that the court considers proper; or (B) submit further questions that the court may ask if it considers them proper." Fed. R. Crim. P. 24(a)(2). *See also United States v. Mormon*, 105 F.3d 656, *5 (5th Cir. 1996) ("'The trial judge's function at this point in the trial is not unlike that of the jurors later on in the trial. Both must reach conclusions as to impartiality and credibility by relying on their own evaluations of demeanor evidence and of responses to questions.' Ultimately, the trial court must determine whether the juror is to be believed when he says that he has not formed an opinion about the case.") (internal citation omitted) (*quoting Mu'Min v. Virginia*, 500 U.S. 415, 424–25 (1991)).

The defendant's motion rests in part on the debatable proposition that "[c]ounsel and venire persons more easily connect" than a judge with the venire. The Fifth Circuit has expressly rejected the notion that only a trial attorney can conduct legally sufficient voir dire. *See United States v. Pratt*, 728 F.3d 463, 472 (5th Cir. 2013) (*abrogated on other grounds by Molina-Martinez v. United States*, 136 S. Ct. 1338, 1347-48 (2016)). The *Pratt* court stated in pertinent part:

2

> We reject Pratt's contention that only a trial lawyer is capable of asking the sufficiently probing and nuanced questions to uncover bias. It is well established that voir dire is the district court's responsibility. Although we have recognized that the participation of counsel for the parties is important, we have never held that the parties have any right to ask questions directly. To the contrary, the Federal Rules of Criminal Procedure explicitly provide that the court may conduct the questioning of the venire itself and require the court only to allow counsel to "submit further questions that the court may ask if it considers them proper." Furthermore, we have repeatedly held that the presiding judge has broad discretion in determining the scope of questioning. Pratt's counsel was present for voir dire and was able to and did submit questions. The court complied with the Rules and did not abuse its discretion.

728 F.3d at 472. *See also Skilling v. United States*, 561 U.S. 358, 389 (2010) ("The [district] court denied Skilling's request for attorney-led voir dire because, in its experience potential jurors were 'more forthcoming' when the court, rather than counsel, asked the question." Voir dire selection process upheld).

The Government submits that Court-conducted voir dire, supplemented by party-proposed appropriate voir dire and follow-up questions, will be more efficient while adequately protecting Defendant Pursley's ability to obtain an impartial jury.

3

## **Conclusion**

For the aforementioned reasons, Defendant Pursley's motion for attorney-conducted voir dire should be denied.

DATED: October 22, 2018

                                          Respectfully Submitted,

                                          RYAN K. PATRICK
                                          United States Attorney
                                          Southern District of Texas

By:    /s/ Nanette L. Davis
       Nanette L. Davis, Senior Litigation Counsel
       Nanette.L.Davis@usdoj.gov
       Grace E. Albinson, Trial Attorney
       Grace.E.Albinson@usdoj.gov
       Sean P. Beaty, Trial Attorney
       Sean.P.Beaty@usdoj.gov
       U.S. Department of Justice, Tax Division
       601 D Street, N.W., Room 7634
       Washington, DC 20004
       (202) 514-8030/616-3311/616-2717

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:18-CR-575 (HUGHES) |
| JACK STEPHEN PURSLEY, AKA STEVE PURSLEY, Defendant. | § § § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

> By: /s/ Nanette L. Davis
> Nanette L. Davis, Senior Litigation Counsel
> Nanette.L.Davis@usdoj.gov
> Grace E. Albinson, Trial Attorney
> Grace.E.Albinson@usdoj.gov
> Sean P. Beaty, Trial Attorney
> Sean.P.Beaty@usdoj.gov
> U.S. Department of Justice, Tax Division
> 601 D Street, N.W., Room 7634
> Washington, DC 20004
> (202) 514-8030/616-3311/616-2717