UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:18-CR-575 |
| | § | (HUGHES) |
| JACK STEPHEN PURSLEY, | § | |
| AKA STEVE PURSLEY, | § | |
| Defendant. | § | |

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION TO COMPEL DISCOVERY

The United States of America, by and through undersigned counsel, hereby files this Response to Defendant's Motion to Compel Discovery.

## Background

Defendant Pursley, a Houston-based attorney, was charged by Indictment with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count One), and three counts of attempted tax evasion with respect to his personal taxes for 2009 and 2010 (Counts Two and Three) and the taxes of the individual identified as "Co-Conspirator 1" in the Indictment (Count Four). (Doc. 1). The charges relate to Defendant Pursley's participation with Co-Conspirator 1 in a scheme to repatriate more than $18 million in untaxed proceeds of Co-Conspirator 1's offshore oil rig employee leasing business sitting in the Isle of Man. The goal of the scheme was to repatriate the funds in a manner designed to conceal the receipt from the Internal Revenue Service and to enrich Defendant Pursley and Co-Conspirator 1.

The Defendant made his initial appearance on September 21, 2018, before the Honorable Magistrate Judge Peter Bray. In accordance with the Order regarding pretrial motions, (Doc. 10, Scheduling Order), on October 11, 2018, Defendant Pursley moved this Court to compel three

categories of discovery: (1) all memoranda of interview in this case; (2) the Special Agent's Report; and (3) any correspondence between the defendant and the Internal Revenue Service since 1995.

Trial is currently set for November 27, 2018. (Doc. 10, Scheduling Order.)

The defendant was given an indexed database of approximately 30,000 documents in the initial production on October 2, 2018, and a second production that reproduced the initial production as searchable documents and included additional discovery documents, with an updated production index, on October 12, 2018. The Government has also addressed certain issues raised by the defendant about the discovery productions.

The Government has fulfilled and continues to fulfill its discovery obligations, meeting and exceeding these obligations with respect to Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963) *Giglio v. United States*, 405 U.S. 150 (1972), and the *Jencks* Act. On October 2 and October 12, 2018, the Government produced discovery to the defendant. The Government is presently supplementing this discovery with a production of the memoranda of interview created by the Special Agent. The Government also understands and will continue to comply with its ongoing discovery obligations as trial approaches.

## Discussion

### I. THE SPECIAL AGENT'S REPORT

Defendant Pursley moves this Court for the production of the Special Agent's report, prepared by the case agent—IRS Special Agent Stephen Caivano. The Special Agent's Report is a 30-page distillation of already produced statements and documents, some of which are not even admissible. In support of the motion, the defendant cites to Federal Rule of Criminal Procedure 16(a)(1)(E), claiming that the SAR "*must* be disclosed upon the defendant's request; it is a

document that the government will use in its case-in-chief and/or is material to the defense." Mot. to Compel at 2 (emphasis added). In effect, the defendant seeks a short-cut through the discovery, and an unauthorized peek at the Government's theory of the case, by concluding without any basis that the Special Agent's report must be helpful and therefore is *per se* material and discoverable under Rule 16(a)(1)(E). Convenience for the defendant, however, is not sufficient grounds to compel disclosure. Both Rule 16 and the supporting case law clearly indicate that the Special Agent's report is not presently discoverable.

In sum, the defendant's current motion seeks to expand the disclosure obligations of the Government or, at the very least, accelerate the timing of disclosure. The Special Agent's Report in this case is not discoverable under Rule 16; it does not contain material requiring disclosure under *Brady* or *Giglio*; and it will be disclosed under 18 U.S.C. § 3500 (*Jencks* Act), if the author is called as a witness in the Government's case.

A. **Federal Rule of Criminal Procedure 16 Does Not Compel Disclosure of the Special Agent's Report in This Case**

Rule 16 disclosures should include statements of the defendant, the defendant's criminal record, and items that the Government intends to admit as exhibits in its case-in-chief. The Special Agent's Report in this case does not include any information requiring its disclosure under Rule 16.

The defendant was not interviewed by Special Agent in this case, so any statement of the defendant that may be in the Special Agent's Report came from third-party witnesses in their course of dealings with the defendant, and not from interrogation of the defendant. The Special Agent's Report does not contain any statement of the defendant that has not been produced. The Fifth Circuit has "frequently found that there is no Jencks violation where the Court fails to require

3

the production of material that is merely duplicative of material already in the defendant's possession." *United States v. Medel*, 592 F.2d 1305, 1316-17 (5th Cir. 1979) (string cite omitted).

Moreover, the Special Agent's Report is not, and cannot be, an exhibit in the Government's case-in-chief. The written report contains no admissible evidence or documents, only assertions by the author based on other statements or documents. Those supporting statements or documents are attached as exhibits to the Special Agent's Report to support the author's assertions in the report. Those supporting documents and statements,[1] some of which could be exhibits in the Government's case-in-chief, have been produced or will be produced to the defense in accordance with the Government's discovery obligations.

Tellingly, the defendant omits from his analysis any mention of Rule 16(a)(2) "Information Not Subject to Disclosure" and the case law interpreting it. That provision provides:

> Except as permitted by Rule 16(a)(1)(A)–(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Accordingly, in *United States v. Mann*, the Fifth Circuit overturned a district court's requirement that the Government disclose a special agent's report, notwithstanding the fact that the Government previously permitted defense counsel to read portions of the report. As the court explained, "Although this particular question of waiver has seldom been addressed, courts that have been confronted with a Rule 16(a)(2) question have read the rule to prohibit forced disclosure

---

[1] As noted below, memoranda of interviews prepared during the investigation are being produced in discovery. Certain of those statements are governed by the *Jencks* Act timeline and could have been withheld from the initial production by the government. Others were not necessarily subject to discovery at all.

of this type of government work product." *United States v. Mann*, 61 F.3d 326, 332 (5th Cir. 1995); *accord United States v. Fort*, 472 F.3d 1106, 1116 (9th Cir. 2007) ("[P]olice reports (at least those created by federal law enforcement officers) plainly are protected under Rule 16(a)(2)).

Nor has the defendant shown that "the pretrial disclosure of the disputed evidence would [enable the defendant] significantly to alter the quantum of proof in his favor." *See United States v. Whiteside*, 810 F.2d 1306, 1308 (5th Cir 1987). Further, requiring disclosure of the Special Agent's Report amounts to allowing Defendant Pursley to have an unauthorized preview of the Government's theory of the case and the evidence it intends to present in support of that theory. *See, e.g., United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (rejecting, in the context of a bill of particulars, that the defendant is entitled to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial.)

**B. The Special Agent's Report Contains No *Brady* or *Giglio* Required Disclosures**

As discussed above, all supporting evidence for any assertion in the Special Agent's Report was produced to the defendant. Therefore, if the Special Agent's Report does contain any restatement of *Brady*- or *Giglio*-type evidence, the appropriate production has already been made. The disclosure of the Special Agent's Report itself is not required under *Brady* or *Giglio* standards.

**C. If the Special Agent's Report Becomes a Required Disclosure under the *Jencks* Act, It Will be Produced in Accordance with 18 U.S.C. § 3500**

At this time, the Government does not plan to call the author of the Special Agent's Report to testify at trial. If it is determined that he will, then the Government agrees that the Special Agent's Report will be discoverable under the *Jencks* Act. If it becomes discoverable under the *Jencks* Act, the Government will produce it at or before the time required.