UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | Case 4:18-cr-00575 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JACK STEPHEN PURSLEY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO COMPEL**

TO THE HONORABLE COURT:

COMES NOW, JACK STEPHEN PURSLEY ("Defendant" or "Pursley"), by and through undersigned counsel, Michael Louis Minns and Ashley Blair Arnett, and files this Reply to the Government's Response to the Defendant's Motion to Compel.

**I.      FORFEITURE DUE TO IMPROPER FILING**

The Court should strike the Government's Response. Only five pages, of a document of uncertain length, were filed. Defendant cannot possibly reply to this incomplete responsive document. Are we required to guess the balance of their argument? Moreover, the Response was not signed. *See* Fed. R. Civ. P. 11(a). Any response the Government purports to have to Defendant's Motion to Compel are forfeited.

**II.     THE GOVERNMENT'S ARGUMENT MUST BE REJECTED ON ITS MERITS.**

If the Court refuses to strike the Government's Response, it should reject its arguments, to the extent they can be understood within the five pages of the filing, because the arguments are meritless.

The Government claims it need not comply with Defendant's request for the Special Agent's Report ("SAR") primarily on the following grounds: (1) the SAR is a 30-page distillation of already produced statements and documents, some of which are not even admissible (Gov't's Resp., 2); (2) the SAR is not discoverable under Federal Rule of Criminal Procedure 16 (Gov't's Resp., 3); (3) the SAR contains no *Brady*- or *Giglio*-required disclosures (Gov't's Resp., 5).

The Special Agent's Report is more than a summation of statements and documents. It is the report used to decide whether or not to proceed with prosecution. As the Government states in its response, Pursley will get "a short-cut through the discovery" or "an unauthorized peek at the Government's theory of the case" if the Government were to turn over the SAR. (Gov't's Resp., 3.) The Government seems to argue that it wouldn't be fair for the Defendant to learn what the Government's "theory" of prosecution is. But the prosecution's job is not to win at a game by hiding its theory; the prosecution's goal is and must always be to achieve justice. That is what *Brady* is all about. The Fifth Circuit has made very clear that "there is an *obligation* on the part of the prosecution to produce certain evidence actually or constructively in its possession or accessible to it in the interests of inherent fairness." *United States v. Washington*, 550 F.2d 320, 330 (5th Cir. 1977) (emphasis added). *See United States v. Sipe*, 388 F.3d 471, 477 (5th Cir. 2004) ("prosecution violated its *duty* under *Brady* to disclose exculpatory information" (emphasis added)). *Brady*, in the Fifth Circuit's view, "rests upon an abhorrence of the concealment of material arguing for innocence by one arguing for guilt." *Id.* at 330 (internal quotation marks and citation omitted)[1]. Here, as the Government pointed out, the discovery

---

[1] Undersigned counsel recently prevailed in the Fifth Circuit on a pre-indictment case to move towards more transparency. *See* United States v. Sealed Search Warrants, 868 F.3d 385 (5th Cir. 2017). This was another situation of extreme government delay in prosecution.

contains over 30,000 pages. Its index alone has over 24,876 entries. Most of the index is nothing more than a range of Bates numbers, most of which do not even correlate to the correct document. Not to mention the redundancy in the discovery or the images of signature blocks that are supposedly relevant discovery. For example, Shaun Mooney, who in reality is Co-Conspirator 1 in the Indictment, was deposed in 2015; the Government has produced this deposition at least 33 times. Pursley is absolutely looking for a short cut through the discovery and around the black holes the Government has provided. *See United States v. Bayly*, No. CR H-03-363, 2004 WL 6046781 (S.D. Tex. July 14, 2004) (ordering government to provide defendant with summaries of exculpatory information that led government to identify certain witnesses as having exculpatory testimony, a result that was warranted given the government's extensive investigation).

Pursley is entitled to request disclosure of documents believed to be material and to have the Court make the determination. Under Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure, the defendant satisfies his or her initial burden of demonstrating materiality by showing the Government is in possession of information that would be helpful to the defense.

As Defendant has shown, the Supreme Court and the Fifth Circuit have defined "favorable to the accused" within the meaning of Rule 16. The term applies to "documents material to the preparation of [the defendant's] defense against the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996). *See United States v. Whiteside*, 810 F.2d 1306, 1308 (5th Cir. 1987) ("materiality" requires showing that "the pretrial disclosure of the disputed evidence would have enabled [the defendant] significantly to alter the quantum of proof in his favor") (citations omitted)). Defendant has satisfied this initial burden of showing materiality here. The SAR is undisputedly material to the Pursley's defense against the

Government's case-in-chief against him; in fact, the SAR would shed light on what the Special Agent investigated and exactly what informed the Government's decision to indict. Typically, the SAR contains highly useful Brady material often including government's acknowledgement of legitimate defenses that might lead to an acquittal.

The Government is not the arbiter of the question whether *Brady* material must be disclosed; the Court is. *United States v. Welch*, 817 F.2d 273 (5th Cir. 1987); *United States v. Diaz-Munoz*, 632 F.2d 1330 (5th Cir. 1980). The Court would err by relying on the Government's assertions that the SAR is not material; it must undertake an in-camera investigation if there is any doubt about ordering the Government to turn over the SAR. *United States v. Gaston*, 608 F.2d 607, 613 (5th Cir. 1979). In this case, there is little doubt. It appears that the Government is specifically and selectively holding back primarily the Brady materials.

The defense is not asking the Government to turn over the work product of the lawyers who have worked on this case, or of their research–only the SAR that undoubtedly contains *Brady* or Jencks material.

Special Agent Caivano has contacted most, if not all, of the witnesses, which the Government concedes. The defense merely wants the SAR of the agent in charge so that the defense can have a bare-bones understanding of the Government's case and prepare a defense against it.

The Government recently announced that the work normally assigned to the Special Agent – to testify – has been handed over to a non-involved agent. The purpose appears to be, at least in part, to avoid turning over Brady conclusions reached by the Special Agent.

Respectfully submitted on October 29th 2018

                                  MINNS & ARNETT

*/s/ Ashley Blair Arnett*
Michael Louis Minns
State Bar No. 14184300
mike@minnslaw.com
Ashley Blair Arnett
State Bar No. 24064833
ashley@minnslaw.com
9119 S. Gessner, Suite 1
Houston, Texas 77074
Telephone: (713) 777-0772
Telecopy: (713) 777-0453

***Attorneys for Jack Stephen Pursley***

# CERTIFICATE OF SERVICE

This is to certify that on this 29th day of October 2018, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

*/s/ Ashley Blair Arnett*
Ashley Blair Arnett