UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL NO. 4:18-CR-575 |
| § | (HUGHES) |
| JACK STEPHEN PURSLEY, § | |
| AKA STEVE PURSLEY, § | |
| Defendant. § | |

### GOVERNMENT'S REPLY TO
### DEFENDANT'S OPPOSITION TO MOTION FOR RULE 15 DEPOSITION

The United States of America, by and through undersigned counsel, hereby files this Reply to Defendant's Opposition to Motion for Rule 15 Deposition.

### BACKGROUND

Defendant Pursley, a Houston-based attorney, was charged by Indictment with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count One), and three counts of attempted tax evasion with respect to his personal taxes for 2009 and 2010 (Counts Two and Three) and the taxes of the individual identified as "Co-Conspirator 1" in the Indictment (Count Four). (Doc. 1). The charges relate to Defendant Pursley's participation with Co-Conspirator 1 in a scheme to repatriate more than $18 million in untaxed proceeds of Co-Conspirator 1's offshore oil-rig staffing business sitting in the Isle of Man. The goal of the scheme was to repatriate the funds in a manner designed to conceal the receipt from the Internal Revenue Service and to enrich Defendant Pursley and Co-Conspirator 1.

On October 11, 2018, the Government filed a motion under Rule 15 of the Federal Rules of Criminal Procedure seeking approval of the Court for a deposition of Kerry Smith, an Isle of Man witness, who possesses material information about her meetings and contacts with Defendant

Pursley about the ownership of Southeastern Shipping and the movement of funds from Southeastern Shipping back to the United States – conduct at the core of the indicted charges.

Defendant Pursley objects to the motion on three principal grounds: (1) that the request purportedly does not seek material information that would lead to admissible testimony; (2) that Ms. Smith is not an unavailable witness; and (3) that the Government waited too long to file its motion.

## DISCUSSION

### I. MS. SMITH'S DEPOSITION SHOULD RESULT IN TESTIMONY THAT IS BOTH MATERIAL AND ADMISSIBLE AT TRIAL

Taking an overseas deposition for use in a criminal case is a two-step process. The first step is that the requesting party, here the Government, seeks to obtain the Court's order for such a deposition pursuant to Rule 15 of the Federal Rules of Criminal Procedure. As noted above, the Government has made a motion for such an order.

The second step in the case of a Government-requested deposition is that the Government seek the assistance of the foreign government to conduct such a deposition. In order to expedite this request, the Government has submitted a supplemental Mutual Legal Assistance Treaty request seeking to compel the deposition testimony to the Department of Justice's Office of International Affairs – the Competent Authority in the United States for such requests. That request is necessarily conditioned on the Government receiving this Court's permission in advance to conduct such a deposition. OIA has advised the undersigned that it will await the receipt of the Court's order, if any, prior to submitting the supplemental treaty request. Davis Decl. at ¶ 6.

In order for it to be used at trial, the defendant should have the opportunity to cross-examine the witness, and the defendant's presence is generally required by the rule. *See* Rule 15(c)(2) ("Except as authorized by Rule 15(c)(3), a defendant who is not in custody has the right upon

request to be present at the deposition, subject to any conditions imposed by the court. If the government tenders the defendant's expenses as provided in Rule 15(d) but the defendant still fails to appear, the defendant — absent good cause — waives both the right to appear and any objection to the taking and use of the deposition based on that right."). The Government would tender the payment of reasonable travel and subsistence expenses for one attorney and the defendant to attend the deposition, and the costs of the deposition transcript, as required by Rule 15(d).

Defendant Pursley asserts in his opposition filed on October 22 that "[a]s a practical and constitutional matter, Pursley would not be able to attend Ms. Smith's deposition in the Isle of Man and that is a requirement of the statute and Sixth Amendment confrontation clause." Def. Opp. at 10. However, prior to the filing of the motion, the Government consulted with defense counsel about this issue and was told in an email on October 12, 2018, that "Pursley wants to go to Isle of Man." *See* Declaration of N. Davis, Exh. 1 (E-mail of A. Arnett). The only impediment identified by the defendant is that he surrendered his passport to the Government prior to indictment and might have trouble getting his passport back in order to travel to the Isle of Man. This is not an issue, as the passport is in the custody of the case agent (kept in a locked safe) and would be provided to the defendant upon the Court's granting permission for the defendant to attend the deposition. Defendant Pursley does not otherwise elucidate the nature of the "constitutional matter" that would preclude his attendance at Ms. Smith's deposition.

