UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:18-CR-575 |
| | § | (HUGHES) |
| JACK STEPHEN PURSLEY, | § | |
| AKA STEVE PURSLEY, | § | |
| Defendant. | § | |

## GOVERNMENT'S MOTION *IN LIMINE* TO DETERMINE THE SCOPE OF POTENTIAL EVIDENCE RELATED TO DEFENDANT'S CIVIL LITIGATION

The United States, through undersigned counsel, hereby moves the Court to rule *in limine* regarding the admissibility of evidence regarding the civil lawsuit pending between the defendant, Jack Stephen Pursley ("Pursley"), and witness Shaun Mooney ("Mooney"). Pursley filed a lawsuit against Mooney on April 27, 2017, alleging that Mooney breached the terms of a May 2013 settlement agreement.[1] As explained below, many of Pursley's claims in this civil contract dispute mirror the defense that Pursley apparently intends to present in his criminal case.

The Government concedes that the *existence* of the civil suit is a proper subject of cross-examination for Mooney, whom the United States intends to call to testify in its case-in-chief. The Government also reasonably expects that Pursley would use Mooney's prior deposition testimony from the civil case to impeach Mooney if his testimony in the criminal trial is inconsistent with earlier statements.

However, the Court should not permit Pursley to turn the criminal trial into a sideshow about the civil litigation between Pursley and Mooney. Allowing Pursley to cross-examine

---

[1] *Pursley v. Mooney*, Cause No. 2017-28294 (281st Judicial District, Court of Harris County, Texas).

Mooney (or others) regarding the minutiae of the parties' contract disputes is likely to sow confusion among the jury, and it is more prejudicial than it is probative under Federal Rule of Evidence 403. Moreover, permitting Pursley to prove up his allegations from the civil case regarding Mooney's purported conduct in this case would require the type of mini-trial that Federal Rule of Evidence 608(b) was designed to prevent.

The United States suggests a clear limiting principle: the Court should find that (1) evidence regarding the *existence* of the civil suit is relevant for the purpose of establishing any bias that Mooney (or any other witness) might have against Pursley, and (2) the content of Mooney's specific prior statements obtained in the civil litigation can be used for impeachment on cross-examination if it is plainly inconsistent with the witness's testimony on direct examination. Pursley should also be precluded from using his own statements in the civil case in his defense of the criminal case.

Finally, it is axiomatic that Pursley and his attorneys, as officers of the Court, are not permitted to make arguments at Pursley's criminal trial that they know not to be true. Tex. Disciplinary Rules Prof'l Conduct R. 3.03 (Candor toward the Tribunal). In his opposition to the government's motion for a Rule 15 deposition (Dkt. No. 23), counsel for the defendant seemingly denied that Pursley had contact with Kerry Smith, a banker formerly with Isle of Man Financial Trust Limited ("IOMFTL"), and the defense implied to this Court that Pursley was unaware of Mooney's ownership of Southeastern Shipping.[2] These assertions are inconsistent with facts

---

[2] *See* Doc. 23, at 6-7 ("Mooney […], along with many other were party to Pursley's *alleged* communications with Ms. Smith…" and "the defense would appreciate the ability to depose the numerous government witnesses […]; including but not limited to: *Eduard Venerabile, the man Mooney said actually owned the company during the time Mooney now confesses he was committing numerous felonies*").

2

included in an April 2013 mediation statement, submitted on behalf of one of Pursley's companies. The Government moves the Court to preclude the defense from asserting a position at trial in this case that is contrary to the April 2013 mediation statement.

## I. FACTUAL BACKGROUND

### A. Procedural Posture

A grand jury sitting in the Southern District of Texas returned an indictment against Pursley on September 20, 2018, charging him with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and three counts of tax evasion, in violation of 26 U.S.C. § 7201. Trial is presently set for November 27, 2018.

