UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | Case 4:18-cr-00575 |
| Plaintiff, | § § § | |
| v. | § § | |
| JACK STEPHEN PURSLEY, | § § § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTIONS IN LIMINE
AND GOVERNMENT'S 404(b) NOTICE**

TO THE HONORABLE COURT:

COMES NOW, JACK STEPHEN PURSLEY ("Defendant" or "Pursley"), by and through undersigned counsel, Michael Louis Minns and Ashley Blair Arnett, and files this Response to the Government's Motion in Limine and to the Government's Notice of 404(b) Evidence.

## **INTRODUCTION**

On November 1, 2018, the Government filed a Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) (ECF 38), and on November 2, 2018, the Government filed two Motions in Limine (ECF 40, 41). The Government's Motions can be summarized into the following categories, which will be addressed individually below: (1) a Motion to allow Summary Witness testimony and to allow IRS Revenue Agent Michael Frasier ("Agent Frasier") in the courtroom during testimony; (2) a Motion to allow visual aids; (3) a Motion to bar discussion of the onset of the Government's investigation; (4) a Motion to permit the testimony of Lisa Carrillo and Christopher Carrillo (this is also covered in the 404(b) notice);

and, (5) a Motion to determine what can be discussed regarding the civil litigation between the two alleged co-conspirators.  The purpose of this is to preclude a defense.  Shaun Mooney hired former prosecutor Jack Townsend to secure this indictment in order to gain an advantage with his former partner in their civil disputes.

This Response is offered in opposition to both of the Government's Motions and its Rule 404(b) Notice, and addresses all five of the categories above.  Defendant seeks an Order in Limine, pursuant to Federal Rule of Criminal Procedure 403, excluding evidence regarding any uncharged crimes that the Government has asserted it intends to offer during its case-in-chief, upon the grounds that the probative value is outweighed by the potential for prejudice.  It has almost no probative value.

## BACKGROUND

Pursley was indicted on September 20, 2018 for one count of conspiracy to commit income tax evasion under 18 U.S.C. § 371 and three counts of tax evasion under 26 U.S.C. § 7201.  Two of the three § 7201 counts are for Pursley's taxes and one count is for evasion of the alleged co-conspirator's taxes.  The unindicted co-conspirator is Shaun Mooney.

## ARGUMENT

1. **The Government's Request To Allow Summary Witness Testimony and to Allow Agent Frasier in the Courtroom**

Pursley has no objection to allowing summary witness testimony or to allowing Agent Frasier to remain in the courtroom as long as Pursley is given the same opportunity.  Pursley intends to use his own summary expert witness and requests Pursley's summary witness be allowed to remain in the courtroom throughout the trial and for his expert witness to be allowed to read court transcripts.

Pursley does object to Special Agent Stephen Caivano ("Special Agent Caivano")

remaining in the courtroom. Pursley will list Special Agent Caivano on his witness list, and might call him to the stand. Pursley cannot make this determination until the Government has presented its case. Since Special Agent Caivano will be on the witness list and might take the stand, Pursley requests that he be excluded from the trial except during his own testimony. The Government has asserted that it does not plan to call Special Agent Caivano to the stand (*see* ECF 29, p. 5) and has not named him as an expert witness. The Court should preclude Special Agent Caivano from the courtroom until such time as Defendant calls him as a witness.

**2. The Government's Request to use Visual Aids**

Pursley has no objection to the Government's use of visual aids. Pursley intends to use his own visual aids. The Government has estimated this trial to take three weeks. This is a complicated case and the use of visual aids from both parties will help the jury.

**3. The Government's Request to Bar Discussion of the Onset of the Government Investigation**

Co-Conspirator 1, as listed in the Indictment, also known as Shaun Mooney, hired a lawyer to get Pursley indicted. The evidence the Government has turned over suggests that prosecution was initiated because former Department of Justice tax attorney Jack Townsend was involved in Mooney's Offshore Voluntary Disclosure Program application and went so far as to offer professional assistance and argument on how to get around a statute of limitations argument that was anticipated as early as 2014. This sequence of events is part of Pursley's defense. Without being able to present this evidence Pursley will be denied his right to present a full defense. It also goes directly to the motive of the Government's primary wtiness in this case, and the real complainant, Shaun Mooney.

