## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:18-CR-575** |
| | § | **(HUGHES)** |
| **JACK STEPHEN PURSLEY,** | § | |
| **AKA STEVE PURSLEY** | § | |

## GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO MOTIONS IN LIMINE

The United States of America, by and through undersigned counsel, hereby files this reply to the defendant's response to the Government's motions in limine. For the reasons set forth below, the Government respectfully requests that the Court permit the lead case agent, Stephen Caivano, to be present during trial. The Government respectfully moves the Court to preclude the defendant's expert witnesses from testifying or in the alternative to order the defendant to produce the expert summaries required by Rule 16(b)(2)(C).

1. **THE GOVERNMENT'S LEAD SPECIAL AGENT SHOULD BE PERMITTED TO STAY IN THE COURT ROOM THROUGHOUT THE TRIAL**

On November 16, 2018, just days prior to the pre-trial hearing, the defense filed a motion requesting that the Court not allow the Government's lead case agent, Internal Revenue Service Special Agent Stephen Caivano, to remain in the courtroom during the trial. The defense sought to justify this request by claiming that it "might call him to the stand." R.50, Def. Response to Gov. Mot. in Limine, at 3. The Court should reject the defendant's last-minute attempt to strip the Government of the assistance of its lead case agent during the trial.

Rule 615(c) of the Federal Rule of Criminal Procedure governs sequestration of witnesses, and provides an explicit exception to this requirement.

1

> [T]his rule does not authorize excluding: . . . (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; [or] (c) a person whose presence a party shows to be essential to presenting the party's claim or defense.

Fed. R. Crim. Proc. 615(c). Special Agent Caivano squarely falls into the second and third exemptions.

The Fifth Circuit has previously held, notwithstanding a defense objection, that a lead case agent can by a designated representative, and therefore is not subject to exclusion at trial. In *In re United States*, the Fifth Circuit explained that "although Rule 615 does not expressly provide that a government investigative agent can also be a designated representative for the purpose of exception (2), the legislative history of the Rule indicates that the exception was designed to include agents . . ." 584 F.2d 666, 667 (5th Cir. 1978) (emphasis added). After discussing the applicable legislative history, the Fifth Circuit concluded, "it is clear that investigative agents are within the group specified under the second exception made in the rule, for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney.'" *Id. See also United States v. Robles-Pantoja*, 887 F.2d 1250, 1256-1257 (5th Cir. 1989) ("In any case, we have already decided in this Circuit that Rule 615 of the Federal Rules of Evidence allows the investigative officer in a case to be the government's designated representative to assist the prosecutor at trial, notwithstanding that this officer will also testify at trial as a government witness."). Thus, under clear Fifth Circuit precedent, Special Agent Caivano should be permitted to remain in the Courtroom.

Even if Special Agent Caivano was not treated as a designated representative for the Government, he should still be permitted to stay as he is essential to the presentation of the Government's case. This case involves voluminous records and is the culmination of a multi-year investigation. Special Agent Caivano was the lead case agent during the investigation, and as such,

has close familiarity with the records and anticipated testimony that will be critical for the Government's ability to present its case-in-chief. Put simply, excluding Special Agent Caivano would remove a critical member of the Government's trial team.

Accordingly, as Special Agent Caivano falls under the second and third exemptions to Rule 615, he should be permitted to stay throughout the trial.

## 2. DEFENSE EXPERTS SHOULD BE PRECLUDED FROM TESTIFYING BECAUSE OF LATE AND INADEQUATE NOTICE

The federal rules of evidence require that the defendant make certain limited disclosures. Chief among these is of the defendant's intent to call an expert witness. Specifically Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure provides:

> (C) Expert Witnesses. The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if— (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies . . .
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications [.]

All of the requirements for disclosure have been met in the present case. Defense counsel made an oral request for discovery in October 2018. The Government subsequently requested reciprocal discovery in an October 2, 2018 letter to defense counsel that specifically referenced Rule 16(b). Approximately one week later, on October 11, 2018, the Government gave the defendant notice of its intent to use expert witness testimony, and the Government turned over a summary of its expert's testimony on November 6, 2018, and made subsequent production of additional related materials.

