UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:18-CR-575 (HUGHES) |
| JACK STEPHEN PURSLEY, AKA STEVE PURSLEY | § § § | |

## GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENSE TECHNICIANS & MOTION FOR RECONSIDERATION OF RULING SEQUESTERING WITNESS

Notwithstanding the passage of over five months since the last pre-trial conference, defense counsel still has not produced reports for the three proposed defense technicians. The United States of America hereby moves the Court to preclude the defendant's technician witnesses from testifying or in the alternative to order the defendant to produce the technician summaries required by Rule 16(b)(2)(C). The government further respectfully requests that the Court permit Revenue Agent Frazier stay in the courtroom throughout the trial. The testimony of other witnesses could impact Revenue Agent Frazier's tax computations, which are essential to the Government's case-in-chief.

1. **DEFENSE TECHNICIANS SHOULD BE PRECLUDED FROM TESTIFYING BECAUSE OF LATE AND INADEQUATE NOTICE**

The federal rules of evidence require that the defendant make certain limited disclosures. Chief among these is of the defendant's intent to call a technician witness. Specifically Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure provides:

> (C) Expert Witnesses. The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if— (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies . . .

1

> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications [.]

All of the requirements for disclosure have been met in the present case. Defense counsel made an oral request for discovery in October 2018. The government subsequently requested reciprocal discovery in an October 2, 2018 letter to defense counsel that specifically referenced Rule 16(b). Approximately one week later, on October 11, 2018, the government gave the defendant notice of its intent to use technician witness testimony, and the government turned over a summary of its technician's testimony on November 6, 2018, and made subsequent production of additional related materials. On April 30, 2019, the government provided defense counsel and the Court with a supplemental technician's report, which included the government's revised draft summary exhibits. An earlier version of this technician report had been provided to the Court and the defendant in October 2018, and earlier draft of the summary exhibits had been provided to the defendant in November 2018.

Notwithstanding this early and continual notice by the government, the defendant has yet to provide the government with even the most basic summary as to substance of their technician's proposed testimony. On November 16, 2018, defense counsel provided notice of its intent to call, not one, but three technicians. The notice includes summaries of the proposed witnesses' resumes, but provided only a cursory explanation as to their intended testimony, specifically "CPA ethics and computations," "summary witness and about tax procedures," and "business practices, real estate transactions, and stock transactions related to this case." On November 17, 2018, the government emailed defense counsel about the insufficiency of their notice and requested that they provide "the witness's opinions or the bases and reasons for those opinions." On November 19, 2018 at the pre-trial hearing, the Court likewise requested copies of all technician reports. The Government has since reiterated its request for the technicians' report. Despite the passage of six

months and requests from the government and the Court, the defendant has still not distributed any additional information about the proposed technicians' testimony.

The defendant's notice with respect to its three proposed technicians fails to comply with the clear requirements of Rule 16. Rule 16 specifically states that a technician's summary must "describe the witness's opinions, the bases and reasons for these opinions, and the witness's qualifications." At present the government is completely in the dark as to the actual opinions that the witnesses will be offering or the bases for these opinions. Without such information, the government cannot adequately prepare for the technicians' testimony, let alone be ready to refute possible inaccuracies. The inadequate notice is compounded further by the defendant's apparent intent to call, not one, but three technicians. All of these factors substantially prejudice the government ability to prepare for and cross-examine the witnesses. They will also inhibit the government's ability to find and prepare a rebuttal witness.

The Court is granted authority to preclude such testimony under Rule 16(d)(2)(C), which provides that "[i]f a party fails to comply with this rule, the court may prohibit the party from introducing the undisclosed evidence." Exclusion would also be consistent with established case law. *See United States v. Holmes*, 670 F.3d 586 (4th Cir. 2012) (excluding technician testimony where disclosure was made three days prior to trial and disclosure failed to satisfy requirements of Rule 16(b)(1)(C)); *United States v. Dowling*, 855 F.2d 114, 118 (3d Cir. 1988) (finding that there was no abuse of discretion in excluding technician testimony where the defendant gave the government limited notice of the proposed testimony because the government "could not reasonably be expected to search for its own expert and find one available to come to the Virgin Islands in time to be given the available facts and the opportunity to assimilate them."); *United States v. Crook*, 479 F. App'x. 568, 575–76 (5th Cir. 2012) (finding no abuse of discretion when

district court determined email sent to government with technician's résumé was insufficient notice).

