UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 4:18-CR-575 (HUGHES) |
| JACK STEPHEN PURSLEY, AKA STEVE PURSLEY | § § § | |

### United States' Motion to Play Portions of Pursley's Videotaped Deposition

On March 30, 2018, Pursley sat for a videotaped deposition in the lawsuit he filed against Shaun Mooney. *Pursley v. Mooney*, Cause No. 2017-28294 (281st Judicial District, Court of Harris County, Texas). In that deposition, Pursley made admissions that are directly relevant to the allegations in the Indictment against him in this case. The United States moves the Court for permission to play a total of fifteen minutes of excerpts from Pursley's videotaped deposition at trial in this case.

### Facts

As alleged in the indictment, Mooney solicited Pursley's assistance to repatriate more than $18 million to the United States without paying any taxes on that money. Dkt. 1 (Indictment), ¶ 19. In conjunction with their criminal conspiracy, Pursley also received a portion of Mooney's oil rig employee staffing business after it had been moved to the United States. Dkt. 1, ¶¶ 19, 49aa. Pursley was the sole owner of International Recruitment GP, LLC ("IRGP"), which was the general partner of the reconstituted oil rig staffing business, Recruitment Partners L.P.

Pursley and Mooney's business relationship eventually soured, and, on January 4, 2013, Pursley's company, IRGP, filed suit against Mooney alleging breach of contract.[1] The parties underwent mediation in April 2013, and, on May 3, 2013, Pursley and Mooney executed a settlement agreement.

Pursley filed a new lawsuit against Mooney on April 27, 2017 (the "Pursley suit"), alleging that Mooney breached the terms of the May 2013 settlement agreement. Many of Pursley's claims in this civil contract dispute mirror the defense that Pursley intends to present in his criminal case. On March 30, 2018, Pursley sat for a videotaped deposition.

**Argument**

1. <u>Pursley's prior testimony is not hearsay, and the excerpts offered are relevant.</u>

Under Fed. R. Evid. 801(d)(2)(A), Pursley's deposition testimony is not hearsay when it is offered into evidence by the government.

The United States has whittled Pursley's eight hour, 326-page deposition, down to a set of nineteen excerpts. *See* Exhibit A to this motion. The video clips of these nineteen excerpts, played together, will only take up fifteen minutes of the Court's time.

These limited selections of Pursley's testimony are nonetheless relevant admissions and statements that the jury should be allowed to see and hear. The chart below summarizes the portions of Pursley's testimony that the United States seeks to introduce, and its relevance to the charges in the Indictment:

| **Transcript** | **Summary** | **Relevance** |
|---|---|---|
| Clip 1 – Tr. 7:3 – 20 | Pursley is sworn, introduces himself, and confirms that he is a lawyer. | Dkt. 1, ¶¶ 1, 4 (Pursley is an attorney and represented Mooney). |

---

[1] *International Recruitment GP, LLC v. Mooney,* Cause No. 2013-00463 (281st Judicial District, Court of Harris County, Texas).

| **Transcript** | **Summary** | **Relevance** |
|---|---|---|
| Clip 2 – Tr. 8:2 – 8 | Pursley confirms that he understands that he is under oath and promises to tell the truth. | Same oath and promise made by all witnesses. |
| Clip 3 – Tr. 69:2 – 6<br>Clip 4 – Tr. 69:20 – 25 | Pursley confirms that he was involved in Recruitment Partners, and that his company, IRGP, was the general partner of Recruitment Partners. | Dkt. 1, ¶¶ 5, 49aa, 49yy (Pursley obtained a 25% ownership interest in Mooney's ongoing business (Recruitment Partners) in exchange with helping Mooney repatriate untaxed, offshore funds). |
| Clip 5 – Tr. 127:24 – 128:1<br>Clip 6 – Tr. 128:17 – 23<br>Clip 7 – Tr. 130:13 – 16<br>Clip 8 – Tr. 133:19 – 134:16<br>Clip 9 – Tr. 135:14 – 21 | Pursley confirms that he produced a copy of his client file for Mooney in discovery with the prefix "IRGP" and that those documents are authentic. | Pursley now challenges the authenticity of some of the very documents he produced to Mooney in the civil litigation. |
| Clip 10 – Tr. 137:8 – 14 | Pursley confirms that he knows who Kerry Smith is and how she was employed. | Dkt. 1, ¶¶ 8-9, 31, 49y, 49jj (Pursley met with employees of Isle of Man Financial Trust Limited and lied to them about the ownership of Southeast Shipping ("SES") in furtherance of the repatriation scheme). |
| Clip 11 – Tr. 138:6 – 139:3<br>Clip 12 – Tr. 142:18 – 143:13 | Pursley reviews an email sent to him from Kerry Smith (Gov't Ex. 1-162) regarding Mooney's ownership of Pelhambridge.<br><br>Pursley then claims that he did not form Pelhambridge and therefore cannot provide a history of the company. Pursley admits, however, that he knew that Pelhambridge was a company set up by Smith and Andrew Thomas (employees of Isle of Man Financial Trust Limited). | Dkt. 1, ¶¶ 9, 24-27, 49d-49f, 49j-49k, 49o-49s (Pursley and Mooney used Pelhambridge as a vehicle to disguise the repatriation of funds as purported investments). |

