UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | NO. 4:18-CR-575 (HUGHES) |
| | § | |
| JACK STEPHEN PURSLEY, | § | |
| AKA STEVE PURSLEY | § | |

### United States' Notice of Objections to Pursley's Exhibits

Pursuant to Local Criminal Rule 55.2(B), the United States submits this notice of the government's objections to various exhibits that Pursley intends to offer into evidence at trial. In compliance with the local rule, the United States has appended copies of the disputed exhibits to this notice. The government has also appended a copy of Pursley's exhibit list (as of May 23, 2019), as well as chart of its objections to Pursley's exhibits for the Court's and the parties' convenience.

### Many of Pursley's exhibits are inadmissible hearsay.

Fifty-seven of Pursley's exhibits are drawn from documents that Pursley failed to produce in response to the grand jury subpoena issued to his law firm, or in compliance in with his reciprocal discovery obligations under Fed. R. Crim. P. 16(b)(1)(A).[1] Pursley has not explained where he obtained these documents, and they do not appear to be eligible for certification as records of a regularly conducted activity pursuant to Rule 803(6).

---

[1] These defense exhibits were labeled with Bates numbers that range from MA_00037287 to MA_00038604, and were only produced to the United States on May 17, 2019. The gaps in the Bates numbering between exhibits suggests that Pursley has other documents that he has still failed to turn over to the government.

The United States objects to defense exhibits 8, 51, 80 – 87, 110, 129, 130, 138, 142 – 145, 147, 154, 155, and 158 – 160 on the grounds that they are (or contain) Pursley's own out-of-court statements and that the defendant is offering them to prove the truth of the matters asserted in those statements. These exhibits are (or contain) inadmissible hearsay under Rule 801. The government objects to Pursley's attempt to make assertions of fact to the jury without taking the witness stand and subjecting himself to cross examination.

The government also objects to defense exhibits 7, 9 – 13, 43, 67, 114, 115, 137, 141, 143, 145 – 147, 150, 151, and 154 – 158 on the grounds that they are (or contain) out-of-court statements made by Shaun Mooney that Pursley is offering for the truth of the matters asserted therein. These documents are also under Rule 801. Naturally, after Mooney testifies on direct examination, Pursley can use these exhibits to impeach Mooney if his testimony is inconsistent with any of his prior out-of-court statements. But even if Mooney is impeached with a prior statement that is truly inconsistent with his testimony, that does not permit the defendant to admit the impeaching document into evidence.

Finally, the United States objects to defense exhibits 36, 125 – 128, 135, 139, 140, 148 – 150, 154, 155, 157, and 162 on the grounds that these too are or contain hearsay statements offered for the truth. Most of these documents are emails from third parties that neither the United States nor Pursley will call to testify at trial. These exhibits should also be excluded under Rule 801(c).

**Many of Pursley's exhibits are also irrelevant and will sow confusion with the jury.**

The United States objects to defense exhibits 7 – 9, 12, 21 – 27, 43, 49, 51, 53, 67, 68, 75, 77, 80 – 87, 114, 115, 118, 119, 121 – 124, 126 – 130, 135, 137 – 140, 142 – 151, 154 – 160, and 162 on the grounds that they are irrelevant to the charges in the Indictment or Pursley's anticipated

defenses. Even if some of these exhibits could pass the relatively low hurdle for relevancy under Rule 401, as explained below, the Court should still exclude many of them as their probative value is substantially outweighed by a danger confusing the issues and misleading the jury.

For example, Pursley seeks to admit copies of four tax refund checks he received – one of them for more than $200,000 – for tax years 2014 through 2017. *See* Def. Exs. 21 – 23, 68. Pursley is charged with evading the assessment of taxes for 2009 and 2010, and though he continued to use various structures to hide his tax evasion in later years, the fact that Pursley received more than $480,000 from the U.S. Treasury between 2014 and 2017 is only likely to confuse the jury and result in a mini-trial regarding whether and why Pursley was entitled to those tax refunds.

Pursley has also marked a series of exhibits (Def. Exs. 7 – 9, 114 – 115, 118 – 119, and 121 – 124) that relate to the ongoing litigation between Pursley and Mooney[2] even though the Court expressly ruled at the November 19, 2019 pretrial conference that the parties would not "try the contract case" during Pursley's criminal trial. Dkt. 53, Tr. 65:21 – 66:9.

