**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 4:18-CR-575 (HUGHES)** |
| | § | |
| **JACK STEPHEN PURSLEY,** | § | |
| **AKA STEVE PURSLEY** | § | |

## United States' Motion to Exclude Testimony and Preclude Improper Argument

Pursley intends to call two attorneys – Jack Townsend and Scott Hooper – to testify as defense witnesses at trial. Both attorneys have represented Shaun Mooney. Townsend assisted Mooney with his application to the IRS's Offshore Voluntary Disclosure Program ("OVDP"), and Hooper currently represents Mooney in his civil suit with Pursley. *See Pursley v. Mooney*, Cause No. 2017-28294 (281st Judicial District, Court of Harris County, Texas). Neither of these attorneys had any involvement in Pursley and Mooney's scheme to repatriate millions of untaxed dollars to the United States, and the government moves to exclude their testimony as irrelevant and inadmissible under the rules of evidence.

The United States also moves the Court to preclude defense counsel from making improper arguments regarding the impetus for the investigation against Pursley, or the manner in which the investigation and subsequent prosecution have proceeded.

### I.    The Court should not let Pursley call Mooney's attorneys to testify.

Pursley has made clear his position regarding Mooney in his prior filings. *See, e.g.*, Doc. 88, p. 1. A witness' credibility is always relevant (*Davis v. Alaska*, 415 U.S. 308, 316 (1974); Fed. R. Evid. 611(b)), which is why the Federal Rules of Evidence permit any party to impeach any witness. Fed. R. Evid. 607. The defense intends to impeach Mooney with prior statements in

the hopes of damaging his credibility. The jury will have a chance to hear Mooney's testimony, observe him under the crucible of cross-examination, and judge his credibility for themselves.

However, testimony by Townsend and Hooper would be irrelevant and based on privileged, inadmissible hearsay under Fed. R. Evid. 401, 501, and 802. One of the central questions for the jury to resolve is whether Pursley was one of the leaders of the tax fraud scheme, but Mooney's attorneys cannot assist the jury in answering that question because they were not involved in the scheme. Without firsthand information about Pursley's crimes, it is not clear what probative value these attorneys' testimony offers.

To the government's knowledge, neither of Mooney's attorneys spoke to Pursley, so much, if not all, of their knowledge about Pursley's role in the repatriation scheme had to come through privileged attorney-client communications. The attorneys' testimony would be based entirely on hearsay, and it would needlessly require the Court to navigate the briar patch of Mooney's attorney-client communication privilege with each attorney.

Finally, although evidence regarding "prior inconsistent statements of a witness may be admitted to impeach that witness." (*see United States v. Sisto*, 534 F.2d 616, 622 (5th Cir. 1976) (quoting McCormick on Evidence § 34 (1972))), Fed. R. Evid. 613(b) significantly limits what Pursley is attempting to do. Before he can offer extrinsic proof of a prior inconsistent statement made by Mooney, Pursley must first ask Mooney about that statement on the witness stand, *and* Mooney must deny having made that prior statement. *Id.*; *see also United States v. St. Junius*, 739 F.3d 193, 202 (5th Cir. 2013) (applying *Sisto*); *Great W. Cas. Co. v. Rodriguez-Salas*, 436 F. App'x 321, 327 (5th Cir. 2011); and *United States v. Devine*, 934 F.2d 1325, 1344 (5th Cir. 1991).

## II.   The Court should preclude improper arguments by Pursley about the origins of the investigation against Pursley, or the course this prosecution.

In addition to excluding the testimony of Mooney's attorneys, the Court should also preclude questions and argument relating to the origins of the investigation. At the parties' November 19, 2018 pretrial conference, defense counsel depicted attorney Townsend as some shadowy figure who orchestrated a plot against Pursley:

> MR. MINNS: It -- it -- I did go to Isle of Man trying to meet with her because we thought that she was going to endorse our position, and she refused to meet with me. Then I found out, when the government sent us some clippings from her, that she was in on the conspiracy against us for the beginning, and part of Mr. Mooney's --
>
> THE COURT: Wait. In on the conspiracy against whom?
>
> MR. MINNS: Against Mr. Pursley, Your Honor. Mr. --
>
> THE COURT: What conspiracy?
>
> MR. MINNS: Well, this -- this case was indicted because a lawyer named Jack Townsend, who worked for the Justice Department in 2014, sent a secret -- which we now have, a secret multipage request that they indict our client and another lawyer named Chuck Gillis. Chuck Gillis and my client were in a joint defense agreement until shortly before the indictment -- or about a year ago, and he's now cooperating with the government . . . .

Doc. 53 (Tr. of Pretrial Conference), pp. 23-24. The Court rightly dismissed Pursley's literal conspiracy theory at the hearing as meritless (*id.* at 25), but the defendant's intent to call Townsend suggests that he still plans to float this spurious distraction as a defense at trial.

Questioning the government's motives for prosecuting Pursley in the presence of the jury is an improper argument. *United States v. Crinel*, No. 15-61, 2016 U.S. Dist. LEXIS 151076, at *44-45 (E.D. La. Nov. 1, 2016). "Courts have consistently excluded evidence and argument by defendants seeking to attack the prosecution's motives in initiating prosecution." *United States v. Cleveland*, No. 96-207, 1997 U.S. Dist. LEXIS 6805, at *6-7 (E.D. La. May 13, 1997). If Pursley

wanted to raise a claim of selective prosecution, rule 12(b)(3)(A) required him to do so by the Court's May 14, 2019 motions deadline. Having failed to do so, Pursley waived this argument. But even were this not the case, the Court should reject the argument for the same reason that it gave at the pretrial conference—it has no factual merit, is not relevant to the charged offenses, and it is therefore not proper for the jury's consideration.

The Court also should not permit Pursley to make any form of nullification argument. Jurors have a "sworn duty to follow all of the rules of law as" the Court explains them (*United States v. Smith*, 296 F.3d 344, 348 n.2 (5th Cir. 2002)), and the jury must base its verdict on the evidence and not prejudice or sympathy. *United States v. Meshack*, 225 F.3d 556, 580-81 (5th Cir. 2000). In recent weeks, Pursley has claimed a Speedy Trial Act violation (Doc. 86), and, in communications with the United States, counsel for Pursley routinely makes remarks about being under-staffed, outmatched, or "beat down" by the government. Gripes about the delay arising from the Kerry Smith deposition, or Pursley or his attorney's views regarding the government are designed to elicit sympathy or anger from the jury and are therefore improper.

### **Conclusion**

The Court should exclude the testimony of Townsend and Hooper, and the Court should preclude improper arguments to the jury as to the origins of the government's investigation or the course of the prosecution.

Respectfully submitted,

RYAN K. PATRICK
UNITED STATES ATTORNEY

Sean Beaty
Grace E. Albinson
Jack A. Morgan
Trial Attorneys, Tax Division
U.S. Department of Justice
150 M Street, NE
Washington D.C. 20002
(202) 616-2717
Sean.P.Beaty@usdoj.gov

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that I conferred with counsel for Pursley about the government's motion, and Pursley will oppose it.

Sean Beaty
Trial Attorney, Tax Division

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a copy of this document on all counsel of record.

Sean Beaty
Trial Attorney, Tax Division