UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:18-CR-575 (HUGHES) |
| | § | |
| JACK STEPHEN PURSLEY, | § | |
| AKA STEVE PURSLEY | § | |

### United States' Motion Admit Portions of Kerry Smith's Deposition

The United States, by and through the undersigned counsel, moves to admit portions of Kerry Smith's deposition at trial because Smith's testimony is relevant to matters at issue.

### Relevant Background

Kerry Smith was employed by Isle of Man Financial Trust Limited ("IOMFTL") and Boston Limited. IOMFTL provided financial services to Southeastern Shipping Company Limited ("SES") from in or around 2001 through in order around the time of its dissolution. IOMFTL provided financial services to Pelhambridge Limited ("Pelhambridge") from the time of its formation until in or around the beginning of 2013. At this time, IOMTFL sold substantially all of its business to Boston Limited. The business of Pelhambridge was transferred from IOMFTL to Boston Limited as a result of the sale. SES was already dissolved by this time. Pelhambridge was dissolved in or around June 2014.

### Facts

On November 29, 2018, the Court granted the United States' motion to depose Kerry Smith in the Isle of Man under Fed. R. Crim. P. 15(a). (Dkt. No. 62) On April 30 and May 1, 2019, Kerry Smith was deposed in the Isle of Man. On May 14, 2019, Pursley filed a motion to strike all exhibits related to Ms. Smith's deposition testimony. (Dkt. No. 87) On May 23, 2019, the

Government responded to this motion, and also moved the Court to admit documents related to Smith's testimony. (Dkt. No. 91) On May 24, 2019, the Government filed a notice alerting the Court that both parties intended to use Kerry Smith's deposition, and stated that the parties would attempt to exchange excerpts by June 3, 2019. (Dkt. No. 92)

The Government provided the Defense with excerpts of the Smith deposition it wishes to use at trial, via email on May 22, 2019. The Defense has not provided the Government with excerpts it wishes to use. In order to provide the Court with sufficient time to consider the Government's request, the Government is filing this motion.

### The Court Should Admit Portions of Ms. Smith's Testimony That Are Relevant to the Government's Case

Rule 15 authorizes a district court to order that a prospective witness be deposed in order to preserve testimony for trial. Fed. R. Crim. P. 15(a)(1). But, depositions taken under Rule 15 are not automatically admissible at a trial. As the rule notes, "[a]n order authorizing a deposition to be taken under this rule does not determine its admissibility." Fed. R. Crim. P. 15(f). Any party may use all or part of the deposition as provided by the Federal Rules of Evidence. *Id.*

During her deposition, Ms. Smith testified to a number of relevant topics, including the relationship of the Isle of Man Financial Trust Limited with Mr. Mooney and its limited relationship with Eduard Venerable, the fact that Southeastern Shipping Limited was the Isle of Man Financial Trust's largest client, and that Ms. Smith had deal almost solely with the Defendant in discussing the beneficial ownership of SES and Pelhambridge.

Therefore, the Government seeks to introduce the excerpts of Smith's testimony laid out in the table below. The transcript is attached as Attachments B and C (previously attached to Dkt. No. 91). The Defense's objections to this testimony are noted in the table, and addressed below it. The Government in this motion addresses only the Defense's objections to testimony elicited,

not to documents, as documentary objections were addressed in the Government's prior motion. (Dkt. No. 91)

