UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | Case 4:18-cr-00575 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JACK STEPHEN PURSLEY, | § | |
| | § | |
| Defendant. | § | |

## **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE KPMG MEMO**

Defendant Jack Stephen Pursley ("Pursley") files this Motion in Limine to Exclude the admission of the July 25, 2005 KPMG Memorandum ("KPMG Memo") attached to the United States Supplemental Notice of Intent under Fed. R. Evid. 803(6) and 902(11) ("Rule 803(6) Notice") filed on May 28, 2019. *See* Dkt 94.1. In support of his Motion, Pursley states the following:

**I.     The Eugene Chan affidavit does not meet the requirements of Rule 803(6).**

The business records affidavit does not meet the requirements of rule 803(6). Pursuant to Fed. R. Evid. 803(6), in order for a business record to be admissible hearsay "[t]he exception requires that either the custodian of the business records or 'other qualified witness' lay a foundation before the records are admitted." *U.S. Commodity Futures Trading Comm'n v. Dizona,* 594 F.3d 408, 415 (5th Cir. 2010) (citing *United States v. Brown*, 553 F.3d 768, 792 (5th Cir.2008)). Mr. Chan is not a custodian of the KPMG Memo. *See* Ex. A ¶ 6, the Memorandum of Interview for Eugene Chan. Mr. Chan is an employee of KPMG U.S. and the July 25, 2005 KPMG Memo was drafted for a client of KPMG Europe, an independent legal entity of which Mr. Chan was never an employee. He has no knowledge of the record keeping system at KPMG Europe and can only speak to KPMG

memoranda "like the one attached" to the 803(6) Notice, but not to the actual KPMG Memo the United States is attempting to admit into evidence. The certification needs to be from a custodian or other qualified witness from KPMG Europe. Likewise, Eugene Chan is not an otherwise "qualified witness." *See Dizona,* 594 F.3d at 415. A qualified witness is "one who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met." *Id.* As discussed above, Mr. Chan cannot speak to the record keeping system of KPMG Europe; therefore, his affidavit is inadequate to meet the requirements of 803(6).

Additionally, Chan does not explicitly confirm that the KPMG "Preliminary" Memo is kept in the ordinary course of business. In the footer of the KPMG Memo it says, "Tentative & Preliminary - For Discussion Purposes Only". Chan's affidavit does not discuss whether tentative and preliminary memorandum are kept in the ordinary course of business, or if it is a regularly conducted activity at KPMG Europe to create "Tentative & Preliminary – For Discussion Purposes Only" memorandums. Chan's affidavit lacks sufficient detail to support him as either a custodian or otherwise qualified witness for the purpose of meeting the requirements of Rule 803(6).

II. **The source of information for the KPMG Memo and the method or circumstances of its preparation indicate a lack of trustworthiness.**

Under Rule 803(6)(e), if Pursley shows that the source of information and/or the method or circumstances for the KPMG Memo's preparation indicate a lack of trustworthiness, the KPMG Memo must be excluded. Indicia of trustworthiness is the crux of all hearsay exceptions. "The overarching theory for the Rule 803 exceptions is that, under certain circumstances, a statement, although it is hearsay, may still possess circumstantial guarantees of trustworthiness sufficient to justify its admission as evidence." *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 280 (5th Cir. 1991). The KPMG Memo possesses no guarantees of trustworthiness sufficient to justify its admission into evidence. Eugene Chan, the author of the "Tentative & Preliminary" memo, does

not know the client, does not work for the entity that was engaged by client, never spoke to the client, never knew the source of the facts on which the KPMG Memo was based, and on the face of the KPMG Memo specifically states that it is "Tentative & Preliminary – For Discussion Purposes Only." Under these circumstances, there is no way to confirm that the information in the KPMG Memo was even transmitted by someone with knowledge as required by Fed. R. Evid. 803(6)(A). Under Rule 803(6)(A), the KPMG Memo has to be made by someone with knowledge of the underlying information or the underlying information has to be transmitted by "someone with knowledge." Fed. R. Evid. 803(6)(A). Completely missing from Chan's affidavit is that the KPMG Memo "was made at or near the time by—or from information transmitted by—someone with knowledge" as required by 803(6)(A). The circumstances surrounding the method of preparation KPMG Memo and the source of information for KPMG Memo indicate that it lacks trustworthiness. The Chan affidavit is not sufficient to resolve these concerns. Consequently, the KPMG Memo should be excluded from evidence.

For the foregoing reasons, Pursley requests the Court exclude the KPMG Memo from evidence and award all other appropriate relief.

Respectfully submitted on June 7, 2019

             MINNS & ARNETT

             */s/ Michael Louis Minns*
             Michael Louis Minns
             State Bar No. 14184300
             mike@minnslaw.com
             Ashley Blair Arnett
             State Bar No. 24064833
             ashley@minnslaw.com
             9119 S. Gessner, Suite 1
             Houston, Texas 77074
             Telephone: (713) 777-0772
             Telecopy: (713) 777-0453

*Attorneys for Jack Stephen Pursley*

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of June, 2019, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

<u>*/s/ Ashley Blair Arnett*</u>
Ashley Blair Arnett