# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 4:18-CR-575 (HUGHES)** |
| | § | |
| **JACK STEPHEN PURSLEY,** | § | |
| **AKA STEVE PURSLEY** | § | |

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

Counsel for the United States of America respectfully requests that the Court incorporate the following proposed jury instructions into the final instructions that the Court may give to the jury. Counsel further request leave of Court to file any additional instruction if the need to do so arises.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Tax Division

Respectfully submitted,

RYAN K. PATRICK
UNITED STATES ATTORNEY

Sean Beaty
Grace E. Albinson
Jack A. Morgan
Trial Attorneys, Tax Division
U.S. Department of Justice
150 M Street, NE
Washington D.C. 20002
(202) 616-2717
Sean.P.Beaty@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a copy of this document on all counsel of record.

Sean Beaty
Trial Attorney, Tax Division

# Table of Contents – Government's Proposed Jury Instructions

| | | |
|---|---|---|
| 1 | PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT | 4 |
| 2 | ACCOMPLICE—INFORMER—IMMUNITY | 5 |
| 3 | TECHNICIAN OPINION TESTIMONY | 6 |
| 4 | ON OR ABOUT | 7 |
| 5 | SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE | 8 |
| 6 | SUMMARIES AND CHARTS RECEIVED INTO EVIDENCE | 9 |
| 7 | VENUE - CONSPIRACY | 10 |
| 8 | CONSPIRACY TO DEFRAUD THE UNITED STATES | 11 |
| 9 | EXISTENCE OF AGREEMENT | 13 |
| 10 | MEMBERSHIP IN THE CONSPIRACY | 14 |
| 11 | COMMISSION OF OVERT ACT IN FURTHERANCE OF THE CONSPIRACY | 17 |
| 12 | ACTS AND DECLARATIONS OF CO-CONSPIRATORS | 19 |
| 13 | TAX EVASION | 21 |
| 14 | DUAL MOTIVE | 22 |
| 15 | RELIANCE ON COUNSEL | 23 |

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT[1]

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

---

[1] 5th Cir. Pattern Jury Instructions Criminal Cases § 1.05 (2015 Ed.).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

### ACCOMPLICE—INFORMER—IMMUNITY[2]

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

---

[2] 5th Cir. Pattern Jury Instructions Criminal Cases § 1.14 (2015 Ed.).

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

## TECHNICIAN OPINION TESTIMONY[3]

During the trial you heard the testimony of Michael Frazier, who expressed opinions concerning tax computations. If scientific technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

---

[3] 5th Cir. Pattern Jury Instructions Criminal Cases § 1.17 (2015 Ed.).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

### ON OR ABOUT[4]

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

---

[4] 5th Cir. Pattern Jury Instructions Criminal Cases § 1.18 (2015 Ed.) (modified listing of all dates where "on or about" formulation used).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

### SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE[5]

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

---

[5] 5th Cir. Pattern Jury Instructions Criminal Cases § 1.43 (2015 Ed.).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

### SUMMARIES AND CHARTS RECEIVED INTO EVIDENCE[6]

Certain charts and summaries have been received into evidence. You should give them only such weight as you think they deserve.

---

[6] 5th Cir. Pattern Jury Instructions Criminal Cases § 1.44 (2015 Ed.).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

### VENUE - CONSPIRACY[7]

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Southern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district. An overt act is an act performed to effect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Southern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Austin, Brazos, Colorado, Fayette, Fort Bend, Grimes, Harris, Madison, Montgomery, San Jacinto, Walker, Waller, and Wharton counties.is located in the Southern District of Texas.

---

[7] 5th Cir. Pattern Jury Instructions Criminal Cases § 1.18A (2015 Ed.).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

### CONSPIRACY TO DEFRAUD THE UNITED STATES[8]

### 18 U.S.C. § 371

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to defraud the United States or any agency thereof in any manner or for any purpose.

The defendant is charged with conspiring to de-fraud the United States by impeding, impairing, obstructing, or defeating the lawful function of the Internal Revenue Service in the ascertainment, compilation, assessment, or collection of the revenue, that is, federal income taxes of the defendant and Co-Conspirator 1.

The word "defraud" here is not limited to its ordinary meaning of cheating the government out of money or property; it also includes impairing, obstructing, defeating, or interfering with the lawful function of the government or one of its agencies by dishonest means.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime," in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to defraud the government or one of its agencies, as charged in the indictment;

---

[8] 5th Cir. Pattern Jury Instructions Criminal Cases § 2.15B (2015 Ed.) (The second paragraph has been modified to describe the means of defrauding.).

