June 17, 2019

Victor D. Vital
Barnes & Thornburg, LLP
Dallas, Texas 75201

Re: *United States vs. Jack Steven Pursley*; 4:18-cr-00575

Dear Mr. Vital:

I write to provide disclosure and a report, pursuant to Federal Rules of Criminal Procedure 16(b)(1)(C)(i) and the Court's Order, in the above-referenced matter.

**Experience**

I am an Illinois Licensed Certified Public Accountant, Certified Fraud Examiner, Certified Anti-Money Laundering Expert, and Illinois Licensed Private Detective. I was awarded a Bachelor of Science degree in Accounting and a Master of Science degree in Taxation. I was a Special Agent and Supervisory Special Agent for the Internal Revenue Service, Criminal Investigations, and retired with more than 25 years of experience and having earned numerous awards and commendations. I retired from the Internal Revenue Service in September 2010 and went to work for approximately two years at an international public accounting firm, and for approximately the last seven years at Ron Braver & Associates, LLC, providing forensic accounting, investigation and dispute services. In June 2019 I entered into a strategic partnership arrangement with Cendrowski Corporate Advisors ("Cendrowski"). Cendrowski describes themselves as a CPA firm with a focus on Litigation Support, Business Valuation and Tax Consulting. The services I provide include tax consulting and expert testimony services. A more detailed summary of my qualifications and expert testimony are contained in my attached curriculum vitae.

**Documents, materials, information and/or authorities reviewed and/or providing bases and reasons for opinions herein**

1. The Government's Trial Exhibits

2. The Defendant's Trial exhibits

3. The tax tables for the period of 2002 through 2011, and the following authorities: 26 U.S.C. §§ 61, 118, 162, 212, 301, 351, 951, 952, 954, 956, 957, 958, 1032, 7872 (and the associated Treasury Regulations)

4. COMMISSIONER OF INTERNAL REV. v. GLENSHAW GLASS CO., 47 AFTR 162 (75 S.Ct. 473), (S Ct), 03/28/1955

5. COMM. v. INDIANAPOLIS POWER & LIGHT CO., 65 AFTR 2d 90-394 (110 S.Ct.589), Code Sec(s) 61; 451, (S Ct), 01/09/1990

EXHIBIT 1

6. WESTPAC PACIFIC FOOD v. COMM., 97 AFTR 2d 2006-3014 (451 F.3d 970), Code Sec(s) 61; 451; 471, (CA9), 06/21/2006

7. Jack Townsend Executive Summary

8. Mooney OVDP Report and Related Documents

9. Mooney OVDP Transcript and Payment Reconciliation – SUMMARY

10. IRS Revenue Agent audit history file

11. The terms of the 2012 Offshore Voluntary Disclosure Program,

12. IRS Manual section 9.5.13.2.1 and DOJ Tax Manual Section 8.07 (3).

13. Criminal Tax Manual 8.00 — Attempt to Evade or Defeat Tax (Updated May 2001 and 2012)

14. The financial transactions entered into during the period 2002 through 2014 by Mr. Mooney, Mr. Venerabile, and Mr. Pursley, and by the entities owned and controlled by them.

15. The bank records and certified copies of IRS Form 1120 of companies owned and controlled by Mr. Mooney, Mr. Venerabile and Mr. Pursley for the years 2002 through 2014.

16. 1938 Law Review Article from the University of Chicago entitled Federal Taxation of Treasure Stock Transactions

17. Understanding the Section 956 Deemed Income Inclusion by Dopkins & Company, LLC

18. Anticipated evidence and testimony detailed by the government in its expert disclosure as well as my own knowledge and experience.

19. My experience listed above.

20. I have also spoken with defense expert Dr. Stephen Grace.

**Opinions**

21. In addition to immunizing Mooney, the government erroneously accepted the OVDP submission by Mooney, and the government's expert erred in adopting that flawed submission, ***to Mooney's substantial economic benefit*** (which appears to be one of the motives of Mooney—aided by Jack Townsend and Alison Muecke—in making the OVDP report):

    a. The income earned by Southeastern Shipping ("SES") was foreign source income to be taxed in the years earned, mostly before 2009. Under the Internal Revenue Code ("IRC") and applicable regulations, the income earned by SES was foreign based company income. SES generated foreign based company income, as the income was foreign service income as defined in the IRC and was performed for or on behalf of a related person as defined in the IRC.

    b. The government inaccurately accepted Mooney's statement that the income was not foreign source income and only taxed the income at time of repatriation. The IRS used an incorrect method of computing the income tax.

    c. Under the Government's theory, the (mischaracterized) investments made into Gulf States Management Corporation ("Gulf States") and Four Sevens Investment Corporation ("Four Sevens") are repatriated funds and thus should have been included in its computation of additional tax due owed by Mr. Mooney and were not.

