IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Cause No. 4:18-cr-575 |
| | § | |
| JACK STEPHEN PURSLEY, | § | |
| | § | |
| *Defendant.* | § | |

**PURSLEY'S MOTION *IN LIMINE* REGARDING POST-2010 FACTS,
WEALTH AND PERSONAL CONSUMPTION**

COMES NOW Defendant Pursley and moves this Court to instruct the Government to refrain from making and eliciting any mention of financial transactions after the year 2010. Pursley also moves the Court to order that the Government make and elicit no statements about Pursley's wealth or personal consumption, including references to his house in "Vail" which is a shorthand reference for a place where rich people gather.

As set forth in Pursley's Brief Addressing Use of Post-2010 Evidence, the Post-2010 Evidence is not relevant under Rule 402. The Government does not contend that Pursley evaded his taxes in years outside of 2009 and 2010. Count Two addresses tax year 2009, while Count Three and Count Four concern tax year 2010.

But even if the Court disagrees, this evidence should still be excluded because its marginal relevance is substantially outweighed by the factors set forth in Rule 403. If the Government had indicted Pursley for Money Laundering (which they considered and investigated), chasing money

through financial accounts with multiple arrows on charts would be highly probative. But given the charges at bar, the Post-2010 Evidence should be excluded for reasons of unfair prejudice, confusion of the issues, undue waste of time, and needless presentation of cumulative evidence.

In addition to trying an unindicted Money Laundering case with this evidence, the Government is trying a (civil) breach of fiduciary duty case with the Post-2010 Evidence, conflating Mr. Pursley's alleged misuse of corporate assets/funds with criminal intent as to Tax Evasion. In that regard, the marginal relevance of this evidence is further substantially outweighed by factors of unfair prejudice, confusion of the issues, misleading the jury, and undue delay.

**RULE 403: EVIDENCE AFTER THE YEAR 2010 WOULD CONFUSE THE JURY AND REQUIRE SUBSTANTIAL TIME BECAUSE PURSLEY WOULD HAVE TO COUNTERMAND**

Federal Rule of Evidence 403 gives trial courts discretion to exclude evidence if the danger that it will confuse the issues or waste time substantially outweighs its probative value.

The evidence the Government is seeking to introduce against Pursley would have to be rebutted through several witnesses and multiple exhibits, demonstrating that Pursley had viable real estate entities which were actively employing staff, investigating potential real estate deals, and placing offers to purchase real estate. Additional evidence would be necessary to demonstrate that Pursley took loans from his real estate companies during a time when the credit markets were paralyzed by the recession, documented the loans and their terms (including the fact that they were interest bearing), made business investments with the loan proceeds, and then, before the loans could be repaid, found himself both in litigation with Mr. Mooney and under investigation by the federal government.

By way of example, in order to address and rebut the Government's story about Pursley's use of money post-2010, Pursley would need, among other things, to:

2

(1) admit document and files demonstrating the work done to explore and develop such prospects;

(2) admit communications with third parties showing negotiations toward purchases of real estate, development of the real estate auction plan and business model, and purchase offers made and rejected;

(3) call witnesses to discuss the economic crisis and state of the real estate market in order to explain the real estate companies' activity or lack of activity;

(4) call witnesses to discuss short and long-term rentals of the property in Colorado;

(5) call witnesses to discuss the steps taken toward subdividing and improving property as an investment; and

(6) present evidence regarding the failure of Washington Mutual and consequent movement of company money to other accounts, as well as other reasons for moving money from one account to another; and

Many of the Government's more than seven hundred (700) exhibits are focused on tracing the use of funds after the last year charged (2010).

All of these matters, which would be essential to addressing the post-2010 transactions, would require days or weeks of trial presentation, and would distract from the actual charged crimes of tax evasion and conspiracy to commit tax evasion, in 2009 and 2010.

**APPEALS TO WEALTH AND CLASS BIAS**

Pursley also moves to exclude evidence of his personal wealth/consumption under Rule 401 as irrelevant. In the seminal case of *United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 239, 60 S.Ct. 811, 84 L.Ed. 1129 (1940), the Supreme Court observed that "appeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them."

There, the government declared in its opening statement that "this conspiracy involved some of the 'biggest men' in the country—big in the sense of 'controlling vast volumes of financial influence'; and that it is a 'terrible thing that a group of influential, wealthy millionaires or

billionaires should take over the power, take over the control, the power to make prices.'" *Id*. at 238.

In response to this comment and others, the Court "counselled the jury that 'any reference to the wealth of any of the defendants is entirely immaterial. A man of wealth has just as much standing in a court as a man that is poverty stricken[.]'" *Id*. at 237. It gave the jury an instruction that "warned against convicting a corporation 'solely because of its size or the extent of its business," and cautioned the jurors that it was their "'duty to give these corporations the same impartial consideration' as an individual or small corporation would receive.'" *Id*. at 238. Finally, the court instructed the jurors that they could not be concerned "with the financial condition of any of these defendants. Whether a man be rich or poor, he is entitled to the same consideration in this Court." *Id*.

The Supreme Court held that the court had erred in allowing appeals to class prejudice and invocations of defendants' wealth. It concluded, however, that the error was not prejudicial under the circumstances of the case.

*Socony–Vacuum* has been cited repeatedly for the proposition that evidence of a party's wealth should be excluded where it is not relevant to the issues in the case. For example, in *United States v. Stahl*, the Second Circuit reversed a conviction because the prosecutor engaged in "calculated and persistent efforts to arouse such prejudice." 616 F.2d 30, 32 (2d Cir. 1980). In this prosecution of a businessman for bribery, the prosecutor portrayed the case as one "about money, tremendous amounts of money" and appeals to class prejudice included misrepresentations and exaggerations. The Prosecutor repeatedly implied that the defendant's wealth exceeded the amount given in the facts of the record, repeatedly spoke of the defendant's "Park Avenue Offices," and sought to prejudice the less affluent jurors by emphasizing the defendant's wealth and property

4

and alleging that his only desire in life was "to make money in real estate, money, money, money." *Id*. at 33.

Pursley contends that a reference to "Vail" is the same sort of invidious class comparison as was the "Park Avenue Offices" at issue in *Stahl*.

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ Victor D. Vital*
Victor D. Vital
State Bar Number 00794798
S.D. Texas Bar Number 25730
Alicia M. Barrs
State Bar Number 24109620
S.D. Texas Bar Number 3438290
BARNES & THORNBURG LLP
2121 N. Pearl Street, Suite 700
Dallas, TX 75201-2469
Telephone: (214) 258-4200
Facsimile: (214) 258-4199
victor.vital@btlaw.com
abarrs@btlaw.com

Nicole Therese LeBoeuf
State Bar Number 00791091
S.D. Texas Bar Number 29595
LEBOEUF LAW PLLC
325 N. St. Paul, Ste. 3400
Dallas, TX 75201
Telephone: (214) 624-9803
Facsimile: (214) 602-4353
nicole@leboeuflaw.com

Seth H. Kretzer
State Bar Number 24043764
LAW OFFICES OF SETH KRETZER
440 Louisiana Street; Suite 1440
Houston, TX 77002
Telephone: (713) 775-3050
Facsimile: (713) 929-2019
seth@kretzerfirm.com

**Attorneys for Defendant Jack Stephen Pursley**

</div>

5

## **CERTIFICATE OF SERVICE**

I certify that on August 12, 2019, a copy of this document was served on all counsel of record through filing on the ECF System.

*/s/ Victor D. Vital*
Victor D. Vital