UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:18-CR-575 (HUGHES) |
| | § | |
| JACK STEPHEN PURSLEY, | § | |
| AKA STEVE PURSLEY | § | |

### United States' Amended Notice of Objections to Pursley's Trial Exhibits

On July 18, 2019, counsel for Pursley provided the government with the defendant's amended exhibit list, which identified 115 new exhibits that Pursley wants to offer into evidence at trial. The government provided Pursley with a copy of its objections to those exhibits on July 26, 2019, and the parties conferred on August 12, 2019 regarding their respective exhibits. During their call, the parties agreed to continue to try to reach stipulations with respect to authenticity and admissibility wherever they could.

The next day, on August 13, 2019 (and only a week prior to the motion's hearing), counsel for Pursley provided the government with a second amended exhibit list, adding almost 1000 pages of new exhibits to Pursley's exhibit list. Many of these documents were never previously produced to the United States in compliance with Mr. Pursley's reciprocal discovery obligations.

Pursuant to Local Criminal Rule 55.2(B), the United States submits this amended notice of the government's objections to various exhibits that Pursley intends to offer into evidence at trial. In compliance with the local rule, the United States has appended copies of the disputed exhibits

to this notice.[1] The government has also appended a chart of its objections to Pursley's exhibits for the Court's and the parties' convenience.

**Many of Pursley's exhibits are inadmissible hearsay.**

Since the parties June 2019 pretrial conference, Pursley has added one hundred and nine exhibits to his exhibit list that were never previously produced to the grand jury in response to the subpoenas issued to his law firm or produced to the United States in compliance with Pursley's reciprocal discovery obligations under Fed. R. Crim. P. 16(b)(1)(A). Pursley has not explained where he obtained these documents, and they do not appear to be eligible for certification as records of a regularly conducted activity pursuant to Fed. R. Evid. 803(6).

Apart from these concerns, the United States objects to defense exhibits 8, 51, 59, 80 – 83, 85 – 87, 91, 105, 108, 110, 129 – 131, 136, 138, 142, 144, 152 – 153, 159 – 160, 171, 205, 208, 213, 215, 218 – 219, 221 – 222, 224, 236, 244, and 290 on the grounds that they are (or contain) Pursley's own out-of-court statements and that the defendant is offering them to prove the truth of the matters asserted in those statements. As such, these exhibits are (or contain) inadmissible hearsay under Fed. R. Evid. 801. The government objects to Pursley's attempt to make assertions of fact to the jury without taking the witness stand and subjecting himself to cross-examination.

The government also objects to defense exhibits 6 – 7, 9, 12 – 13, 15, 37, 43, 55, 60, 63 – 64, 67, 97 – 98, 101, 112 – 115, 136 – 137, 141, 143, 145 – 147, 150 – 151, 154 – 158, 164 – 165, 172, 179 – 180, 192, 195 – 196, 210, 214, 226 – 227, 239 – 240, 243, 249, and 288 on the grounds that they are (or contain) out-of-court statements made by Shaun Mooney and other witnesses that

---

[1] The government previously filed redacted copies of defense exhibits 7 - 9, 12 - 13, 21 - 27, 36, 43, 49, 51, 53, 67 - 68, 75, 77, 80 - 83, 85 - 87, 110, 114, 115, 118 - 130, 135, 137- 151, 154 - 160, and 162 with the Court. *See* Dkts. 97-2, and 97-4 through 97-8. The United States will only append to this notice copies of new exhibits not previously filed with the Court.

Pursley is offering for the truth of the matters asserted therein. These documents are inadmissible hearsay under Fed. R. Evid. 801. Naturally, after Mooney and the other witnesses testify on direct examination, Pursley can use these exhibits to impeach them if their testimony is inconsistent with their prior out-of-court statements. However, even if Pursley impeaches one of the government's witnesses with a prior statement that is truly inconsistent with their testimony, that does not permit the defendant to admit into evidence the document used to impeach that witness.

