# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | Case 4:18-cr-00575 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JACK STEPHEN PURSLEY, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S AMENDED PROPOSED JURY INSTRUCTIONS

Defendant, through undersigned counsel, submits the following Proposed Jury Instructions.

Respectfully submitted,

*/s/ Victor D. Vital*
Victor D. Vital
State Bar Number 00794798
S.D. Texas Bar Number 25730
Alicia M. Barrs
State Bar Number 24109620
S.D. Texas Bar Number 3438290
BARNES & THORNBURG LLP
2121 N. Pearl Street, Suite 700
Dallas, TX 75201-2469
Telephone: (214) 258-4200
Facsimile: (214) 258-4199
victor.vital@btlaw.com
abarrs@btlaw.com

Nicole Therese LeBoeuf
State Bar Number 00791091
S.D. Texas Bar Number 29595
LEBOEUF LAW PLLC
325 N. St. Paul, Ste. 3400
Dallas, TX 75201
Telephone: (214) 624-9803
Facsimile: (214) 602-4353
nicole@leboeuflaw.com

Seth H. Kretzer
State Bar Number 24043764
S.D. Texas Bar Number 680773
LAW OFFICES OF SETH KRETZER
440 Louisiana Street, Suite 1440
Houston, TX 77002
Telephone: (713) 775-3050
Facsimile: (713) 929-2019
seth@kretzerfirm.com

***Attorneys for Defendant Jack Stephen Pursley***

## CERTIFICATE OF SERVICE

I certify that on August 20, 2019, a copy of this document was served on all counsel of record through filing on the ECF System.

*/s/ Victor D. Vital*
Victor D. Vital

## PROPOSED JURY INSTRUCTION NO. 1

### PRESUMPTION OF INNOCENCE, PROOF BEYOND A REASONABLE DOUBT

Proof beyond a reasonable doubt is evidence that is so convincing that you would be willing to have other people act on it without hesitation in the most important of your own affairs. Remember, Pursley is innocent, and he remains innocent unless the government proves its charges. All reasonable doubts benefit Pursley and he must prove nothing. For Pursley to be found not guilty, you need to decide only that the government failed to prove the charge beyond a reasonable doubt. The presumption of innocence requires a verdict of not guilty if the government has not actually proved its charge.

The law does not require Pursley to prove his innocence or to produce any evidence at all.

**Authority**: *United States v. David A. Montgomery*, *Bridget M. Montgomery*, No. 12-20741 (S.D. Tex. Mar. 28, 2014).

## <u>PROPOSED JURY INSTRUCTION NO. 2</u>

### TAX EVASION 26 U.S.C. § 7201

Title 26, United States Code, Section 7201, makes it a crime for anyone willfully to attempt to evade or defeat the payment of any federal income tax.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  That there exists a substantial tax deficiency owed by the defendant to the Internal Revenue Service, as charged;

*Second*: That the defendant committed at least one affirmative act to evade or defeat assessment or payment of the income tax[es] owed. An affirmative act includes any conduct the likely effect of which would be to mislead or conceal; and

*Third*:  That the defendant acted willfully, that is, the law imposed a duty on the defendant, the defendant knew of that duty, and the defendant voluntarily and intentionally violated that duty.

**Authority**:  Fifth Circuit Pattern Jury Instruction 2.101 - Tax Evasion *United States v. Miller*, 588 F.3d 897, 907 (5th Cir. 2009); *United States v. Nolen*, 472 F.3d 362, 377 (5th Cir. 2006); *see also Kawashima v. Holder*, 132 S. Ct. 1166, 1174 (2012); *Boulware v. United States*, 128 S. Ct. 1168 (2008); *Sansone v. United States*, 85 S. Ct. 1004, 1010 (1965).

## PROPOSED JURY INSTRUCTION NO. 3

### TAX DUE AND OWING

Accordingly, there must be a substantial tax deficiency meaning the government must prove taxes are actually owed beyond a reasonable doubt.


**Authority:**  *Boulware v. United States*, 128 S. Ct. at 1172, 1178 (2008); *United States v. Miller*, 588 F.3d 897, 907 (5th Cir. 2009); *United States v. Masat*, 896 F.2d 88, 97 (5th Cir. 1990); *United States v. Parr*, 509 F.2d 1381, 1385-86 (5th Cir. 1975).