In the supplemental request to the Isle of Man, the Government has requested that the deposition be conducted in the same manner that the testimony would be conducted in federal court, viz., under oath (administered by a Consular Officer or the presiding court officer, likely the so-called "High Bailiff") with direct, cross, redirect, and recross examinations by the parties. The Government has also requested that the deposition be both audio- and videotaped so that the

testimony would be available to be played for the jury at trial, and the Government would also have the deposition transcribed and provide a copy of the transcript to the defendant. The Government would also seek court-ordered immunity for Ms. Smith prior to her testimony.

The Court, of course, would determine the ultimate admissibility of the deposition testimony at trial, but the intent is to create a deposition that would result in admissible testimony for use at trial.

Defendant Pursley also claims that Ms. Smith's testimony would not be material, but acknowledges that she worked for Isle of Man Financial Trust Limited ("IOMFTL") (and its successor company, Boston Limited) – the company that administered Co-Conspirator 1's offshore company[1] – and that she had meetings with the defendant. Although certain of the Government witnesses may be able to testify to some of the same meetings, they would not be able to testify about all of them or about Smith's direct communications with Defendant Pursley. And although Pursley claims that the related documents "speak for themselves," he also has not agreed to their admissibility. Doc. 23, Def. Opp. at 6.

## II.   MS. SMITH IS NOT AN AVAILABLE WITNESS

Defendant Pursley argues that the Government has not shown that Ms. Smith is not available to appear at trial. But the defendant does not and cannot dispute that Ms. Smith is beyond the

---

[1] Defendant Pursley implies that there was something nefarious in the Government's use of the moniker "Co-Conspirator 1" and others in like fashion in the indictment. Def. Opp. at 1, 7. In doing so, however, the Government was following the dictates of the U.S. Attorney's Manual, Section 9-11.130 - Limitation On Naming Persons As Unindicted Co-Conspirators, which states, "In the absence of some significant justification, federal prosecutors generally should not identify unindicted co-conspirators in conspiracy indictments. The practice of naming individuals as unindicted co-conspirators in an indictment charging a criminal conspiracy has been severely criticized in *United States v. Briggs*, 514 F.2d 794 (5th Cir. 1975)." The defense could have, but did not, seek a bill of particulars for the Government to name those individuals who are identified but not named in the indictment.

process of this Court and has thus far refused to speak to the Government, much less agree to come to the United States for trial. Short of being compelled to appear for a deposition in her home country, there is no way for the Government to obtain her testimony for trial.

Defendant Pursley asserts that there might be other "available" witnesses from the company, who could serve Ms. Smith's role to authenticate documents at trial. However, prior to trial, the Government sought interviews of two other potential IOMFTL witnesses – Andrew Thomas and Andrew Mellor – both of whom, like Smith, refused to be interviewed. *See* Davis Decl., Exhs. 2 and 3. In any event, as is the Government's prerogative when it comes to choosing its witnesses, the Government now seeks the deposition testimony only of Smith, who met and communicated directly with the defendant, for use at trial.

The Government notes that the defendant has been provided with full discovery, including the documents related to Ms. Smith, and all memoranda of interviews, including of individuals not intended to be used at trial. As Ms. Smith has not been previously interviewed by the Government, there is no memorandum of interview related to her.