### B. History of Litigation between Pursley and Mooney

Steve Pursley and Shaun Mooney have known each other since college. Doc. 1, Ind., ¶ 5. As alleged in the indictment, Mooney solicited Pursley's assistance to covertly repatriate funds maintained in the Isle of Man to the United States, in a manner that would allow Mooney to avoid paying taxes on that money. Ind. 1, ¶ 19. During the course of their criminal conspiracy, Pursley also received a portion of Mooney's oil rig employee staffing business after it had been moved to the United States. Ind., ¶ 19, 49aa. Pursley was the sole owner of International Recruitment GP, LLC ("IRGP"), which was the general partner of the reconstituted oil rig staffing business, Recruitment Partners L.P.

Pursley and Mooney's business relationship eventually soured, and, on January 4, 2013, Pursley's company, IRGP, filed suit against Mooney alleging breach of contract ("the IRGP

3

suit").[3] The parties underwent mediation in April 2013, and, according to Pursley's Fifth Amended Original Petition in *Pursley v. Mooney*, on May 3, 2013, Pursley and Mooney executed a settlement agreement. First Declaration of N. Davis, ¶ 2.

Six months after Pursley moved to quash the grand jury's subpoenas in the investigation that gave rise to this prosecution, Pursley filed the presently pending civil suit against Mooney.[4] Pursley has filed six different versions of his petition against Mooney, but each petition alleges that Mooney fraudulently induced Pursley to enter into the May 3, 2013 settlement agreement.

On March 30, 2018, Mooney's civil attorneys deposed Pursley in the pending civil case. Davis First Decl., ¶ 3 & Ex. 1. During Pursley's deposition, Mooney's attorneys marked as an exhibit a copy of a mediation statement, dated April 13, 2013, that Pursley's attorney in the IRGP suit, Johnny Carter, submitted to mediator Gary McGowan. Davis First Decl., ¶ 4.

Pursley's mediation statement made some key factual admissions regarding his knowledge of Mooney's ownership and control over Southeastern Shipping. Pursley has moved to preclude Mooney from using the mediation statement against him in the civil case, and Mooney has opposed that motion. The Harris County District Court has not yet ruled on the admissibility of the mediation statement against Pursley in the civil case. Because of the disputed nature of mediation statement, out of an abundance of caution, the Government is submitting the supporting second declaration and the mediation statement under seal. *See* Second Declaration of N. Davis (filed under seal).

---

[3] *International Recruitment GP, LLC v. Mooney*, Cause No. 2013-00463 (281st Judicial District, Court of Harris County, Texas).

[4] *Pursley v. Mooney*, Cause No. 2017-28294 (281st Judicial District, Court of Harris County, Texas).

## II. DISCUSSION

### A. The pending civil litigation has only limited relevance to this case.

The United States concedes that the defense should be permitted to ask Mooney on cross-examination about the *existence* of the pending civil lawsuit to determine whether Mooney harbors any bias against Pursley. Fed. R. Evid. 607 ("Any party, including the party that called the witness, may attack the witness's credibility."). The Court can also allow the defense to question Mooney about "past specific instances of misconduct pertaining to fraud" so long as counsel has a good faith basis to do so, *United States v. Tomblin*, 46 F.3d 1369, 1389 (5th Cir. 1995), and the Court finds that "when admitting such testimony, the danger of unfair prejudice [does] not substantially outweigh the testimony's probative value." *United States v. Oti*, 872 F.3d 678, 693-94 (5th Cir. 2017).

However, Federal Rule of Evidence 608(b) expressly prohibits Pursley from presenting extrinsic evidence of the purported misconduct that Pursley alleges Mooney committed in the related civil case. *See United States v. Imo*, 739 F.3d 226, 239 (5th Cir. 2014); *United States v. Morgan*, 505 F.3d 332, 340 (5th Cir. 2007) ("Rule 608(b) does not allow extrinsic evidence of specific instances of misconduct outside of cross-examination"). The Government can reasonably anticipate a "he-said, he-said" circumstance arising at trial in this case: one in which Pursley's attorney asks Mooney on cross-examination about a specific allegation of misconduct from the civil proceeding, and Mooney denies having done anything improper. Under Rule 608(b), Pursley is not permitted to then attempt to prove up that specific instance of purported misconduct by Mooney with extrinsic evidence.