The Court must deny the Government's request to bar any discussion of the onset of its investigation into Pursley.

### 4. The Motion To Permit the Testimony of Lisa Carrillo and Christopher Carrillo

The Government claims it will only introduce evidence from Lisa Carrillo and Christopher Carrillo as proof of the "knowledge, intent, *modus operandi*, and plan." (ECF 38, p. 3.) Knowledge, intent, and plan are elements of other alleged crimes for which Pursley has not been indicted. If the Government's lawyers were allowed to introduce this evidence as proof of a conspiracy and tax evasion on the part of Pursley, they would be unlawfully amending the Indictment returned by the Grand Jury, in violation of Pursley's constitutional rights. They would also force the defendant to defend himself against an unrealized business transaction.

The evidence proposed by the Government is not relevant and therefore must be excluded. In the Fifth Circuit, the prosecution must establish that "an offense was in fact committed and the defendant in fact committed it" if extrinsic evidence is to be offered to show intent. <u>United States v. Beechum</u>, 582 F.2d 898, 912 (5th Cir. 1978). "Therefore, as a predicate to a determination that the extrinsic offense is relevant, the Government must offer proof demonstrating that the defendant committed the offense. If the proof is insufficient, the judge must exclude the evidence because it is irrelevant." *Id.* at 912–13. Evidence that Pursley might have been involved with Lisa Carrillo and Christopher Carrillo in "a business relationship to flip houses that they had renovated" (ECF 38, p. 1) is irrelevant to the charged crime of tax evasion, such that the evidence is not probative and must be excluded. If the Government intends to offer this unrelated act it needs to be done outside the presence of the jury so that the Court can determine if it has any merit at all before admitting the "evidence". This will waste judicial resources and increase the cost for an already over burdened defendant.

Moreover, the 404(b) evidence must be related enough to the charged crime such that it actually will be probative of motive or intent. Again, the Fifth Circuit has set a standard for what

constitutes "prior extrinsic acts [that are] relevant to the intent manifested by the defendant during the offense for which he is charged." United States v. Moree, 897 F.2d 1329, 1335 (5th Cir. 1990). Two criteria must be met. "First, the intent required to make the previous activity illegal must be the same intent required to convict the defendant of the offense charged. Second, the proof of the prior act must be sufficient to … support a finding that the act occurred." Id. at 1335. The intent, if any, that Pursley had in any involvement in a plan to flip houses with Lisa Carrillo, Christopher Carrillo, and Jose Carrillo, is not the same intent required to prove tax evasion.

In United States v. Krezdorn, 639 F.2d 1327, 1331 (5th Cir. 1981), the Fifth Circuit held that the trial court erroneously admitted evidence of other forgeries the defendant purportedly participated in, in addition to the four forgery offenses with which he was charged. Evidence of other forgeries was "not necessary to explain the circumstances surrounding the forgery of the four applications for which Krezdorn was charged," such that admitting the evidence was an abuse of discretion. Id. at 1332. Testimony of Lisa Carrillo and Christopher Carrillo is not necessary to show the circumstances of the alleged crime of tax evasion with which Pursley is charged, so the testimony is not admissible under this exception.

The evidence the Government proposes is prejudicial. Its prejudicial value is outweighed by its probative value, as the Advisory Committee stated when describing Rule 404(b):

> "Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened."