Notwithstanding this early notice by the Government, the defendant only notified the Government of its intent to call its experts this past Friday, November 16, 2018. In that notice, the defendant stated that its intent to call not one but three experts. The notice attached summaries of

the proposed witnesses' resumes, but provided only a cursory explanation as to their intended testimony, specifically "CPA ethics and computations" "summary witness and about tax procedures," and "business practices, real estate transactions, and stock transactions related to this case." On November 17, 2018, the Government emailed defense counsel about the insufficiency of their notice and requested that they provide "the witness's opinions or the bases and reasons for those opinions." To date, the Government has not received any reply to that email.

The defendant's notice fails to comply with the clear requirements of Rule 16. Rule 16 specifically states that the expert's summary must "describe the witness's opinions, the bases and reasons for these opinions, and the witness's qualifications." At present the Government is completely in the dark as to the actual opinions that the witnesses will be offering or the bases for these opinions. Without such information the Government cannot adequately prepare for the experts' testimony, let alone be ready to refute possible inaccuracies. The inadequate notice is compounded further by the defendant's apparent intent to call, not one, but three experts and by the fact that this trial is taking place just after Thanksgiving. All of these factors substantially prejudice the Government ability to prepare for and cross-examine the witnesses. They will also inhibit the Government's ability to find and prepare a rebuttal witness in time for trial.

The Court may preclude such testimony under Rule 16(d)(2)(C), which provides that "[i]f a party fails to comply with this rule, the court may prohibit the party from introducing the undisclosed evidence." Exclusion would also be consistent with established case law. *See United States v. Holmes*, 670 F.3d 586 (4th Cir. 2012) (excluding expert testimony where disclosure was made three days prior to trial and disclosure failed to satisfy requirements of Rule 16(b)(1)(C)); *United States v. Dowling*, 855 F.2d 114, 118 (3d Cir.1988) (finding that there was no abuse of discretion in excluding expert testimony where the defendant gave the government only five days

notice of the proposed testimony because the government "could not reasonably be expected to search for its own expert and find one available to come to the Virgin Islands in time to be given the available facts and the opportunity to assimilate them."); *United States v. Crook*, 479 F. App'x. 568, 575–76 (5th Cir. 2012) (finding no abuse of discretion when district court determined email sent to Government with expert's résumé was insufficient notice).

Because the defense's expert-witness disclosure is late and insufficient, the Government respectfully requests that the defense's experts be precluded from testifying or in the alternative that the Court order immediate disclosure of adequate expert witness summaries.

DATED:          November 19, 2018

Respectfully Submitted,

RYAN K. PATRICK
United States Attorney
Southern District of Texas

By:      /s/ Nanette L. Davis
         Nanette L. Davis, Senior Litigation Counsel
         Nanette.L.Davis@usdoj.gov
         Grace E. Albinson, Trial Attorney
         Grace.E.Albinson@usdoj.gov
         Jack A. Morgan, Trial Attorney
         Jack.A.Morgan@usdoj.gov
         U.S. Department of Justice, Tax Division
         601 D Street, N.W., Room 7634
         Washington, DC 20004
         (202) 514-8030/616-3311/616-2717

5

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:18-CR-575** |
| | § | **(HUGHES)** |
| **JACK STEPHEN PURSLEY,** | § | |
| **AKA STEVE PURSLEY** | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 19, 2018, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to all counsel of record.

By:     /s/ Nanette L. Davis
          Nanette L. Davis, Senior Litigation Counsel
          Nanette.L.Davis@usdoj.gov
          Grace E. Albinson, Trial Attorney
          Grace.E.Albinson@usdoj.gov
          Jack A. Morgan, Trial Attorney
          Jack.A.Morgan@usdoj.gov
          U.S. Department of Justice, Tax Division
          601 D Street, N.W., Room 7634
          Washington, DC 20004
          (202) 514-8030/616-3311/616-2717