Even if the defendant had provided additional information on the technicians' additional testimony and the basis for their testimony, the government would still have substantial questions as to the relevance of the testimony and whether it satisfied the requirements of Federal Rule of Evidence 702. As the Supreme Court explained in *Daubert*, the District Court must serve as a "gatekeeper" for proposed technician testimony, as it has the potential to confuse and mislead the jury. *Daubert v. Merrell Down Pharmaceuticals*, 509 U.S. 579, 597 (1993). Defense counsel is well aware of this fact as the Court expressly ordered at the November pre-trial conference disclosure of the reports precisely so that the Court could "decide whether they can be experts." Tr. Nov. 19, 2018 Hearing, pg 86. The Court's direction could not have been clearer.

Because the defense's technician-witness disclosure is late and grossly insufficient, the government respectfully requests that the defense's technicians be precluded from testifying or in the alternative that the Court order immediate disclosure of adequate technician summaries.

2. **BOTH THE CASE AGENT AND THE GOVERNMENT'S SUMMARY WITNESS SHOULD BE PERMITTED TO STAY IN THE COURT ROOM THROUGHOUT THE TRIAL**

On November 19, 2018, at the pre-trial hearing, the government requested that the Court permit its summary witness, Revenue Agent Frazier, to remain in the courtroom for the duration of the trial to facilitate his testimony. The Court informed the government that His Honor ordinarily permits the government to have only one "party representative" present for the trial, and indicated that the government would need to choose between the lead case agent, Special Agent Caivano, and Revenue Agent Frazier.

Having had time to reflect on the matter, and having reviewed the transcript of the hearing, it appears that the government failed to articulate its request to the Court. The government is not

4

requesting that the Court permit two party representatives, but rather that the Court permit Revenue Agent Frazier to remain in the gallery of the courtroom as an "essential party." As explained in greater detail below, there is well–established precedence permitting both a lead case agent, serving as a party representative, and another agent, testifying as an "essential" summary witness, to remain in the courtroom for the entirety of a trial

Rule 615 of the Federal Rule of Criminal Procedure governs sequestration of witnesses, and provides an explicit exception to the sequestration requirement.

> [T]his rule does not authorize excluding: . . . (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; [or] (c) a person whose presence a party shows to be essential to presenting the party's claim or defense.

Fed. R. Crim. Proc. 615. Subpart b permits an individual to be excluded from sequester if they are designated as a "party representative." Subpart c in turn provides an alternative basis for excluding an individual if they are "essential" to "presenting the party's claim or defense."

The Fifth Circuit has previously held that that the Government can have two agents in the courtroom throughout a trial. In *United States v. Alvarado*, the defendant claimed that Rule 615 permitted the excusal of only one Government investigative agent from the sequestration requirements. 647 F.2d 537, 540 (5th Cir. 1981). The Fifth Circuit rejected this argument, holding that the district court had discretion as to "how many [witnesses] will be excused from sequestration . . . [and] who will be excused." *Id. see also United States v. Payan*, 992 F.2d 1387, 1393-1394 (5th Cir. 1993) (same) Because the district court had offered adequate grounds, under *both* the second and third exemptions to Rule 615, the Fifth Circuit found that it was not abuse of discretion for the Court to permit both agents to remain at counsel table through the trial and for one of the witnesses to testify at the end of the trial. *Id.*

5

A special agent may be offered as a "party representative" and therefore not subject to sequester. As the Fifth Circuit in *In re United States* explained, "it is clear that investigative agents are within the group specified under the second exception made in the rule, for an officer or employee of a party which is not a natural person designated as its representative by its attorney." 584 F.2d 666, 667 (5th Cir. 1978) (internal quotations omitted); *United States v. Robles-Pantoja*, 887 F.2d 1250, 1256-1257 (5th Cir. 1989) (same). Under this direct precedent, Special Agent Caivano should be permitted to sit at counsel table as a "party representative."

Revenue Agent Frazier, by contrast, should be permitted to remain in the courtroom, not as a party representative, but because he is essential to the Government's case. This trial is the culmination of a multi-year investigation into a complex offshore tax fraud scheme. The case involves voluminous corporate records, as well as extensive records from dozens of bank accounts, including offshore accounts, an attorney's IOLTA account, accounts in the names of third party corporations, and hundreds, if not, thousands of transfers. The Government's theory of the case is that the defendant used a complex stock buy-back scheme to repatriate offshore money to the United States, and to hide the defendant's and Shawn Mooney's receipt of income. Revenue Agent Frazier has reviewed the bank records at issue. He is going to testify as to his tracing of the funds from the accounts, and he is further going to testify on tax subjects and tax computations. This testimony is based upon, among other things, application of the Internal Revenue Code to the evidence presented during trial, including witness testimony, bank records, and other documents.