3

| Transcript | Summary | Relevance |
|---|---|---|
| Clip 13 – Tr. 144:24 – 145:17 | Pursley says he does not know who owns Pelhambridge despite holding a document (Gov't Ex. 1-162) that says it is owned by Shaun Mooney. Pursley also denies having a relationship with Andrew Thomas "such that [he] would know" about Pellambridge's ownership. | Dkt. 1, ¶¶ 9, 24-27, 49d-49f, 49j-49k, 49o-49s (Pursley and Mooney used Pelhambridge as a vehicle to disguise the repatriation of funds as purported investments). |
| Clip 14 – Tr. 151:23 –152:15 | Pursley admits that Gulf States Management is his company, and that he formed it in 1999. | Dkt. 1, ¶¶ 21-23, 28-30, 49a-49b, 49i, 50a-50b, 50g, 51a-51b, 51d-51e, 51h (Pursley laundered some of the funds he earned for his role in the repatriation scheme through Gulf States Management, but did not report that money as personal income). |
| Clip 15 – Tr. 183:6 –22<br>Clip 16 – Tr. 184:8 –13 | Pursley testifies about his April 12, 2009 representation agreement with Shaun Mooney (Gov't Ex. 1-31). Pursley acknowledges that among other things, the representation agreement provided Pursley with a contingent fee of 25 percent of the company that purportedly acquired SES's stock and assets. | Dkt. 1, ¶¶ 5, 31, 41, 49aa, 49yy (Pursley served as Mooney's attorney, and, in exchange for his role the repatriation scheme, Pursley received 25% of the money brought to the United States). |
| Clip 17 – Tr. 204:16 – 205:22 | Pursley confirms that his client file related to his representation of Shaun Mooney included a July 25, 2005 memorandum from KPMG (Gov't Ex. 1-169) that acknowledged that Mooney was the true beneficial owner of SES. | Dkt. 1, ¶¶ 5, 18-19, 32-33, 49u, 49w-49y, 49dd-49ee, 49jj (Pursley knew that SES was Mooney's company despite Pursley's claim that Mooney 'duped' him). |
| Clip 18 – Tr. 305:10 – 17<br>Clip 19 – Tr. 306:14 – 24 | Pursley confirms that his client file related to his representation of Shaun Mooney also included his own handwritten to-do list (Gov't Ex. 4-54) that includes having SES's nominee (Eduardo Venerabile) back-date SES's purported consultancy agreement with Mooney. | Dkt. 1, ¶¶ 7, 9, 24, 32-34, 49d, 49t-49u, 49w-49z, 49dd-49ee (Pursley knew that SES was Mooney's company, and that was immediately apparent from Pursley's interactions with Venerabile). |

2. <u>The use of this testimony is consistent with the Court's November 19th ruling.</u>

As noted in its November 2, 2018 motion *in limine* (Dkt. 41), the government concedes that the *existence* of the civil suit is a proper subject of cross-examination for Mooney, whom the United States intends to call to testify in its case-in-chief. Pursley's exhibit list includes Mooney's deposition transcripts, which suggests that Pursley intends to use Mooney's testimony from the civil cases to impeach Mooney if his testimony is inconsistent with earlier statements.

At the November 19, 2019 pretrial conference, the Court agreed that the defense could use Mooney's testimony from the civil case for the purposes of impeachment, but specifically ruled that the parties would not "try the contract case" during Pursley's criminal trial. Dkt. 53, Tr. 65:21 – 66:9. The excerpts the United States would like to play at trial are consistent with the spirit of the Court's ruling. As summarized in the chart above, each of Pursley's admissions or statements that the government intends to use relates to the charges in the Indictment or the evidence supporting the charges, and none of them speak directly to the contract issues presented in the Pursley suit.

3. <u>Pursley is not entitled to play additional excerpts from his own deposition.</u>

Finally, permitting the government to play portions of Pursley's videotaped deposition does not 'open the door' to let Pursley offer other portions of his prior testimony into evidence. *See* Fed. R. Evid. 801(d)(2). The Fifth Circuit recently reiterated the governing principle on this issue in *United States v. Sanjar*, 876 F.3d 725, 739 (5th Cir. 2017): "When offered by the government, a defendant's out-of-court statements are those of a party opponent and thus not hearsay. Fed. R. Evid. 801(d)(2). When offered by the defense, however, such statements are hearsay (the defendant may, of course, reiterate the out-of-court statements on the stand if he

chooses to testify)." Pursley's prior testimony is inadmissible when Pursley offers it. In short, if Pursley wants to tell his story to the jury, he has to take the stand to do it.

### Conclusion

The Court should permit the United States to play excerpts from Pursley's March 30, 2018 videotaped deposition in the government's case-in-chief.

          Respectfully submitted,

          RYAN K. PATRICK
          UNITED STATES ATTORNEY

          */s/ Sean Beaty*
          Sean Beaty
          Grace E. Albinson
          Jack A. Morgan
          Trial Attorneys, Tax Division
          U.S. Department of Justice
          150 M Street, NE
          Washington D.C. 20002
          (202) 616-2717
          Sean.P.Beaty@usdoj.gov

### CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that I conferred with counsel for Pursley about the use of Pursley's deposition at trial, and based on those discussions, I believe that Pursley will oppose this motion.

          */s/ Sean Beaty*
          Sean Beaty
          Trial Attorney, Tax Division

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on May 24, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a copy of this document on all counsel of record.

                       Sean Beaty
                        Trial Attorney, Tax Division