Pursley also seeks to admit a series of emails relating to what appear to be unrelated land development projects, none of which, to the government's knowledge, were ever completed. *See* Def. Exs. 80 – 87, 130, 137, 138, 140, 142 – 151, 154, 155 – 160, and 162. Even if Mooney was involved in some of these development projects, evidence regarding them is not probative of Pursley's scheme to repatriate millions of dollars, and it is likely to devolve into a sideshow.

Pursley's Def. Ex. 135 is a blog post by an attorney who wrote about this case. Even if the defense could overcome the government's hearsay objection getting the attorney on the stand, it is not at all clear why this exhibit is relevant. Similarly, Pursley intends to offer a picture of himself

---

[2] *Pursley v. Mooney*, Cause No. 2017-28294 (281st Judicial District, Court of Harris County, Texas).

with his family (Def. Ex. 24), which is both irrelevant and an improper attempt to evoke an emotional response (*i.e.*, sympathy) from the jury.

Respectfully submitted,

RYAN K. PATRICK
UNITED STATES ATTORNEY

_____
Sean Beaty
Grace E. Albinson
Jack A. Morgan
Trial Attorneys, Tax Division
U.S. Department of Justice
150 M Street, NE
Washington D.C. 20002
(202) 616-2717
Sean.P.Beaty@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a copy of this document on all counsel of record.

_____
Sean Beaty
Trial Attorney, Tax Division

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 7 | Shaun Mooney v. Charles Gillis and Gillis, Paris, Henrich, PLLC | No Objection | 401, 403 (subject of prior ruling), 801(d)(1)(A) (statement must be inconsistent) |
| 8 | IRGP v. Mooney, Original Petition | No Objection | 401, 403 (subject of prior ruling), 801(d)(2)(A) (Pursley's own statement) |
| 9 | IRGP Settlement Agreement and Mutual Release | No Objection | 401, 403 (subject of prior ruling), 801(d)(1)(A) (statement must be inconsistent) |
| 10 | Mooney Depo 2018 | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 11 | Mooney Depo 2015 | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 12 | Shaun Mooney business card | No Objection | 401, 801(d)(1)(A) (statement must be inconsistent) |
| 13 | Mooney Affidavit | No Objection | 801(d)(1)(A) (statement must be inconsistent), Unsigned |
| 21 | 2014 IRS refund check | No Objection | 401 (tax years not at issue), 403 |
| 22 | 2015 IRS refund check | No Objection | 401 (tax years not at issue), 403 |
| 23 | 2016 IRS refund check | No Objection | 401 (tax years not at issue), 403 |
| 24 | Picture of Pursley Family | No Objection | 401, 403 |
| 25 | Ron Braver, CV | No Objection | 401, 403, 702 |
| 26 | Stephen Grace, CV | No Objection | 401, 403, 702 |
| 27 | Fred Gavin CV | No Objection | 401, 403, 702 |
| 36 | Lisa Jude Ltr | Custodian Required | 801(c) |
| 43 | Mooney Resume | No Objection | 401, 801(d)(1)(A) (statement must be inconsistent) |
| 49 | Email from Mellor to rrcsalazar@fnslaw.com.oh June 27, 2007 | No Objection | 401, 403 (Philippines litigation) |
| 51 | Email from Mooney to Nigel Tebay June 25, 2007 | No Objection | 401, 403 (Philippines litigation), 801(d)(2)(A) (Pursley's own statement) |
| 53 | Email from Mooney to Pursley | No Objection | 401, 403 (Philippines litigation) |
| 67 | Declaration of Susan English ECF 61 | No Objection | 401, 403, 801(d)(1)(A) (statement must be inconsistent) |
| 68 | IRS Refund Check (2017) | No Objection | 401 (tax years not at issue), 403 |
| 75 | SA Caivano handwritten notes | No Objection | 401, 608(b) |
| 77 | Email from Mooney to Salazar | No Objection | 401, 403 (Philippines litigation) |
| 80 | Business Development Agreement | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 81 | Email from Sholem to Pursley | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |
| 82 | Email from Schuman to Pursley | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |
| 83 | Email from Schuman to Pursley | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |
| 84 | Email from Schuman to Pursley | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |
| 85 | Email from Pursley to Shuman | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |
| 86 | Email from Pursley to Shuman | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |
| 87 | Email from Pursley to Shuman | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |
| 110 | Email Pursley to Salinas | Custodian Required | 801(d)(2) |
| 114 | Plaintiff's Notice of Non-Suit | No Objection | 401, 403 (subject of prior ruling), 801(d)(1)(A) (statement must be inconsistent) |
| 115 | Mooney's Response to Defendant's Request for Disclosure | No Objection | 401, 403 (subject of prior ruling), 801(d)(1)(A) (statement must be inconsistent) |
| 118 | Promissory Note between Arosa & IRGP | No Objection | 401, 403 (subject of prior ruling) |
| 119 | Promissory Note between Recruitment Partners & Four Sevens Investment Corp | No Objection | 401, 403 (subject of prior ruling) |
| 121 | Promissory Note between Recruitment Partners LP and Four Sevens Investment Corp | Custodian Required | 401, 403 (subject of prior ruling) |
| 122 | Promissory Note between Recruitment Partners, LP and Four Sevens Investment Corp | Custodian Required | 401, 403 (subject of prior ruling) |
| 123 | Promissory Note Recruitment Partners & Four Sevens | No Objection | 401, 403 (subject of prior ruling) |
| 124 | Promissory Note Recruitment Partners & Four Sevens Investment | No Objection | 401, 403 (subject of prior ruling) |
| 125 | Email from Colleen Prince Steve Pursley | Custodian Required | 801(c) |
| 126 | Rental Property Dashboard | Custodian Required | 401, 403, 801(c) |
| 127 | 2014 Vacasa Tax Docs Attached | Custodian Required | 401, 403, 801(c) |