| Excerpt Number | Transcript Cite | Text Beginning / Text Ending | Defense Objection |
|---|---|---|---|
| 1 | Tr. 15:1 – 16:23 | Beginning: "Good morning"; Ending: witness being sworn in | |
| 2 | Tr. 25:21-26:2 | Beginning: "Your honor"; Ending: witness being sworn in | |
| 3 | Tr. 26:8-30:23 | Beginning: "Good morning"; Ending: "Yes" | |
| 4 | Tr. 31:1-4 | Beginning: "How long"; Ending: from 1999" | Speculative (Tr. 31:5) |
| 5 | Tr. 31:6-34:12 | Beginning: "What are"; Ending: "the preference" | Leading, Fed. Rule Evid. 406 (Tr. 34:13) |
| 6 | Tr. 34:14-23 | Beginning: "it was"; Ending: "meetings held" | |
| 7 | Tr. 35:6-9 | Beginning: "Did Isle"; Ending: "they did" | |
| 8 | Tr. 35:21-36:10 | Beginning: "Did the"; Ending: "a general" | Fed. Rule Evid. 702 (Tr. 36:11) |
| 9 | Tr. 36:12-37:9 | Beginning: "KYC is"; Ending: "a review" | |
| 10 | Tr. 38:18-40:5 | Beginning: "Could you"; Ending: "the company" | |
| 11 | Tr. 40:15-20 | Beginning: "Now, throughout"; Ending: "Shaun Mooney" | |
| 12 | Tr. 41:6-11 | Beginning: "And are"; Ending: "sole signatories" | |
| 13 | Tr. 44:11-20 | Beginning: "Do you"; Ending: "made profits" | |
| 14 | Tr. 45:4-47:5 | Beginning: "Are you"; Ending: "this document" | |
| 15 | Tr. 47:16-52:5 | Beginning: "The date"; Ending: "CO1619" | Ambiguous (Tr. 52:6-10) |

| Excerpt Number | Transcript Cite | Text Beginning / Text Ending | Defense Objection |
|---|---|---|---|
| 16 | Tr. 52:12-58:3 | Beginning: "The CO1619"; Ending: "Andrew Thomas" | Hearsay (Tr. 58:4-6) |
| 17 | Tr. 58:7-11 | Beginning: "Do you"; Ending: "being held" | Hearsay (Tr. 58:12) |
| 18 | Tr. 58:13-24 | Beginning: "What happened"; Ending: "Texas" | |
| 19 | Tr. 59:3-9 | Beginning: "Who was"; Ending: "Yes" | |
| 20 | Tr. 60:1-70:4 | Beginning: "Did you"; Ending: "Mr. Venerabile" | Leading (Tr. 70:5) |
| 21 | Tr. 70:6-72:23 | Beginning: "Yes"; Ending: "going forward" | |
| 22 | Tr. 73:5-74:17 | Beginning: "Turning your"; Ending: "dating it" | |
| 23 | Tr. 75:17-79:1 | Beginning: "At this"; Ending: "don't recall" | |
| 24 | Tr. 79:17-80:25 | Beginning: "Turning back"; Ending: "structure" | |
| 25 | Tr. 81:10-84:6 | Beginning: "Ms. Smith"; Ending: "Stephen Pursley" | To the use of the word "previous" (Tr. 84:7-9) |
| 26 | Tr. 84:10-21 | Beginning: "When did"; Ending: "Yes" | |
| 27 | Tr. 85:13-86:8 | Beginning: "Was e-mail"; Ending: "No" | |
| 28 | Tr. 88:12-91:11 | Beginning: "Turning your"; Ending: Eduard Venerabile" | |
| 29 | Tr. 92:11-99:14 | Beginning: "Okay. Turning"; Ending: "dollars" | |
| 30 | Tr. 100:7-102:25 | Beginning: "Turning your"; Ending: "June, 2009" | |

| Excerpt Number | Transcript Cite | Text Beginning / Text Ending | Defense Objection |
|---|---|---|---|
| 31 | Tr. 103:9-106:21 | Beginning: "So at"; Ending: "that system" | |
| 32 | Tr. 107:23-109:17 | Beginning: "Ms, Smith"; Ending: "provided to." | |
| 33 | Tr. 110:1-111:8 | Beginning: "Turning your"; Ending: "Shaun Mooney" | |
| 34 | Tr. 114:19-117:9 | Beginning: "Why did"; Ending: "into evidence" | |
| 35 | Tr. 118:5-120:17 | Tr. 118:5-120:17 Beginning: "Ms. Smith"; Ending: "Yes" | |
| 36 | Tr. 120:24-127:5 | Beginning: "Towards the"; Ending: "Bahamas" | |
| 37 | Tr. 128:8-130:24 | Beginning: "The second"; Ending: "just discussed" | Leading (Tr. 130:25) |
| 38 | Tr. 131:1-4 | Beginning: "Yes"; Ending: "correct?" | Leading (Tr. 131:5) |
| 39 | Tr. 131:6-134:25 | Beginning: "I'm not sure"; Ending: "Pelhambridge" | |
| 40 | Tr. 135:6-136:14 | Beginning: "I believe"; Ending: "Mr. Venerabile" | Leading (Tr. 136:15) |
| 41 | Tr. 136:16-137:11 | Beginning: "I don't"; Ending: "that document" | |
| 42 | Tr. 137:22-140:9 | Beginning: "Who is"; Ending: "sorry" | |
| 43 | Tr. 141.8-10 | Beginning: "Have you"; Ending: "No" | |
| 44 | Tr. 144:12-21 | Beginning: "To your"; Ending: "happened" | |