*Second*: That the defendant knew that the purpose of the agreement was to defraud the government and joined in it willfully, that is, with the intent to defraud; and

*Third*: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

### EXISTENCE OF AGREEMENT[9]

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

---

[9] 1 Modern Federal Jury Instructions-Criminal P 19.01, Instruction 19-4 Existence of an Agreement (2018).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

### MEMBERSHIP IN THE CONSPIRACY[10]

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

---

[10] 1 Modern Federal Jury Instructions-Criminal P 19.01, Instruction 19-6 Membership in the Conspiracy (2018).

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without

knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11

## COMMISSION OF OVERT ACT IN FURTHERANCE OF THE CONSPIRACY[11]

The third element that the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged for the purpose of carrying out the unlawful agreement.

The indictment charges that various overt acts were committed in the Southern District of Texas. [The Court can read the overt acts from the Indictment, or provide a copy of the Indictment to the jury.]

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the indictment be proven. The Government must prove, however, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act that, in and of itself is criminal or constitutes an objective of the conspiracy.

Similarly, you need not find that the defendant in this case committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt

---

[11] 1 Modern Federal Jury Instructions-Criminal P 19.01, Instruction 19-7 Commission of Overt Act (2018); 1 Modern Federal Jury Instructions-Criminal P 19.01, Instruction 19-8 Commission of Overt Act in Furtherance of the Conspiracy (2018). Instruction combines the Modern Federal Jury Instructions 19-7 and 19-8 for overt acts.

act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the indictment. It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.

Finally, you must find that either the agreement was formed or that an overt act was committed in the Southern District of Texas, which includes Austin, Brazos, Colorado, Fayette, Fort Bend, Grimes, Harris, Madison, Montgomery, San Jacinto, Walker, Waller, and Wharton counties.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12

### ACTS AND DECLARATIONS OF CO-CONSPIRATORS[12]

You will recall that I have admitted into evidence against the defendants the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a member of the conspiracy charged in the indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made

---

[12] 1 Modern Federal Jury Instructions-Criminal P 19.01, Instruction 19-9 Acts and Declarations of Co-Conspirators (2018).

during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13

### TAX EVASION[13]

### 26 U.S.C. § 7201

Title 26, United States Code, Section 7201, makes it a crime for anyone willfully to attempt to evade or defeat the payment of any federal income tax.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That there exists a substantial tax deficiency owed by the defendant to the Internal Revenue Service, as charged;

*Second*: That the defendant committed at least one affirmative act to evade or defeat assessment or payment of the income taxes owed. An affirmative act includes any conduct the likely effect of which would be to mislead or conceal; and

*Third*: That the defendant acted willfully, that is, the law imposed a duty on the defendant, the defendant knew of that duty, and the defendant voluntarily and intentionally violated that duty.

---

[13] 5th Cir. Pattern Jury Instructions Criminal Cases § 2.101 (2015 Ed.).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14

### DUAL MOTIVE[14]

Once the evidence establishes that evading taxes played any role in a defendant's conduct, willfulness can be inferred from this conduct, even if the conduct also served another purpose, such as concealment from one's creditors.

---

[14] *Spies v. United States*, 317 U.S. 492, 499 (1943).

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

## RELIANCE ON COUNSEL[15]

You have heard evidence that the defendant received advice from a lawyer and you may consider that evidence in deciding whether the defendant acted willfully and with knowledge.

The mere fact that the defendant may have received legal advice does not, in itself, necessarily constitute a complete defense. Instead, you must ask yourselves whether the defendant honestly and in good faith sought the advice of a competent lawyer as to what he may lawfully do; whether he fully and honestly laid all the facts before his lawyer; and whether in good faith he honestly followed such advice, relying on it and believing it to be correct. In short you should consider whether, in seeking and obtaining advice from a lawyer, the defendant intended that his acts shall be lawful. If he did so, it is the law that a defendant cannot be convicted of a crime that involves willful and unlawful intent, even if such advice were an inaccurate construction of the law.

On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his lawyer.

Whether the defendant acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether he made a full and complete report to his lawyer, and whether he acted substantially in accordance with the advice received, are questions for you to determine.

---

[15] 1 Modern Federal Jury Instructions-Criminal P 8.04 (2018); *see also United States v. Masat*, 948 F.2d 923, 930 (5th Cir. 1991) ("To establish reliance as a defense, [the defendant] must show that: (i) he relied in good faith on a professional and (ii) he made complete disclosure of all the relevant facts.")