22. Though proper or adequate disclosure has not been received by the defense (thus making this opinion tentative), it appears that the Government followed Mooney's accountant in failing to use the highest bank and asset balances and failed to calculate the FBAR penalty at 27.5%, which would yield a penalty of approximately $4,000,000, ***thus furthering the substantial economic benefit sought by Mooney, Townsend, and Muecke***.

23. Mr. Mooney caused material information to not be provided the Court in response to the subpoena for records to his accountant Pannell, Kerr, Foster of Texas P.C. ("PFK"). The material omission included information Mooney provided to PFK, disclosures PFK provided to the Internal Revenue Service, and income tax calculations relating to the additional funds Money repatriated and did not pay tax on. These material omissions include payments to John Shetter and how they were classified for accounting purposes; payments to Richard Barry Hamm Jr. and William Fredrick Hamm; information on the credit card servicing business operated with the Hamm brothers; cash withdrawals made by Mr. Mooney over the years. Mr. Mooney identified some of this information to the government when asked by the government prosecutors, but it appears this information was not included in Mr. Mooney's 2012 OVDP submission or in the IRS Revenue Agent's audit findings or in the government experts' calculations. Mr. Mooney's lack of candor and full disclosure that the government has countenanced (and continues to countenance) contributed to the government's overall failure to properly assess taxes against Mr. Mooney, further to the economic benefit to Mooney, again which appears to be one of the motives of Mooney—aided by Jack Townsend and Alison Muecke—in

making the OVDP report. Mr. Mooney's lack of candor concealing material information from this Court is apparently to prevent the government from learning of his continued underpayment of taxes and penalties.

24. The purchase of treasury stock by Diversified Land Holdings ("Diversified") in Gulf States is not a taxable event to Gulf States or Mr. Pursley; it is a taxable event to Mr. Mooney and SES.

25. The purchase of treasury stock by Australian Partners Holding Corporation ("Australian Partners") in Four Sevens is not a taxable event to Four Sevens or Mr. Pursley; it is a taxable event to Mr. Mooney and SES.

26. With the documentary and other evidence, Mr. Pursley's position that no taxes were due on the treasury stock transactions referenced above is defensible in an audit, and the contrary position sponsored by the Government is based upon information derived from Mooney, who was and is financially and economically motivated.

27. No taxable event occurred when Mr. Pursley received Mr. Mooney's interest in Diversified's investment in Gulf States as part of the Pursley / Mooney May 3, 2013 settlement agreement. Mr. Pursley transferred his stock in Recruitment Partners LP, and in exchange received the Gulf States stock owned by Mooney through Diversified.

28. The borrowing of money from Four Sevens is not a taxable event to Mr. Pursley.

29. The documents, agreements and memoranda recording, effecting or describing the various fund transfers between or to the following entities are consistent with the transactions reflected in and by those documents, and are consistent with legitimate business or commercial transactions: Gulf States, Diversified, Australian Partners, Four Sevens, and Pursley Interests.

30. The money that Pursley beneficially or directly received was in the U.S. banking system, in his name, and/or registered to his name. Hence, Pursley's actions are atypical of tax evasion. And Pursley provided information and documents to tax and/or compliance professionals inconsistent with, and atypical of, persons engaging in tax evasion in regard to the subject transactions.

31. Any reporting issues appear to be no more than mistakes or accidents or errors, including those of, or attributable to, Pursley's tax preparers and bookkeepers (e.g., underreporting of income as a result of Mr. Pursley receiving capital in excess of his basis). Mr. Pursley paid taxes after learning of the potential or possible mistakes. Any tax deficiency that results from a mistake and not the result of fraud is not properly included in the calculation of an alleged substantial tax deficiency.