Finally, the United States objects to defense exhibits 33 – 34, 36, 92, 96, 106 – 107, 125 – 128, 135, 139 – 140, 148 – 150, 152 – 155, 157, 162 – 163, 167, 171, 176 – 177, 209, 211, 220, 224 – 225, 228 – 238, 244, 246 – 248, 250, 272 – 275, and 286 – 289 on the grounds that these too are (or contain) hearsay statements offered for the truth. Most of these documents are emails from third parties that neither the United States nor Pursley will call to testify at trial. For example, defense exhibit 229 is nearly 270 pages long and includes various records that are hearsay with hearsay. The exhibit includes emails, checks, check ledgers, bank statements, promissory notes, a statement of settlement, among other records. These exhibits must also be excluded under Fed. R. Evid. 801(c).

**Many of Pursley's exhibits are also irrelevant and will improperly confuse the jury.**

The United States objects to defense exhibits 7 – 9, 12, 21 – 27, 33 – 34, 37, 43, 49, 51, 53, 59, 67 – 68, 75, 77, 80 – 83, 85 – 87, 91, 96, 105 – 106, 108, 112, 114 – 115, 118 – 119, 121 – 124, 126 – 131, 135 – 140, 142 – 163, 166 – 167, 170 – 171, 175 – 178, 185, 189, 194, 206, 208, 210 – 212, 215, 224 – 227, 233 – 240, 243 – 244, 246 – 250, 268, 272 – 282, and 286 – 290 on the grounds that they are irrelevant to the charges in the Indictment or Pursley's anticipated defenses. Even if some of these exhibits could pass the relatively low hurdle for relevancy under Fed. R.

3

Evid. 401, as explained below, the Court should still exclude many of them as their probative value is substantially outweighed by a danger confusing the issues and misleading the jury.

For example, Pursley seeks to admit copies of four tax refund checks he received – one of them for more than $200,000 – for tax years 2014 through 2017. *See* Def. Exs. 21 – 23, 68. Pursley is charged with conspiracy to defraud the United States, related to evading assessment of taxes for 2007 through 2010, and with evading the assessment of taxes for 2009 and 2010, and though he continued to use various structures to hide his tax evasion in later years, the fact that Pursley received more than $480,000 from the U.S. Treasury in subsequent years is only likely to confuse the jury and result in a mini-trial regarding whether and why Pursley was entitled to those tax refunds.

Pursley has also marked a series of exhibits (Def. Exs. 7 – 9, 33 – 34, 37, 91, 105, 108, 114 – 115, 118 – 119, 121 – 124, 131, 165 – 167, 170, 175 – 177, 208, 210, 226 – 227, 237 – 240, 243, 246 – 249, and 275) that relate to the ongoing litigation between Pursley and Mooney[2] even though the Court expressly ruled at the November 19, 2019 pretrial conference that the parties would not "try the contract case" during Pursley's criminal trial. Dkt. 53, Tr. 65:21 – 66:9.

Pursley also seeks to admit a series of emails relating to what appear to be unrelated land development projects, *none of which*, to the government's knowledge, were ever completed. *See, e.g.,* Def. Exs. 80 – 83, 85 – 87, 130, 137 – 138, 140, 142 –160, and 162. The defense has not established the tie between these speculative, possible projects and Mooney or the relevant corporations in this case, such Gulf States and Four Sevens. Because the evidence does not appear

---

[2] *Pursley v. Mooney*, Cause No. 2017-28294 (281st Judicial District, Court of Harris County, Texas).

to be probative of the alleged evasion scheme and is likely to devolve into a sideshow, it should be not be admitted.

Pursley's Def. Ex. 106 is an email from Jack Townsend, an attorney who represented Shaun Mooney in his offshore voluntary disclosure. Even if the defense could overcome the government's hearsay objection (the Court has already ruled that Mr. Townsend cannot testify at trial), it is not at all clear why this exhibit is relevant. Similarly, Pursley intends to offer a picture of himself with his family (Def. Ex. 24), which is both irrelevant and an improper attempt to evoke an emotional response (*i.e.*, sympathy) from the jury.