<u>**PROPOSED JURY INSTRUCTION NO. 4**</u>

**ESSENTIAL ELEMENTS OF OFFENSE WHEN CONSPIRACY IS COMPLETE**

Four essential elements are required to be proved in order to establish the offense of conspiracy charged in the indictment:

*First*:  That the conspiracy described in the indictment was willfully formed, and was existing at or about the time alleged;

*Second*:  That the accused willfully became a member of the conspiracy;

*Third*:  That one of the conspirators thereafter knowingly committed at least one of the overt acts charged in the indictment, at or about the time and place alleged; and

*Fourth*:  That such overt act was knowingly done in furtherance of some object or purpose of the conspiracy, as charged.

If the jury should find beyond a reasonable doubt from the evidence in the case that existence of the conspiracy charged in the indictment has been proved, and that during the existence of the conspiracy, one of the overt acts alleged was knowingly done by one of the conspirators in furtherance of some object or purpose of the conspiracy, then proof of the conspiracy offense charged is complete; and it is complete as to every person found by the jury to have been willfully a member of the conspiracy at the time the overt act was committed, regardless of which of the conspirators did the overt act.

**Authority**:  *United States v Falcone* (1940) 311 US 205, 85 L. Ed. 128, 61 S. Ct. 204; **Complete Manual of Criminal Forms 3d** | August 2018 Update, F. Lee Bailey, Kenneth J. Fishman.

## PROPOSED JURY INSTRUCTION NO. 5

### CONSPIRACY TO COMMIT OFFENSE 18 U.S.C. § 371

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States.

The defendant is charged with conspiring to evade taxes.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

> *First*:  That the defendant and at least one other person made an agreement to commit the crime of tax evasion as charged in the indictment;

> *Second*:  That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

> *Third*:  That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

**Authority**:  Fifth Circuit Pattern Jury Instruction 2.15A – Conspiracy *United States v. Njoku*, 737 F.3d 55, 63-66 (5th Cir. 2013); *United States v. Brooks*, 681 F.3d 678, 698 (5th Cir. 2012) (discussing this instruction); *United States v. Coleman*, 609 F.3d 699, 704 (5th Cir. 2010); *United States v. Peterson*, 244 F.3d 385, 389 (5th Cir. 2001); *United States v. Richards*, 204 F.3d 111, 208 (5th Cir. 2000); and *United States v. Soape*, 169 F.3d 257, 264 (5th Cir. 1999).

## PROPOSED JURY INSTRUCTION NO. 6

### INTENT - CONSPIRACY

Guilt must originate with an intent on the part of the Defendant to commit the crime and such intent must appear from his own acts and conduct. If you have a reasonable doubt as to the intent of the Defendant to commit the crime charged, you must return a verdict of not guilty.

In determining the question of knowledge or intent on the part of the Defendant, you must ascertain and determine his state of mind from the evidence. If you have a reasonable doubt as to such intent or knowledge on the part of the Defendant, you must return a verdict of not guilty as to the Defendant.

**Authority**:  F. Lee Bailey, Kenneth J. Fishman, Part 13. Charging and Sequestering Jury, Chapter 83. Elements of the Crime.

## PROPOSED JURY INSTRUCTION NO. 7

### PROOF OF MEMBERSHIP IN THE CONSPIRACY

One may become a member of a conspiracy without full knowledge of all the details of the conspiracy. On the other hand, a person who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

Before the jury may find that the Defendant, or any other person, has become a member of a conspiracy, the evidence in the case must show beyond a reasonable doubt that the conspiracy was knowingly formed, and that the Defendant, or other person who is claimed to have been a member, willfully participated in the unlawful plan, with the intent to advance or further some object or purpose of the conspiracy.

To act or participate willfully means to act or participate voluntarily and intentionally, and with specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, to act or participate with the bad purpose either to disobey or to disregard the law. So, if the Defendant, or any other person, with understanding of the unlawful character of a plan, knowingly encouraged, advised or assisted, for the purpose of furthering the undertaking or scheme, he thereby became a willful participant—a conspirator.