### III.   THE MOTION FOR A RULE 15 DEPOSITION WAS TIMELY

Defendant Pursley asserts that the motion for a Rule 15 deposition should have been done prior to trial, and further asserts, without any support, that Government's alleged failure to do so was done for the purpose of delay. Def. Opp. at 10-11. Defendant Pursley misconstrues Rule 15. Rule 15 depositions are not required to occur pre-indictment. A Rule 15 deposition, by its express terms, contemplates that such depositions will be conducted post-indictment. *See* Rule 15(a) ("When Taken. (1) In General. A party may move that a prospective witness be deposed in order to preserve testimony for trial."). Until indictment, there are no parties and no defendant. *United States v. McHan*, 101 F.3d 1027, 1037 (4th Cir. 1996) ("Federal Rule of Criminal Procedure 15(a)

speaks only of depositions by 'a party' of 'a prospective witness of a party.' Because, in this case, McHan had not yet been indicted or charged when Cunningham testified before the grand jury, Rule 15 was not an available avenue for preserving Cunningham's testimony."). Notwithstanding the plain language of Rule 15, a few courts have allowed pre-indictment depositions of putative trial witnesses in unique circumstances. S*ee, e.g.*, *In re Grand Jury Proceedings*, 697 F. Supp. 2d 262, 267-68 (D.R.I. 2010) (allowing pre-indictment deposition of terminally ill witnesses, calling it "without question a close call"; court issued order governing procedures for depositions, reserving the issue of admissibility at trial). *Cf. United States v. Hayes*, 231 F.3d 663, 669 (9th Cir. 2000) (*Massiah* rights not triggered by pre-indictment deposition of detained material witnesses who were scheduled to graduate and leave the United States; court did not decide propriety of Rule 15 deposition, but noted that "[t]he government acknowledges that Rule 15 clearly contemplates that depositions taken pursuant to its terms are taken post-indictment").

In sum, nothing in Rule 15 requires that pretrial depositions occur pre-indictment, and post-indictment depositions avoid sticky questions about the applicability of post-indictment discovery obligations and the right to counsel in the context of a pre-indictment deposition. The Government filed its motion for a Rule 15 deposition three weeks after indictment and in compliance with the motions' deadline. Thus, there was no inexcusable delay.

Defendant Pursley also asserts that the deposition would interfere with his trial preparation. But should the Court grant the motion and after the supplemental request is transmitted to the Isle of Man, the Government intends to seek an application to toll the statute of limitations as provided in the Speedy Trial Act, 18 U.S.C. § 3161(h)(8). That section provides:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence: . . . Any period of delay, not to exceed one year, ordered by a district court upon an application of a party

and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

18 U.S.C. § 3161(h)(8). Thus, the taking of the deposition need not impair either Defendant Pursley's speedy trial rights or trial preparation.

## **CONCLUSION**

For the reasons stated herein and in the Government's Motion for a Rule 15 Deposition, the United States requests that the Court grant the Motion for a Rule 15 Deposition.

DATED:     October 29, 2018

                                                Respectfully Submitted,

                                                RYAN K. PATRICK
                                                United States Attorney
                                                Southern District of Texas

                                  By:    /s/ Nanette L. Davis
                                        Nanette L. Davis, Senior Litigation Counsel
                                        Nanette.L.Davis@usdoj.gov
                                        Grace E. Albinson, Trial Attorney
                                        Grace.E.Albinson@usdoj.gov
                                        Sean P. Beaty, Trial Attorney
                                        Sean.P.Beaty@usdoj.gov
                                        U.S. Department of Justice, Tax Division
                                        601 D Street, N.W., Room 7634
                                        Washington, DC 20004
                                        (202) 514-8030/616-3311/616-2717

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:18-CR-575 (HUGHES) |
| JACK STEPHEN PURSLEY, AKA STEVE PURSLEY, Defendant. | § § § | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 29, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: /s/ Nanette L. Davis
Nanette L. Davis, Senior Litigation Counsel
Nanette.L.Davis@usdoj.gov
Grace E. Albinson, Trial Attorney
Grace.E.Albinson@usdoj.gov
Sean P. Beaty, Trial Attorney
Sean.P.Beaty@usdoj.gov
U.S. Department of Justice, Tax Division
601 D Street, N.W., Room 7634
Washington, DC 20004
(202) 514-8030/616-3311/616-2717