## B. The Court should not permit Pursley to present a defense that he and his attorneys know is false.

The United States recognizes that mediation statements are generally inadmissible as direct evidence against a defendant under Federal Rule of Evidence 408. *See United States v. Hays*, 872 F.2d 582, 588-89 (5th Cir. 1989) (holding that Rule 408 applies in a criminal proceeding). Thus, the Government does not intend to offer the April 2013 IRGP mediation statement as direct evidence against Pursley in its case-in-chief.

However, the Texas Rules of Professional Conduct also prohibit Pursley (himself an attorney) or his defense counsel from taking a position that they know not to be true. "The 'duty of candor' under which lawyers operate is a bit broader. It is a 'duty to disclose material facts; especially, a lawyer's duty not to allow a tribunal to be misled by false statements, either of law or of fact, that a lawyer knows to be false.' Most authors would also include that it is a lawyer's duty not only to be honest but also not to mislead or allow a court to be misled by half-truths or statements which, while technically honest, are calculated to mislead." *Texas v. United States*, No. B-14-254, 2016 U.S. Dist. LEXIS 79546, at *33-34 (S.D. Tex. May 19, 2016) (citing Black's Law Dictionary, (10th ed. 2014) and Model Rules of Prof'l Conduct r. 3.3 cmts. 2 & 3 (Am. Bar Ass'n 2013)).

This Court should not countenance the defense making arguments and representations of fact in this criminal trial that directly contradict the facts that Pursley's attorney asserted in the mediation statement. To the extent Pursley or his attorneys want to argue or insinuate that Pursley had no direct dealings with IOMFTL, or that Pursley did not know that Southeastern Shipping was Mooney's labor-staffing business, the Court should first require the defense proffer a good-faith

basis for the apparent contradiction to Pursley's admissions in the mediation statement submitted long before Pursley became aware of a criminal investigation.

### C. Pursley Should be Precluded from Making Affirmative Use of Any of His Statements in the Civil Case

Pursley also should be precluded from introducing any of his own out-of-court statements, including those made in the course of the civil litigation, at trial, as those self-serving statements would be blatant hearsay. *See* Fed. R. Evid. 801. The Fifth Circuit recently reiterated the governing principle on this issue in *United States v. Sanjar*, 876 F.3d 725, 739 (5th Cir. 2017): "When offered by the government, a defendant's out-of-court statements are those of a party opponent and thus not hearsay. FED. R. EVID. 801(d)(2). When offered by the defense, however, such statements are hearsay (the defendant may, of course, reiterate the out-of-court statements on the stand if he chooses to testify)." Such statement are clearly inadmissible, unless Pursley takes the stand and is subject to cross-examination.

    Respectfully Submitted,

    RYAN K. PATRICK
    United States Attorney
    Southern District of Texas

By:   /s/ Nanette L. Davis
       Nanette L. Davis, Senior Litigation Counsel
       Nanette.L.Davis@usdoj.gov
       Grace E. Albinson, Trial Attorney
       Grace.E.Albinson@usdoj.gov
       Sean P. Beaty, Trial Attorney
       Sean.P.Beaty@usdoj.gov
       U.S. Department of Justice, Tax Division
       601 D Street, N.W., Room 7634
       Washington, DC 20004

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:18-CR-575 (HUGHES) |
| JACK STEPHEN PURSLEY, AKA STEVE PURSLEY, Defendant. | § § § § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 2, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                        By:    /s/ Nanette L. Davis
                              Nanette L. Davis, Senior Litigation Counsel
                              Nanette.L.Davis@usdoj.gov
                              Grace E. Albinson, Trial Attorney
                              Grace.E.Albinson@usdoj.gov
                              Sean P. Beaty, Trial Attorney
                              Sean.P.Beaty@usdoj.gov
                              U.S. Department of Justice, Tax Division
                              601 D Street, N.W., Room 7634
                              Washington, DC 20004
                              (202) 514-8030/616-3311/616-2717