Crumpton v. Confederation Life Ins. Co., 672 F.2d 1248, 1253 n.7 (5th Cir. 1982) (citation omitted). In Krezdorn, the court of appeals, reversing the district court, held that even if the

other forgeries somehow could be considered relevant to existence of a plan on the part of the defendant, the evidence failed to satisfy the second prong of the Rule 404(b) test for admissibility. "A primary danger inherent in the admission of evidence of extrinsic offenses is that the jury might, inadvertently perhaps, punish the defendant for the uncharged activity." *Id.*, 639 F.2d at 1332. For this reason as well as others, the evidence was inadmissible. "[N]ot only does the evidence relate only to defendant's character, which is specifically prohibited by Rule 404(b), but in addition, the probative value is substantially outweighed by the unfair prejudice." *Id.*

Here, whatever minimal, residual relevance this evidence from Lisa Carrillo and Christopher Carrillo might have for the purpose proffered by the Government, beyond such a proscribed attack on Pursley's character, is heavily outweighed by countervailing concerns. The Government in its Motion makes a vague allusion to purportedly unreported income of Gulf States Management Company. (*See* ECF, p. 2.) The suggestion by this reference is that Gulf States failed to report income that it was required to report—that is, that it engaged in tax evasion. But Pursley is not charged with tax evasion with regard to two properties sold in 2008. Pursley has not been charged with evasion for allegedly not reporting the proceeds of a successful real estate flip, which is purportedly what Lisa Carrillo and Christopher Carrillo would testify about. Introducing such evidence will not only confuse the jury but will be cumulative and waste the Court's time. Were this evidence to be allowed admitted at trial, Defendant would be prejudiced by the jury hearing of activity that appears illegal, even though he has not been charged with any crime relating to those properties.and is not actually illegal. As a result, this evidence of uncharged crimes should be excluded at trial under Federal Rule of Evidence 403, which authorizes a trial court to exclude evidence for reasons of prejudice,

confusion, or waste of time. All three reasons apply to the evidence of uncharged crimes at issue here.

Because allowing such testimony would offend Rule 404(b), the Court should deny the Government's Motion.

**5.    Motion To Determine What Can Be Discussed Regarding the Civil Litigation Between the Two Alleged Co-Conspirators**

The Government has already conceded the existence of the civil suit is a proper subject of cross-examination of Mooney. And the Government concedes the use of Defendant's deposition is fair grounds for impeachment. Of course, defense counsel will not present any defense that they or Defendant know is false.

Because the Government's Motion in Limine, ECF 41, is effectively moot, the Court should deny it in its entirety. The vague purpsose of the Government in this motion is simply an effort to invade the Sixth Amendment right to confront the Defendant's chief accusor, Mooney.

## CONCLUSION

Based on the foregoing, Pursley respectfully requests that this Court deny the Government's Motions in Limine and exclude from trial the evidence of all uncharged crimes referenced therein and in the Government's 404(b) Notice. If, however, the Court decides to take the matter under advisement and withhold final determination until such evidence is offered at trial, *see United States v. Ruiz*, 987 F.2d 243, 246 (5th Cir. 1993) (such determinations need not be made prior to trial in all cases), then the Defendant respectfully requests that the Court direct the Government not to suggest the existence of such evidence to the jury in any way, *see* Federal Rule of Evidence 102(c), including making no mention of this evidence in its opening statement, *see United States v. Valencia*, 600 F.3d 389, 410 (5th Cir. 2010) ("prosecutor may not 'refer to evidence of questionable admissibility' during opening statements" (citation omitted)).

Respectfully submitted on November 16, 2018

>MINNS & ARNETT
>
>*/s/ Ashley Blair Arnett*
>Michael Louis Minns
>State Bar No. 14184300
>mike@minnslaw.com
>Ashley Blair Arnett
>State Bar No. 24064833
>ashley@minnslaw.com
>9119 S. Gessner, Suite 1
>Houston, Texas 77074
>Telephone: (713) 777-0772
>Telecopy: (713) 777-0453
>
>***Attorneys for Jack Stephen Pursley***

## CERTIFICATE OF SERVICE

This is to certify that on this the 16th day of November 2018, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

>*/s/ Ashley Blair Arnett*
>Ashley Blair Arnett