For example, the Government anticipates that Shawn Mooney will testify that certain corporations were used as nominee entities by himself and the defendant to hide their receipt of income. This testimony has direct bearing on Revenue Agent Frazier's tax analysis. Similarly, the Government intends to ask witnesses about bank transfers and/or purchases made by the defendant.

If questions arise in the midst of trial related to these transfers, this again could affect Revenue Agent Frazier's ultimate tax analysis. Because of the centrality of Revenue Agent Frazier's testimony and because of the possible impact that third-party testimony could have on his testimony, particularly his tax analysis, the Government respectfully submits that Revenue Agent Frazier's presence is "essential" to the Government's case.

Courts commonly permit summary technicians to listen to testimony and to explain the impact, if any, of the testimony with respect to their tax calculations. "As a summary witness, an IRS agent may testify as to the agent's analysis of the transaction which may necessarily stem from the testimony of other witnesses." *United States v. Moore*, 997 F.2d 55, 58 (5th Cir. 1993)); *see also United States v. Stierhoff*, 549 F.3d 19, 27-28 (1st Cir. 2008) ("Testimony by an IRS agent that allows the witness to apply the basic assumptions and principles of tax accounting to particular facts is appropriate in a tax evasion case."). "The key to admissibility is that the summary witness's testimony does no more than analyze facts already introduced into evidence and spell out the tax consequences that necessarily flow from those facts." *Stierhoff*, 549 F.3d at 27-28.

To be clear, if the Court permits him to stay in the courtroom, Revenue Agent Frazier would not be sitting at counsel table but rather sitting in the gallery listening to the testimony in the event that it impacted his calculations or assessments. This process necessarily requires that Revenue Agent Frazier be advised of the content of the testimony. During the November 19, 2019 pretrial hearing, the Court noted that the Government could advise Revenue Agent Frazier of what was going to be or had been admitted. While this suggestion would work for admitted exhibits, it would likely prove impractical for oral testimony. This is for two primary reasons: (1) there can be a delay in the availability of transcripts, which would necessarily affect Revenue Agent Frazier's ability to consider the testimony; and (2) if the Court intended for the Government to

provide the witness with the testimony of the other witnesses, this would effectively eliminate the need for sequestration of the witness under Rule 615.

At its most basic, the purpose for sequestering a witness is "to discourage and expose fabrication, inaccuracy, and collusion." *United States v. Charles*, 456 F.3d 249, 258 (1st Cir. 2006) (quotation omitted); *see also United States v. Strauss*, 473 F.2d 1262, 1263 (3d Cir. 1973) (purpose of excluding witnesses is to "to prevent the shaping of testimony by witnesses to match that given by other witnesses."). When a technician's testimony relates only to a summary calculation, which may be impacted by the testimony of other witnesses, the rationale for sequestration is absent. Accordingly, Revenue Agent Frazier should be excluded from the Court's sequestration order and be permitted to remain in the courtroom throughout the trial. *See, e.g.*, *United States v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1991) (affirming the district's decision to allow an IRS agent who would summarize evidence at the end of the government's case to remain in the courtroom because "there would have been 'little, if any reason' to sequester him.")

DATED: May 6, 2019

                                        Respectfully Submitted,

                                        RYAN K. PATRICK
                                        United States Attorney
                                        Southern District of Texas

                          By:   /s/   Jack Morgan
                                        Sean Beaty, Trial Attorney
                                        Sean.P.Beaty@usdoj.gov
                                        Grace E. Albinson, Trial Attorney
                                        Grace.E.Albinson@usdoj.gov
                                        Jack A. Morgan, Trial Attorney
                                        Jack.A.Morgan@usdoj.gov
                                        U.S. Department of Justice, Tax Division
                                        601 D Street, N.W., Room 7634
                                        Washington, DC 20004
                                        (202) 616-2717/616-3311/616-2717

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL NO. 4:18-CR-575 |
| | § | (HUGHES) |
| JACK STEPHEN PURSLEY, | § | |
| AKA STEVE PURSLEY | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    By:   /s/   Jack Morgan
           Sean Beaty, Trial Attorney
           Sean.P.Beaty@usdoj.gov
           Grace E. Albinson, Trial Attorney
           Grace.E.Albinson@usdoj.gov
           Jack A. Morgan, Trial Attorney
           Jack.A.Morgan@usdoj.gov
           U.S. Department of Justice, Tax Division
           601 D Street, N.W., Room 7634
           Washington, DC 20004
           (202) 616-2717/616-3311/616-2717