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 128 | Email from Dana Macik to Pursley | Custodian Required | 401, 403, 801(c) |
| 129 | Welcome Package | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |
| 130 | Four Sevens Profit Scenario | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |
| 135 | Jack Townsend Blog | No Objection | 401, 403, 801(c) |
| 137 | Email from Mooney to Pursley | Custodian Required | 401, 403, 801(d)(1)(A) (statement must be inconsistent) |
| 138 | Email from Mooney to Pursley | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |
| 139 | Email from Clint Brown to Pursley | Custodian Required | 401, 403, 801(c) |
| 140 | Email from David Johnson to Pursley | Custodian Required | 401, 403, 801(c) |
| 141 | Email from Mooney to Pursley | Custodian Required | 801(d)(1)(A) (statement must be inconsistent) |
| 142 | Email from Pursley to Mooney | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |
| 143 | Email from Mooney to Pursley | Custodian Required | 401, 403, 801(d)(1)(A) (must be inconsistent) and (2)(A) (Pursley's own statement) |
| 144 | Email from Pursley to Mooney | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |
| 145 | Email from Mooney to Pursley | Custodian Required | 401, 403, 801(d)(1)(A) (must be inconsistent) and (2)(A) (Pursley's own statement) |
| 146 | Email from Mooney to Pursley | Custodian Required | 401, 403, 801(d)(1)(A) (statement must be inconsistent) |
| 147 | Email from Pursley to Mooney | Custodian Required | 401, 403, 801(d)(1)(A) (must be inconsistent) and (2)(A) (Pursley's own statement) |
| 148 | Email from Mooney to Pursley | Custodian Required | 401, 403, 801(c), 805, |
| 149 | Email from Boone to Mooney | Custodian Required | 401, 403, 801(c) |
| 150 | Email from Mooney to Boone | Custodian Required | 401, 403, 801(c) and (d)(1)(A) (statement must be inconsistent) |
| 151 | Email from Mooney to Pursley | Custodian Required | 401, 403, 801(d)(1)(A) (statement must be inconsistent) |
| 154 | Email from Mooney to Boone and Pursley | Custodian Required | 401, 403, 801(c), (d)(1)(A) (must be inconsistent), and (2)(A) (Pursley's own statement) |

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 155 | Email from Mooney to Boone and Pursley | Custodian Required | 401, 403, 801(c), (d)(1)(A) (must be inconsistent), and (2)(A) (Pursley's own statement) |
| 156 | Email from Mooney to Pursley | Custodian Required | 401, 403, 801(d)(1)(A) (statement must be inconsistent) |
| 157 | Email from Mooney to Boone and Pursley | Custodian Required | 401, 403, 801(c) and (d)(1)(A) (statement must be inconsistent) |
| 158 | Email from Mooney to Pursley | Custodian Required | 401, 403, 801(d)(1)(A) (must be inconsistent) and (2)(A) (Pursley's own statement) |
| 159 | Strategic Negotiation Planning for Acquisition | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |
| 160 | Agreement Gulf States and The Westchester Group Inc | Custodian Required | 401, 403, 801(d)(2)(A) (Pursley's own statement) |
| 162 | Email from Kevin Weldon to Mooney | Custodian Required | 401, 403, 801(c) |