| Excerpt Number | Transcript Cite | Text Beginning / Text Ending | Defense Objection |
|---|---|---|---|
| 45 | Tr. 155:13-157:2 | Beginning: "I'm showing"; Ending: "compliance function" | |
| 46 | Tr. 161:7-163:1 | Beginning: "Handing you"; Ending: "Trust Limited" | |
| 47 | Tr. 164:18-165:10 | Beginning: "Handing you"; Ending: "Tracy Duncan" | |
| 48 | Tr. 196:22-197:7 | Beginning: "And you"; Ending: the facts" | |
| 49 | Tr. 203:13-204:1 | Beginning: "And that's"; Ending: "process" | |
| 50 | Tr. 219:12-220:8 | Beginning: "When you"; Ending: "correct?" | Hearsay and Leading (Tr. 220:9) |
| 51 | Tr. 220:10-17 | Beginning: "Many of"; Ending: "with him" | Hearsay (Tr. 220:18) |
| 52 | Tr. 220:19-221:1 | Beginning: "Not to"; Ending: "meeting" | |
| 53 | Tr. 221:25-223:25 | Beginning: "You mentioned"; Ending: "Yes" | |

**Response to Excerpt #4 Objection:**

The question posed by the Government did not call for speculation by the witness, as evidenced by Ms. Smith's answer that she was basing her knowledge on the case notes. (Tr. 31:6-34:12)

**Response to Excerpt #5 Objection:**

Fed. Rule Evid. 611 allows the court to "exercise reasonable control over the mode and order of examining witnesses…to…make those procedures effective for determining the truth," and "avoid wasting time." Fed. Rule Evid. 611. The Government's questioning was appropriate

because the Government had a limited amount of time to question this witness, and the question posed was not suggestive of the answer.

The Defense's other objection, under Fed. Rule Evid. 406, is unfounded because the rule allows for testimony of an "organization's routine practice," which is precisely what Ms. Smith testified to.

**Response to Excerpt #8 Objection:**

The witness was not testifying as an expert, she was simply explaining what a term commonly used in her profession means. The Government did not ask for or elicit an expert opinion from Ms. Smith.

**Response to Excerpt #15 and #25 Objections:**

It was clear from the Government's question that the Government was referring to a question it previously asked the witness about during the deposition.

**Response to Excerpt #16, #17, and #51 Objections:**

The witness's statements were not hearsay because she did not offer testimony about any out of court statements, but merely whether the witness had knowledge as a factual matter of whether certain conversations had taken place.

**Response to Excerpt #20, #37, #38, #40, and #50 Objections:**

Fed. Rule Evid. 611 allows the court to "exercise reasonable control over the mode and order of examining witnesses…to…make those procedures effective for determining the truth," and "avoid wasting time." Fed. Rule Evid. 611. The Government's questioning was appropriate because the Government had a limited amount of time to question this witness, and the questions posed were not suggestive of the answers.

**Conclusion**

The Court should allow the above excerpts from Kerry Smith's deposition to the played for the jury at trial.

    Respectfully submitted,

    RYAN K. PATRICK
    UNITED STATES ATTORNEY

    */s/ Grace E. Albinson*
    Grace E. Albinson
    Sean Beaty
    Jack A. Morgan
    Trial Attorney, Tax Division
    U.S. Department of Justice
    601 D Street, NW
    Washington D.C. 20004
    (202) 616-3311
    Grace.E.Albinson@usdoj.gov

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on June 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a copy of this document on all counsel of record.

                                                           /s/ Grace E. Albinson
                                                           Grace E. Albinson
                                                           Trial Attorney, Tax Division