32. The information Mooney provided to Gillis and Foster was sufficient to require Mooney to file an FBAR and Form 5471.

**Potential Rebuttal Opinions**

The full scope of my testimony cannot be determined until the Government has rested its case. In particular, the scope of my testimony cannot be determined until after the Government's expert or summary witness relating to finances, tax, and/or accounting has testified, and the corresponding evidence has been presented. Therefore, although this report is sent in response to the request for notice under Federal Rule of Criminal Procedure 16(b) (1) (C) and the Court's Order, nothing in this notice is meant to limit my testimony. It should be anticipated that I may testify as to any financial, tax, or accounting issue raised by the Government at trial and any issue addressed in the testimony of the Government's own witnesses that are within my area of expertise.  I may provide rebuttal testimony to Mr. Frazier's calculation of unreported income and additional taxes due and owing by Mr. Pursley, and may testify in rebuttal to the flow-of-funds tracing analysis relating to the relevant transactions, including transactions identified in the Indictment, using in part the government's proposed summary charts.

**Conclusion**

In describing my potential testimony, it may be necessary for me to accept certain factual and legal assertions, conclusions and calculations made by the Government and the Government expert or summary witness. In so doing, neither I nor the defense are conceding the existence of or accuracy of those factual and legal assertions, conclusions and calculations.

Respectfully submitted,

Ron Braver

# Curriculum Vitae
# for
# Ronald H. Braver CPA, CFE, CAMS
# Licensed Private Detective

125 S. Wacker Drive
Suite 1000
Chicago, Illinois 60606

## Experience:

**June 2019 – Present**  **Cendrowski Corporate Advisors, Chicago, IL**
Strategic Partner - Providing forensic accounting, investigative and litigation services in civil and criminal litigation. Prepare expert opinion and fact-based reports and serve as an expert witness in deposition, arbitration, and Federal and State court.

**2012 – Present**  **Ron Braver & Associates LLC, Chicago, lL**
Managing Member - Providing forensic accounting, investigative and litigation services in civil and criminal litigation. Prepare expert opinion and fact-based reports and serve as an expert witness in deposition, arbitration, and Federal and State court.

**2010 – 2012**  **Grant Thornton, LLP, Chicago, IL**
Senior Manager - Providing forensic accounting, investigative and litigation services in civil and criminal litigation. Prepare expert opinion and fact-based reports and serve as an expert witness in deposition, arbitration, and Federal and State court.

**2007 – 2010**  **Supervisory Special Agent – Internal Revenue Service – Criminal Investigation, Chicago, IL**
Supervised a group of Special Agents and Administrative personnel in the investigation and prosecutions of criminal violations of the Internal Revenue Code, money laundering, money structuring, and related statutes and investigations and seizure of assets derived from criminally derived proceeds.

| | |
|---|---|
| **1985 – 2007** | **Special Agent – Internal Revenue Service – Criminal Investigation, Chicago, IL and Fort Worth, Tx** <br> Investigation and prosecution of criminal violations of the Internal Revenue Code, money laundering, money structuring, and related statutes and investigations and seizure of assets derived from criminally derived proceeds.  Conducted financial analysis, interviews, prepared expert and fact-based reports, affiant on search and seizure warrants, testified in grand jury, trial, and sentencings as a fact-based, summary, and expert witness. |
| **1984- 1985** | **Revenue Agent – Internal Revenue Service – Employee Plans and Exempt Organization, Chicago, IL** <br> Examined employee retirement plan documents, requested amendments and issued favorable or unfavorable determination letters as to compliance with the Internal Revenue Code. |

## Education

| | |
|---|---|
| **2013** | **Illinois Licensed Private Detective** |
| **2009** | **Certified Anti-Money Laundering Expert** |
| **2009** | **Certified Fraud Examiner** |
| **2007** | **Supervisory Special Agent Training – Glynco, GA** |
| **2001** | **Illinois Licensed Certified Public Accountant – passed exam in 1985** |
| **1988 - 2001** | **DePaul University, Chicago, IL, M.S. Taxation** |
| **1985** | **Special Agent Training – Glynco, GA** |

**1980-1984**              **Truman State University, formerly Northeast Missouri State University, Kirksville, MO. – B.S. Accounting**

## Speaking Engagements

Presentations were given to IRS, FDIC, Illinois CPA Society, Law Enforcement contingent from the Italian government and the Chicago Chapter for the Association of Certified Anti Money Laundering Specialist, Human Resource Management Association of Chicago and Law and Accounting firms. These speaking engagements include presentations on badges of fraud, preparation of proper criminal fraud referrals, voluntary disclosure program, the role of Criminal Investigation within the law enforcement community and IRS, work place investigations, how a Financial Institution should complete an effective Suspicious Activity Report and how Law Enforcement uses them.

## Awards and Recognition

Recipient of 25 awards and commendation letters as a Federal law enforcement officer including 2006 Federal Employee of Year nominee, the recipient of the prestigious Albert Gallatin award, numerous exceptional performance awards and two exceptional salary increases.