Pursley has also marked a series of emails (Def. Exs. 166, 170, 175, 286 – 289) that are salacious or otherwise improper under Fed. R. Evid. 403 and 404. These emails include chauvinistic and off-color emails that Mooney received or responded to, and Pursley offers them only for the purpose of embarrassing and impugning Mooney and biasing the jury against him.

Finally, although Pursley objects to the government's introduction of any evidence after the 2010 tax returns were filed in September 2011, the defendant's exhibit list contains evidence from this same period. The parties have extensively briefed this issue, and the United States has explained why its post-2010 evidence is relevant to the charges in the Indictment. Nonetheless, if the Court excludes the government's post-2010 evidence, then the defendant should likewise be restricted from presenting evidence from the same period.

Respectfully submitted,

RICHARD E. ZUCKERMAN
PRINCIPAL DEPUTY ASSISTANT
ATTORNEY GENERAL

*/s/ Sean Beaty*

Sean Beaty
Grace Albinson
Jack Morgan
Trial Attorneys, Tax Division
U.S. Department of Justice
150 M Street, NE
Washington D.C. 20002
(202) 616-2717
Sean.P.Beaty@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a copy of this document on all counsel of record.

*/s/ Sean Beaty*

Sean Beaty
Trial Attorney, Tax Division

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 6 | Gillis email to Coughtrey re new matter (05-19-2009) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 805 |
| 7 | Shaun Mooney v. Charles Gillis and Gillis, Paris, Henrich, PLLC (12-03-2014) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401, 403 (subject of prior ruling) |
| 8 | IRGP v. Mooney, Original Petition (01-04-2013) | No Objection | 801(d)(2)(A) (Pursley's own statement), 401, 403 (subject of prior ruling) |
| 9 | IRGP Settlement Agreement and Mutual Release (05-03-2013) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401, 403 (subject of prior ruling) |
| 12 | Shaun Mooney business card | No Objection | 401, 801(d)(1)(A) (statement must be inconsistent) |
| 13 | Mooney Affidavit | No Objection | 801(d)(1)(A) (statement must be inconsistent), Unsigned |
| 15 | Email from Mooney to Gillis (06-30-2009) | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 20 | 2017 Check from Minns to U.S. Treasury (02-23-2017) | No Objection | 106 (Incomplete) |
| 21 | 2014 IRS refund check | No Objection | 401 (tax years not at issue), 403 |
| 22 | 2015 IRS refund check | No Objection | 401 (tax years not at issue), 403 |
| 23 | 2016 IRS refund check | No Objection | 401 (tax years not at issue), 403 |
| 24 | Picture of Pursley Family | No Objection | 401, 403 |
| 25 | Ron Braver, CV | No Objection | 401, 403, 702 |
| 26 | Stephen Grace, CV | No Objection | 401, 403, 702 |
| 27 | Fred Gavin CV | No Objection | 401, 403, 702 |
| 33 | Letter from Hooper to Reynolds (01-19-2017) | No Objection | 801(c), 401, 403 (subject of prior ruling), 408 |
| 34 | Letter from Hooper to Minns (01-20-2017) | No Objection | 801(c), 401, 403 (subject of prior ruling) |
| 36 | Lisa Jude Letter | Custodian Required | 801(c) |
| 37 | Agreement for Sale of Limited Partnership or Assets of Partnership (04-26-2010) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401, 403 (subject of prior ruling) |
| 43 | Mooney Resume | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401 |
| 49 | Email from Mellor to rrcsalazar@fnslaw.com.oh (06-27-2007) | No Objection | 401, 403 (Philippines litigation) |
| 51 | Email from Mooney to Nigel Tebay (06-25-2007) | No Objection | 801(d)(2)(A) (Pursley's own statement), 401, 403 (Philippines litigation) |