In determining whether a conspiracy existed, the jury should consider the actions and declarations of all of the alleged participants. However, in determining whether a particular defendant was a member of the conspiracy, if any, the jury should consider only his acts and statements. He cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed, and that he was one of its members.

If you find that the Defendant committed some overt act, but you find that there is no substantial evidence connecting him with the unlawful agreement, you must find him not guilty.

Once the conspiracy is ended, whether by failure, success or arrest, admissions made by the other Defendants or alleged co-conspirators are incompetent as against the Defendant, and you are instructed to disregard and ignore such admissions.

You are instructed that you may not consider against the Defendant any act or declaration or statement made by his co-defendant out of his presence as tending in any manner to establish his guilt, unless you first find that the following situations exist:

> that the act, declaration or statement was made during the existence of the alleged conspiracy;

> that the act, statement or declaration was done or made in furtherance of the object of the conspiracy; and

> that the Defendant is himself shown to have been a member of the conspiracy by his own acts and statements.

If any of the three situations do not exist, then you may not consider acts and declarations of alleged co-conspirators against the Defendant.

You are instructed that suspicion, however strong, is never proof under our concept of law and you may not substitute suspicion for evidence. Any inference of participation in this conspiracy cannot be made from the mere association between the Defendants.

Mere presence at the scene of an event, knowledge that a crime is being committed, or association with people involved in a crime does not necessarily establish a conspiracy. You must find a defendant to have been an active participant rather than a knowing spectator.

In order to find a defendant guilty of conspiracy, you must find beyond a reasonable doubt that he actively participated in the conspiracy. Mere knowledge of an illegal act on the part of an alleged co-conspirator is insufficient proof of guilt.


**Authority**:  **Complete Manual of Criminal Forms 3d** | August 2018 Update, F. Lee Bailey, Kenneth J. Fishman; *United States v. David A. Montgomery*, *Bridget M. Montgomery*, No. 12-20741 (S.D. Tex. Mar. 28, 2014).

## PROPOSED JURY INSTRUCTION NO. 8

### OVERT ACT

In order to sustain its burden of proof under Count 1 of the Indictment, the Government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goal(s) of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement.

You must unanimously agree that the same overt act(s) was committed.

Proof beyond a reasonable doubt of an agreement between two or more defendants to violate the laws of the United States, together with proof of the commission of one or more of the overt acts alleged by the indictment to be in furtherance of that agreement, will not warrant your conviction of such defendants who so agreed, unless you are further convinced, beyond a reasonable doubt, that the overt act proved was an act which in fact was intended to accomplish the object of the conspiracy. The fact that an act is alleged in the indictment to be an act in furtherance of a conspiracy is insufficient. The purpose of the overt act must be proved, not merely alleged.

In considering the conspiracy counts, you are instructed that a conspiracy cannot be proved merely by proof, beyond a reasonable doubt, that one of the overt acts alleged in fact occurred. A conspiracy is an agreement or design by two or more persons to violate some law of the United States. An overt act is an act done to accomplish that design. Both must be proved beyond a reasonable doubt.

**Authority**:  18 USC § 371, Manual of Model Criminal Jury Instructions (8th Circuit) § 5.06D; **Complete Manual of Criminal Forms 3d** | August 2018 Update, F. Lee Bailey, Kenneth J. Fishman; *United States v Falcone* (1940) 311 US 205, 85 L. Ed. 128, 61 S. Ct. 204; 2 Fed. Jury Prac. & Instr. § 31.07 (5th ed.).

## <u>PROPOSED JURY INSTRUCTION NO. 9</u>

### STATUTE OF LIMITATIONS

For you to find the defendant guilty, the government must prove beyond a reasonable doubt that the offense charged was committed within 6 years of the indictment.


**Authority**:  26 U.S.C. § 6531 *United States v. Williams*, 684 F.2d 296, 299 (4th Cir. 1982); *United States v. Grammatikos*, 633 F.2d 1013, 1022 (2d Cir. 1980); *United States v. Cianchetti,* 315 F.2d 584 (2d Cir. 1963); *Toussie v. United States*, 397 U.S. 112, 114 (1970); *United States v. Dandy*, 998 F.2d 1344, 1355 (6th Cir. 1993).