## Testimony Past 6 Years

| | |
|---|---|
| 8/15/2012 | U.S. v. Arvind Ahuja 2:11CR-135 - U.S. District Court - Eastern Division of Wisconsin – False Income Tax Returns – Willful Failure to File FBAR – Testified as to procedures in obtaining records from foreign banks, issuances of Form 1099 by foreign banks and examination of golf course records. Testified for defense before Judge Charles N Clevert. |
| 4/30/2013 | U.S. v. Michael Morawski 11-CR-342-1 - U.S. District Court - Northern District of Illinois - Eastern Division - Mail and Wire Fraud in connection to a Ponzi scheme - Damage Calculation - Loss/Intended Loss - Testimony at sentencing for defense - Judge Gary Feinerman. |
| 7/25/2013 | Arrowhead Conveyor Corporation et al v. Giuseppe's Finer Foods, Inc. 2006-2159-CD - Clearfield County Pennsylvania - Civil Division – Testimony at Motion to Dismiss for Plaintiff opposing party failure to produce records -  Piercing the Corporate Veil. |
| 9/18/2013 | U.S. v. Stephen Kerr and Michael Quiel 11-2385-PHX-JAT False Income Tax Returns – Willful Failure to File FBAR - Damage Calculation - Loss/Intended Loss - Testimony at Sentencing for defense - Judge John S. Leonardo. |

| Date | Case |
|---|---|
| 12/11/2014 | Mark Schwartz v. Wendy Schwartz 11 L 11791 - Circuit Court of Cook County, Illinois - Motion to Lower Maintenance - Testified for Wendy Schwartz – Income and Assets of Mark Schwartz. |
| 5/1/2015 | People v. Eddie Zubov 14 CF 2260 Circuit Court of the 18th judicial district - County of DuPage Illinois Sentencing - testified for the plaintiff to my internal investigation. |
| 5/8/2015 | Carl Franco vs. Multi State Financial Services, Inc., Multi State Neighborhood Financial Services, Inc., Atlanta Check Cashiers, Inc., Eileen Keller, Joseph Wolfberg and Leonard Keller 13-A-01881 - Superior Court of Gwinnett County - State of Georgia - Deposition testimony regarding internal investigation conducted for Defendant. |
| 5/20/2015 | United States vs. John Lee Matteson Trial testimony 15 CR 00001 - United States District Court - Western District of Michigan - Northern District - Tax Evasion - Rebuttal expert witness for defense. Judge R. Allan Edgar. |
| 3/2/2016 & 3/3/2016 | Arrowhead Conveyor Corporation et al v. Giuseppe's Finer Foods, Inc. 2006-2159-CD - Trial testimony for plaintiff - regarding opinion on piercing the corporate veil. |
| 3/7/2016 | Grant Lustig, Debtor 14 B 32594 Chapter 7 - Complaint to Determine Dischargeability - US Bankruptcy Court Northern District of Illinois Eastern Division - testimony regarding internal investigation as to Lustig defrauding Work Force Financial. |
| 4/1/2016 | United States vs. Kathleen Stegman and Christopher Smith 14-20109-01/02 -JAR - TJJ - Trial Testimony - United States District Court - District of Kansas – Tax Evasion - rebuttal expert witness for defense. |
| 4/8/2016 | Ticor Title et. al. vs Donald Engel et.al. - Case No. 08 CH 34714 - Circuit Court of Cook County, Illinois, County Department, Law Department - rebuttal expert report for defense - financial analysis. |
| 8/2/2016 | Imperial Zinc Corp vs Glenn Lenz, James Rundquist, Kenneth Lehman, & Douglas Oman Case Code 30106- Circuit Court of Waukesha County, State of Wisconsin -Deposition testimony- Plaintiff expert on going concern and insolvency. |
| 11/21/2016 | Fargo Pacific, Inc. vs Infratech International LLC - American Arbitration Case 74-505-00540-12 LGB Penalty Phase - rebuttal expert for defense - GAAP accounting for joint venture reporting/ tax ramification damages in contract dispute. |