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 53 | Email from Mooney to Pursley (07-06-2007) | No Objection | 401, 403 (Philippines litigation) |
| 55 | Tom Foster Interview Recording | Custodian Required | 801(d)(1)(A) (statement must be inconsistent) |
| 59 | Email from Pursley to Nelson (12-21-2012) | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401 |
| 60 | Email from Mooney to Pursley (12-21-2012) | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 63 | Email from Gillis to Slogar (01-24-2016) | Objection (106, 502) | 106, 801(d)(1)(A) (statement must be inconsistent), 502 |
| 64 | Email from Pursley to Gillis (07-28-2009) | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 67 | Declaration of Susan English [ECF 61] (11-26-2018) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401, 403 |
| 68 | IRS Refund Check | No Objection | 401 (tax years not at issue), 403 |
| 75 | SA Caivano handwritten notes | No Objection | 401, 608(b) |
| 77 | Email from Mooney to Salazar | No Objection | 401, 403 (Philippines litigation) |
| 80 | Business Development Agreement | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 81 | Email from Sholem to Pursley (05-06-2005) | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 82 | Email from Schuman to Pursley (09-09-2005) | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 83 | Email from Schuman to Pursley (03-13-2006) | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 85 | Email from Pursley to Shuman (09-05-2008) | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 86 | Email from Pursley to Shuman (10-23-2008) | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 87 | Email from Pursley to Shuman (11-07-2007) | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 91 | Email from Bratcher to Pursley (06-14-2013) | No Objection | 801(d)(2)(A) (Pursley's own statement), 401, 403 (subject of prior ruling) |
| 92 | Email from Richman to Pursley (10-21-2011) | No Objection | 801(c) |
| 96 | Stoneworth Financial Letter (01-17-2013) | Custodian Required | 801(c), 401 |
| 97 | Email from Bratcher to Richman (01-26-2013) | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 98 | Email from Bratcher to Richman (01-24-2013) | No Objection | 801(d)(1)(A) (statement must be inconsistent) |

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 100 | APHC Director's Declaration (unknown) | Objection (106 - Incomplete) | 106 (Incomplete) |
| 101 | Emails from Bratcher to Richman and Salinas (01-26-2013) | No Objection | 801(d)(1)(A) (statement must be inconsistent) (Dup. of DX 97) |
| 105 | Emails from Bratcher to Richman and Salinas (10-16-2013) | No Objection | 801(d)(2)(A) (Pursley's own statement), 401, 403 (subject of prior ruling) |
| 106 | Townsend email to Listserv (05-04-2018) | Custodian Required | 801(c), 401, 403 (subject of prior ruling) |
| 107 | Humphries email to Pursley Steve and Tracy (04-20-2012) | Objection (106 – Incomplete), Custodian Required | 801(c) |
| 108 | Bratcher email to Pursley (04-23-2013) | No Objection | 801(d)(2)(A) (Pursley's own statement), 401, 403 (subject of prior ruling), 106 |
| 110 | Email Pursley to Salinas (07-19-2011) | Custodian Required | 801(d)(2)(A) (Pursley's own statement) |
| 112 | July 2009 Draft Gillis Memo to Pursley re Opinion on Qualified Dividend (07-12-2009) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401 |
| 113 | Mooney v Gillis Original Petition (12-03-2014) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401, 403 (subject of prior ruling) |
| 114 | Plaintiff's Notice of Non-Suit (02-27-2015) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401, 403 (subject of prior ruling) |
| 115 | Mooney's Response to Defendant's Request for Disclosure (01-19-2015) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401, 403 (subject of prior ruling) |
| 118 | Promissory Note between Arosa & IRGP (07-01-2010) | No Objection | 401, 403 (subject of prior ruling) |
| 119 | Promissory Note between Recruitment Partners & Four Sevens Investment Corp (01-15-2011) | No Objection | 401, 403 (subject of prior ruling) |
| 120 | Promissory Note between Pursley Interest LLC & Four Sevens Investment Corp (06-07-2010) | No Objection (Subject to Verification by Witness) | No Objection |