## PROPOSED JURY INSTRUCTION NO. 10

### GOOD FAITH

Good faith is a defense to willfulness, even if that good faith belief is objectively unreasonable. If you find that Pursley acted in good faith, you must acquit Pursley because his good faith is inconsistent with his having the intent to defraud or violate the law.

Pursley, of course, does not have to prove his good faith, since he does not have to prove anything. If the government established beyond a reasonable doubt that Pursley acted with specific intent to defraud, then Pursley could not have had good faith.

If Pursley believed in good faith that what he was doing followed the tax law, he would not have criminal intent.


**Authority**: *United States v. David A. Montgomery, Bridget M. Montgomery*, No. 12-20741 (S.D. Tex. Mar. 28, 2014); *United States v. Masat*, 948 F.2d 923, 931 n.15 (5th Cir. 1991); *United States v. Doyle*, 956 F.2d 73, 75-76 (5th Cir. 1992); *United States v. Wisenbaker*, 14 F.3d 1022, 1025 (5th Cir. 1994); *United States v. Simkanin*, 420 F.3d 397, 410 (5th Cir. 2005*); Cheek v. United States*, 111 S. Ct. 604, 609-13 (1991); *United States v. Burton*, 737 F.2d 439 (5th Cir. 1984), 440.

## PROPOSED JURY INSTRUCTION NO. 11

### GOOD FAITH RELIANCE ON COUNSEL/TAX PREPARER

One element that the government must prove beyond a reasonable doubt is that the defendant had the unlawful intent to defraud. Evidence that the defendant in good faith followed the advice of counsel or tax return preparer(s) would be inconsistent with such an unlawful intent. Unlawful intent has not been proved if the defendant, before acting, made full disclosure of all material facts to an attorney and/or CPA, received the attorney's and/or CPA's advice as to the specific course of conduct that was followed, and reasonably relied on that advice in good faith.

In order to rely on a good faith defense, the defendant must in fact have some "belief," either that his own understanding was correct or that he in good faith relied on the tax advice of a qualified tax professional.

Under certain circumstances, reliance on a qualified tax preparer is an affirmative defense to a charge of willful filing of a false tax return.


**Authority**:  Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.) § 5.9. *United States v. Bishop*, 291 F.3d 1100 (9th Cir. 2002); *United States v. Wilson*, 887 F.2d 69, 73 (5th Cir. 1989); *United States v. Masat*, 948 F.2d 923, 930 (5th Cir. 1991); *United States v. Loe*, 248 F.3d 449, 469 (5th Cir. 2001); *United States v. Charroux*, 3 F.3d 827, 831 (5th Cir. 1993).

## PROPOSED JURY INSTRUCTION NO. 12

### INCOME TAX EVASION

All counts of the indictment involve the two elements of having been knowingly and willfully done. Each of these elements must be established by the same degree of proof as every other element, that is, beyond a reasonable doubt, without regard as to whether the Defendant did in fact do the acts charged. Under the statute involved in this proceeding it is necessary, therefore, before you can find the Defendant guilty as to any count, as I have indicated, to find also beyond a reasonable doubt that he violated the law knowingly and willfully.

The word "willfully," as used in the statute and in each count, is an element of the charged offense different from intent and requires more specific proof.

Willfulness is also different from neglect. Negligence, even gross negligence, is not willfulness.

Willfulness means an intentional, conscious doing of the act prohibited, that is, intending the result which actually came to pass without any ground for believing that it was lawful; or conduct marked by a careless disregard as to whether it was lawful or not; or deliberate unwillingness to discover and obey the law. Put differently, it means an act done stubbornly, deliberately and/or perversely, with a bad purpose and evil intent and without regard to what the law provides.

**Authority**:  Manual of Model Criminal Jury Instructions (8th Circuit) § 6.26.7203, **Complete Manual of Criminal Forms 3d** | August 2018 Update, F. Lee Bailey, Kenneth J. Fishman.