| | |
|---|---|
| 1/23/2017 | Edmund Michalowski v. Dan Rutherford Civil Action No. 14-CV-899 - Deposition - United States District Court Northern District of Illinois Eastern Division – Deposition testimony on internal investigation regarding allegations of sexual harassment and coercion to provide political campaign assistance. Internal investigation conducted for State of Illinois - Attorney General. |
| 1/10/2018 | Kopp (Kevin) vs. Kopp (Jenny) 2016 D 282 - Circuit Court for the Eighteenth Judicial Circuit DuPage County - Deposition testimony for defendant regarding tracing assets - adjusted income. |
| 1/11/2018 | Nancy Barnard Knox vs. Benitta Berke civil action - No. 13 CH 914 - Circuit Court of Cook County, Illinois, County Department, Chancery Division - Deposition testimony for defendant- accounting opinion - tracing assets. |
| 3/7/2018 | Bruce Breitweiser, not individually, but as duly court appointed Receiver on behalf of Anderson Wilkins Lowe Life Insurance Brokers, Inc., and Nyle Anderson, shareholder of Anderson Wilkins Lowe Life Insurance Brokers Inc., Plaintiffs, v. Highland Capital Brokerage, Inc., Thomas Vilardo, Kris Hoffman, Jill Hayes, and Tamara Barajas, Defendants - 2016 L 1526 - Circuit Court of Cook County, Illinois County Department, Law Division - Deposition  testimony for plaintiff - insurance fraud and diversion of assets. |
| 5/2/2018 | Bruce Breitweiser, not individually, but as duly court appointed Receiver on behalf of Anderson Wilkins Lowe Life Insurance Brokers, Inc., and Nyle Anderson, shareholder of Anderson Wilkins Lowe Life Insurance Brokers Inc., Plaintiffs, v. Highland Capital Brokerage, Inc., Thomas Vilardo, Kris Hoffman, Jill Hayes, and Tamara Barajas, Defendants - 2016 L 1526 - Circuit Court of Cook County, Illinois County Department, Law Division - trial  testimony for plaintiff- insurance fraud and diversion of assets. |
| 5/18/2018 | Anne Marie Poincelet, et.al Plaintiff v. Frank Scarpelli, Jr. et.al. Defendants - 15 CH 15087 and 16 L 8816 - Circuit Court of Cook County, Illinois County Department, Chancery Division - Deposition testimony for plaintiff – internal investigation - diversion from trust. |
| 10/1/2018 | Emerald Casino, Inc., Debtor, Frances Gecker, not individually but as Trustee for Emerald Casino, Inc., Plaintiff, v. Estate of Kevin F. Flynn, et.al., Defendants Chapter 7 02 B 22977 Adv. No. 08 A 00972, Dist. Ct. No. 11-cv-04714 United States District Court for the Northern District of Illinois – Eastern Division – deposition testimony for plaintiff – expert testimony – opinion as to classification of transfers between trust and |

|  |  |
|---|---|
|  | individual as self-settling contributions, distributions, and/or loans. IRC Section 7872 analysis. |
| 2/1/2019 to 2/4/2019 | Emerald Casino, Inc., Debtor, Frances Gecker, not individually but as Trustee for Emerald Casino, Inc., Plaintiff, v. Estate of Kevin F. Flynn, et.al., Defendants Chapter 7 02 B 22977 Adv. No. 08 A 00972, Dist. Ct. No. 11-cv-04714 United States District Court for the Northern District of Illinois – Eastern Division – Trial testimony for plaintiff – Judge Rebecca Pallmeyer - expert testimony – opinion as to classification of transfers between trust and individual as self-settling contributions, distributions, and/or loans. IRC Section 7872 analysis, tax expert. |
| 4/30/2019 | Matthew Landstrom and Landstrom Neuropsychological Center, P.C., Plaintiff, v. Urban Brain and Body, LLC and Seth Franz, Defendants Case 17 CH 15324 Circuit Court of Cook County, Illinois County Department, Chancery Division – Deposition testimony – opinion relating to diversions of funds and material omissions in connection with business purchase. |
| 5/14/2019 | Antonia Halikias v. Nikolas Halikias Case No. 15 D 9750 Circuit Court of Cook County, Illinois – Deposition testimony – opinion relating to lifestyle analysis and economic income. |

## Testimony as an IRS Special Agent

| | |
|---|---|
| 1985 – 2010 | Testified on several occasions in my capacity as a Special Agent of the IRS. Testified at trial, sentencing and civil forfeiture deposition. Testified numerous times before grand juries. |

## Professional Associations

- American Institute of Certified Public Accountant
- Associations of Certified Fraud Examiners
- Association of Certified Anti-Money Laundering Specialists
- Federal Criminal Investigator Association
- Association of Former Special Agents of the Internal Revenue Service

# RON BRAVER and ASSOCIATES, LLC

## Ron Braver
CPA, CFE, CAMS, MST
Licensed Private Detective



**Forensic Accounting, Investigation and Dispute Services**

Ron assembles and manages teams of former Federal Special Agents, local law enforcement, former regulators and forensic accountants to solve client issues big or small.