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 121 | Promissory Note between Recruitment Partners LP and Four Sevens Investment Corp (01-13-2010) | No Objection (Subject to Verification by Witness) | 401, 403 (subject of prior ruling) |
| 122 | Promissory Note between Recruitment Partners, LP and Four Sevens Investment Corp (11-19-2009) | No Objection (Subject to Verification by Witness) | 401, 403 (subject of prior ruling) |
| 123 | Promissory Note Recruitment Partners & Four Sevens (11-19-2009) | No Objection | 401, 403 (subject of prior ruling) |
| 124 | Promissory Note Recruitment Partners & Four Sevens Investment (08-31-2011) | No Objection | 401, 403 (subject of prior ruling) |
| 125 | Email from Colleen Prince Steve Pursley (07-11-2016) | Custodian Required | 801(c) |
| 126 | Rental Property Dashboard | Custodian Required | 801(c), 401, 403 |
| 127 | 2014 Vacasa Tax Docs Attached | Custodian Required | 801(c), 401, 403 |
| 128 | Email from Dana Macik to Pursley (07-21-2017) | Custodian Required | 801(c), 401, 403 |
| 129 | Welcome Package | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 130 | Four Sevens Profit Scenario | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 131 | Email from Pursley to Agee, Betzer and Harris (12-21-2012) | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401, 403 (subject of prior ruling) |
| 135 | Jack Townsend Blog | No Objection | 801(c), 401, 403 (subject of prior ruling) |
| 136 | Ruling Submission Request submitted by Cantrell & Cantrell (03/14) | Custodian Required | 801(d)(1)(A), 801(d)(2)(A) (Pursley's own statement), 401, 403 (subject of prior ruling, and contains court Orders (pg. 16), the parties' settlement agreement (pg. 122), letter ruling request to IRS, legal analysis, etc.) |
| 137 | Email from Mooney to Pursley (09-14-2011) | No Objection (Subject to Verification by Witness) | 801(d)(1)(A) (statement must be inconsistent), 401, 403 |

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 138 | Email from Mooney to Pursley (08-26-2011) | No Objection (Subject to Verification by Witness) | 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 139 | Email from Clint Brown to Pursley (05-26-2011) | No Objection (Subject to Verification by Witness) | 801(c), 401, 403 |
| 140 | Email from David Johnson to Pursley (05-20-2011) | Custodian Required | 801(c), 401, 403 |
| 141 | Email from Mooney to Pursley (01-20-2009) | No Objection (Subject to Verification by Witness) | 801(d)(1)(A) (statement must be inconsistent) |
| 142 | Email from Pursley to Mooney (12-01-2008) | No Objection (Subject to Verification by Witness) | 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 143 | Email from Mooney to Pursley (11-14-2008) | No Objection (Subject to Verification by Witness) | 801(d)(1)(A) (must be inconsistent) and (2)(A) (Pursley's own statement), 401, 403 |
| 144 | Email from Pursley to Mooney (11-05-2008) | No Objection (Subject to Verification by Witness) | 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 145 | Email from Mooney to Pursley (09-04-2008) | No Objection (Subject to Verification by Witness) | 801(d)(1)(A) (must be inconsistent) and (2)(A) (Pursley's own statement), 401, 403 |
| 146 | Email from Mooney to Pursley (09-01-2008) | No Objection (Subject to Verification by Witness) | 801(d)(1)(A) (statement must be inconsistent), 401, 403 |
| 147 | Email from Pursley to Mooney (07-07-2008) | No Objection (Subject to Verification by Witness) | 801(d)(1)(A) (must be inconsistent) and (2)(A) (Pursley's own statement), 401, 403 |
| 148 | Email from Mooney to Pursley (06-27-2008) | No Objection (Subject to Verification by Witness) | 801(c), 805, 401, 403 |