## PROPOSED JURY INSTRUCTION NO. 13

### WILLFUL

Pursley must be found to have acted knowingly and willfully. The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

"Willfully" connotes a higher degree of criminal intent than knowingly. "Knowingly" means that an act was done voluntarily and not because of mistake or accident.

"Willfully" means an act was done with a conscious purpose to violate the law.

**Authority**:  5th Circuit Pattern Jury Instructions 1.38 "Willfully" *Cheek v. United States*, 111 S. Ct. 604, 609-11 (1991); *United States v. Pomponio*, 97 S. Ct. 22, 23-24 (1976), and *United States v. Bishop*, 93 S. Ct. 2008, 2017 (1973); *United States v. Miller*, 588 F.3d 897 (5th Cir. 2009); *United States v. David A. Montgomery*, Bridget M. Montgomery, No. 12-20741 (S.D. Tex. Mar. 28, 2014).

## PROPOSED JURY INSTRUCTION NO. 14

### ACCOMPLICE—INFORMER—IMMUNITY

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

**Authority**:  Fifth Circuit Pattern Jury Instructions 1.14; *United States v. Ordonez*, 286 F. App'x 224, 237 (5th Cir. 2008); *United States v. Zavala*, 541 F.3d 562, 578 (5th Cir. 2008); *United States v. Garcia Abrego*, 141 F.3d 142, 153 (5th Cir. 1998); *United States v. Goff*, 847 F.2d 149, 161 n.13 (5th Cir. 1988); *United States v. D'Antignac*, 628 F.2d 428, 435 n.10 (5th Cir. 1980); *Wilkerson v. United States*, 591 F.2d 1046 (5th Cir. 1979).

## PROPOSED JURY INSTRUCTION NO. 15

### FIFTH AMENDMENT PRIVILEGE

Pursley not having testified must not be used against him, considered by you at all, or even be discussed in your deliberations. The law does not require him to prove his innocence or to produce any evidence at all. Pursley must not pay any court-imposed price being deposed in a civil action but refusing to testify at his criminal trial.

**Authority**:  *United States v. David A. Montgomery*, *Bridget M. Montgomery*, No. 12-20741 (S.D. Tex. Mar. 28, 2014); *Hinojosa v. Butler*, 547 F.3d 285, 291 (5th Cir. 2008).

## PROPOSED JURY INSTRUCTION NO. 16

### SCOPE OF THE INDICTMENT

Pursley is not on trial for anything he may have done other than those acts described in the indictment.

**Authority**:  *United States v. David A. Montgomery*, *Bridget M. Montgomery*, No. 12-20741 (S.D. Tex. Mar. 28, 2014).

## PROPOSED JURY INSTRUCTION NO. 17

### WEIGHT OF WITNESS TESTIMONY

How much of a witness's testimony you believe and how much weight you give to that testimony is solely your discretion. Among the things you should consider in weighing testimony are the witness's:

1. Relationship to the parties,

2. Opportunity to know about the facts,

3. Interest in the outcome of the case,

4. Manner of testifying,

5. Candor, fairness, and intelligence, and

6. Being supported or contradicted by other evidence.

You may accept or reject the testimony of a witness in whole or in part. Someone who testifies against Pursley:

1. For immunity from punishment,

2. As a paid informant,

3. For personal advantage,

4. For vindication, or

5. As an alleged accomplice,

is personally interested in the outcome of the case. His/her testimony must always be examined with great caution. You must decide whether the witness' testimony has been influenced by those circumstances.

A witness may be discredited by evidence that (a) the witness testified falsely about a material matter, or (b) at some other time the witness said or did something, or failed to say or do something, inconsistent with the testimony he/she gave at this trial.

**Authority**:  *United States v. David A. Montgomery, Bridget M. Montgomery*, No. 12-20741 (S.D. Tex. Mar. 28, 2014).

## PROPOSED JURY INSTRUCTION NO. 18

### SUMMARY EXHIBITS

Some of the exhibits and testimony were summaries and charts of papers and other information that are in evidence. If your recollection of the evidence is different from a summary, please rely on your recollection.

**Authority**:  *United States v. David A. Montgomery*, *Bridget M. Montgomery*, No. 12-20741 (S.D. Tex. Mar. 28, 2014).