### Experience

Ron has over 34 years of combined private sector consulting and Federal law enforcement experience.  Ron is a former Special Agent and Supervisory Special Agent of the IRS - Criminal Investigation. Ron's experience includes two years as a senior manager in the forensic accounting and investigative services practice of Grant Thornton LLP and over six years operating his own boutique forensic accounting, investigative and dispute services practice.

Ron's investigations led to approximately 75 guilty pleas/convictions and over $41 million in forfeiture and fines while working for the government.

Since forming his own firm, Ron and his team's experience includes assisting clients in the areas of white collar defense, internal investigations, fraud investigations, damage/loss analysis and mitigation, investigations involving complex corporate class action and shareholder derivative lawsuits, investor and management disputes, asset tracing, due diligence, rendered insolvency opinion, investigation and testimony regarding piercing the corporate veil, investigations relating to bankruptcy matters, divorce litigation, and State and Federal tax controversy.  Ron experience includes Director/Monitor for a foreign registered company.

Ron was appointed independent investigator on various investigations including investigation of allegations made against Illinois State Treasurer Dan Rutherford.

Ron has diverse fraud, money laundering, asset forfeiture, investigative and expert testimony experience.  This experience includes high profile investigations involving corporate fraud; criminal tax; failed banks and savings and loans; bankruptcy, securities, foreign exchange and mortgage fraud; Ponzi schemes; inflated billing schemes; sophisticated pension fraud schemes; healthcare fraud; identity thefts; illegal immigration employment schemes, false

government claims; public corruption and bribery; organized crime; and international and local drug conspiracies.

Ron's asset forfeiture/asset tracing investigative experience is useful in assisting in the recovery process. Ron has significant international investigative experience including the use of Mutual Legal Assistance Treaty, provisional arrest warrants, and participating in overseas depositions.

Ron also has over 10 years of commercial and residential mortgage origination experience as an owner and executive of a mortgage brokerage business. Ron has deep knowledge of underwriting guidelines for both FNMA and FREDDIE conforming loans, non – conforming loans including guidelines relating to loans exceeding the conforming loan limits, Alt-A and sub-prime. Ron's knowledge includes mortgage banking and title company operations.

Ron's experience assists clients to ensure internal compliance programs are sufficient and enhanced to promote a system that will enable the detection and prevention of fraud and assist in avoiding or mitigating any potential criminal or civil penalties/fines.

Ron provides waste, fraud and abuse call center services to clients through Red Flag-Chicago, a firm he formed to assist clients in providing tone at the top fraud prevention.

### Licenses and Certificates
- Illinois Licensed Certified Public Accountant
- Certified Anti Money Laundering Specialist
- Certified Fraud Examiner
- Illinois Licensed Private Detective

### Professional Associations
- American Institute of Certified Public Accountants
- Association of Certified Fraud Examiners
- Association of Certified Anti Money Laundering Specialists
- Federal Criminal Investigators Association
- Association of Former Special Agents of the Internal Revenue Service

### Speaking Engagements
Ron has made presentations to IRS, FDIC, Illinois CPA Society, Law Enforcement contingent from the Italian government and the Chicago Chapter for the Association of Certified Anti Money Laundering Specialist, Human Resource Management Association of Chicago and Law and Accounting firms. These speaking engagements include presentations on badges of fraud, preparation of proper criminal fraud referrals, voluntary disclosure program, the role of Criminal Investigation within the law enforcement community and IRS, work place investigations, how a Financial Institution should complete an effective Suspicious Activity Report and how Law Enforcement uses them.

### Awards and Recognitions
He is the recipient of 25 awards and commendation letters as a Federal law enforcement officer including 2006 Federal Employee of Year nominee, the recipient of the prestigious Albert Gallatin award, numerous exceptional performance awards and two exceptional salary increases.

### Education
M.S. in Taxation, DePaul University, Chicago, IL
B.S. in Accounting, Truman State University (formally known as Northeast Missouri State University), Kirksville, MO

### Contact details
125 S. Wacker Drive
Suite 1000
Chicago, Illinois 60606

T: 312.205.3249
T: 847.239.7235
C: 847.456.7870
E: Ron.Braver@rbraverassociates.com