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 149 | Email from Boone to Mooney (02-20-2008) | No Objection (Subject to Verification by Witness) | 801(c), 401, 403 |
| 150 | Email from Mooney to Boone (02-03-2008) | No Objection (Subject to Verification by Witness) | 801(c), 801(d)(1)(A) (statement must be inconsistent), 401, 403 |
| 151 | Email from Mooney to Pursley (01-24-2008) | No Objection (Subject to Verification by Witness) | 801(d)(1)(A) (statement must be inconsistent), 401, 403 |
| 152 | Schrader Westchester Real Estate File | Custodian Required | 801(c), 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 153 | Jim Miceli real estate file | Custodian Required | 801(c), 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 154 | Email from Mooney to Boone and Pursley (01-02-2008) | No Objection (Subject to Verification by Witness) | 801(c), 801(d)(1)(A) (must be inconsistent), and (2)(A) (Pursley's own statement), 401, 403 |
| 155 | Email from Mooney to Boone and Pursley (12-18-2007) | No Objection (Subject to Verification by Witness) | 801(c), 801(d)(1)(A) (must be inconsistent), and (2)(A) (Pursley's own statement), 401, 403 |
| 156 | Email from Mooney to Pursley (12-14-2007) | No Objection (Subject to Verification by Witness) | 801(d)(1)(A) (statement must be inconsistent), 401, 403 |
| 157 | Email from Mooney to Boone and Pursley (12-04-2007) | No Objection (Subject to Verification by Witness) | 801(c), 801(d)(1)(A) (statement must be inconsistent), 401, 403 |
| 158 | Email from Mooney to Pursley (11-29-2007) | No Objection (Subject to Verification by Witness) | 801(d)(1)(A) (must be inconsistent) and (2)(A) (Pursley's own statement), 401, 403 |
| 159 | Strategic Negotiation Planning for Acquisition | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 160 | Agreement Gulf States and The Westchester Group Inc. | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401, 403 |

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 162 | Email from Kevin Weldon to Mooney (10-25-2007) | No Objection (Subject to Verification by Witness) | 801(c), 401, 403 |
| 163 | The Offshore Money Manual | Objection (1002), Custodian Required | 801(c), 401, 403, 1002 |
| 164 | Addendum to Agreement for Sale of Limited Partnership or Assets (04-14-2010) | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 165 | Amendment and Revision to RPLP Limited Partnership Agreement (06-30-2009) | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 166 | Email from Shetter to Mooney (04-01-2007) | Custodian Required | 401, 403 (salacious, subject of prior ruling), 404(a)-(b) |
| 167 | Cantrell letter to Hooper (01-20-2014) | Custodian Required | 801(c), 401, 403 (subject of prior ruling) |
| 170 | Email from Shetter to Mooney (04-25-2006) | Custodian Required | 401, 403 (subject of prior ruling), 404(a)-(b) |
| 171 | Email from Shuman to Pursley (10-03-2005) | Custodian Required | 801(c), 801(d)(2)(A) (Pursley's own statement), 401 |
| 172 | Southeastern Shipping Company Limited Summarized Profit and Loss Account for the YE 30 June 2010 (06-30-2010) | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 175 | Email from Shetter to Mooney (02-26-2006) | Custodian Required | 401, 403 (subject of prior ruling), 404(a)-(b) |
| 176 | Cantrell letter to Hooper (10-01-2013) | Custodian Required | 801(c), 401, 403 (subject of prior ruling) |
| 177 | Hooper letter to Nelson (01-03-2014) | No Objection | 801(c), 401, 403 (subject of prior ruling) |
| 178 | Letter from IRS (12-24-2018) | No Objection | 401, 403 |
| 179 | Email from Gillis to Mooney (01-21-2010) | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 180 | Email from Mooney to Parkhill (08-26-2010) | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 189 | Email from Markley to Hodson (09-07-2010) | No Objection | 401, 403 |
| 192 | Email from Mooney to Gillis (02-10-2010) | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 194 | Email from Mooney to Gillis (03-04-2010) | No Objection | 401, 403 |

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 195 | Email from Mooney to Gillis (03-05-2010) | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 196 | Email from Mooney to Gillis (06-16-2010) | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 205 | Email from Mooney to Gillis (07-16-2009) | No Objection | 801(d)(2)(A) (Pursley's own statement) |
| 206 | Email from Pursley to Mooney (09-30-2008) | No Objection (Subject to Verification by Witness) | 401, 403 |
| 208 | Email from Pursley to Agee, Betzer and Harris (06-30-2009) | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401, 403 (subject of prior ruling) |
| 209 | Email from Richman to Bratcher (10-21-2011) | No Objection | 801(c) |
| 210 | Email from Richman to Mooney (12-19-2012) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401, 403 (subject of prior ruling) |
| 211 | Email from Richman to Pursley (10-25-2011) | No Objection | 801(c), 401, 403 |
| 212 | England Letter to Pursley (02-24-2016) | No Objection | 401, 403 |
| 213 | Statement Regarding Related Party Advances | No Objection | 801(d)(2)(A) (Pursley's own statement) |
| 214 | Email from Bratcher to Richman (01-25-2013) | No Objection | 801(d)(1)(A) (statement must be inconsistent) |
| 215 | Email from Richman to Salinas (01-10-2013) | Custodian Required | 801(d)(2)(A) (Pursley's own statement), 401, 403 (subject of prior ruling) |
| 218 | Email from Pursley to Salinas (03-02-2011) | No Objection | 801(d)(2)(A) (Pursley's own statement) |
| 219 | Email from Pursley to Bratcher (02-01-2010) | No Objection | 801(d)(2)(A) (Pursley's own statement) |
| 220 | Richman Memorandum to Pursley (05-30-2012) | Custodian Required | 801(c) |
| 221 | Check to Infinisource (08-27-2015) | No Objection | 801(d)(2)(A) (Pursley's own statement) |
| 222 | Check to Infinisource (11-04-2015) | No Objection | 801(d)(2)(A) (Pursley's own statement) |
| 224 | Pursley email to Shuman (05-09-2011) | Custodian Required | 801(c), 801(d)(2)(A) (Pursley's own statement), 401 |

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 225 | Sandy Creek Ranch – Valuation Summary | Custodian Required | 801(c), 401 |
| 226 | Mooney v Pursley (Harris County, 2014-44623) Plaintiff's Original Petition and Request for Disclosure (08-24-2014) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401, 403 (subject of prior ruling) |
| 227 | Pursley v Mooney v RPLP and IRC (Harris County, 2017-282294) Plaintiff's Sixth Amended Original Petition (12-28-2018) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401, 403 (subject of prior ruling) |
| 228 | Salinas email to Pursley attaching general ledgers (07-29-2011) | Custodian Required | 801(c) |
| 229 | Salinas email to Pursley attaching Bookkeeping (10-04-2011) | Custodian Required | 801(c) |
| 230 | Salinas email to Pursley  (03-20-2010) | Custodian Required | 801(c) |
| 231 | Salinas email to Pursley  (03-22-2010) | Custodian Required | 801(c) |
| 232 | Salinas email to Pursley (03-11-2011) | Custodian Required | 801(c) |
| 233 | Pursley email to England (03-02-2015) | Custodian Required | 801(c) |
| 234 | Pacheco email to Pursley (05-12-2015) | Custodian Required | 801(c), 401 |
| 235 | Christmann email to Pursley  (07-09-2015) | No Objection | 801(c), 401 |
| 236 | Pursley email to Christmann  (10-01-2015) | No Objection | 801(c), 801(d)(2)(A) (Pursley's own statement), 401 |
| 237 | Nguyen email to Pursley (02-11-2013) | Custodian Required | 801(c), 401, 403 (subject of prior ruling) |
| 238 | Vinarco, IRC, RPLP and Westoceanic Contribution and Purchase Agreement (09-01-2012) | Custodian Required | 801(c), 401, 403 (subject of prior ruling) |
| 239 | Mooney Fraud Risk Inquiries Form (12-31-2012) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401, 403 (subject of prior ruling) |
| 240 | Mooney Fraud Risk Inquiries Form (12-31-2010) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401, 403 (subject of prior ruling) |

15

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 243 | Mooney v. Gillis (Harris County, 2014-70310) Order (02-27-2015) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 401, 403 (subject of prior ruling) |
| 244 | Pacheco email to Pursley (02-05-2015) | No Objection | 801(c), 801(d)(2)(A) (Pursley's own statement), 401, 403 |
| 246 | RPLP Audited Financial Statements (12-31-2010) | No Objection | 801(c), 401, 403 (subject of prior ruling) |
| 247 | RPLP Audited Financial Statements (12-31-2011) | No Objection | 801(c), 401, 403 (subject of prior ruling) |
| 248 | RPLP Audited Financial Statements (12-31-2012) | No Objection | 801(c), 401, 403 (subject of prior ruling) |
| 249 | Mooney Fraud Risk Inquiries Form (12-31-2012) | No Objection | 801(d)(1)(A) (statement must be inconsistent), 805, 401, 403 (subject of prior ruling) |
| 250 | Stoneworth Financial, LLC letter to Pursley (12-01-2011) | No Objection | 801(c), 401, 403 (subject of prior ruling) |
| 268 | SES Fax to IOMA / Mellor (08-29-2007) | No Objection | 401, 403 (Philippines litigation) |
| 272 | Webb email to Pursley (08-25-2010) | Objection (106 - Incomplete), Custodian Required | 801(c), 401 |
| 273 | Mercer email to Pursley (12-01-2010) | Objection (106 - Incomplete), Custodian Required | 106, 801(c), 401 |
| 274 | Buschholtz email to Pursley (09-11-2013) | Objection (106 - Incomplete), Custodian Required | 106, 801(c), 401 |
| 275 | IRC Marketing Document | Custodian Required | 801(c), 401, 403 (subject of prior ruling) |
| 276 | Steve Mooney Travel History Excel | No Objection | 401, 403 |
| 277 | Steve Mooney TECS 5pp. | No Objection | 401, 403 |
| 278 | Steve Mooney Travel History 2pp. | No Objection | 401, 403 |
| 279 | Steve Mooney Travel Documents List | No Objection | 401, 403 |
| 280 | David Melnick Travel History Excel | No Objection | 401, 403 |
| 281 | David Melnick TECS i94 Result List 2pp. | No Objection | 401, 403 |
| 282 | David Melnick TECS 34pp. | No Objection | 401, 403 |

| Def. Ex. No. | Description | Authenticity | Objections to Admissibility |
|---|---|---|---|
| 286 | Shetter email to Mooney, et al. (03-03-2010) | Custodian Required | 801(c), 401, 403 (salacious),, 404(a)-(b) |
| 287 | Shetter email to Mooney, et al. (03-10-2010) | Custodian Required | 801(c), 401, 403 (salacious), 404(a)-(b) |
| 288 | Mooney email to Shetter, Steve Mooney, et al. (03-06-2011) | Custodian Required | 801(c),801(d)(1)(a), 401, 403 (salacious), 404(a)-(b) |
| 289 | Stephen Mooney email to Shaun Mooney (02-05-2008) | Custodian Required | 801(c), 401, 403 (salacious) , 404(a)-(b) |
| 290 | Pursley email to Bratcher (08-17-2010) | No Objection (Subject to Verification by Witness) | 801(d)(2)(A) (Pursley's own statement), 401 |