United States District Court
Southern District of Texas
**ENTERED**
August 28, 2019
David J. Bradley, Clerk

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

United States of America, §
§
    Plaintiff, §
§
versus §    Criminal Action H-18-575
§
Jack Stephen Pursley, §
§
    Defendant. §

# Preliminary Instructions to the Jury

1. Based on the evidence and my instructions about the law, you will decide whether the government has proved beyond a reasonable doubt that Jack Pursley committed the offenses in the indictment.

2. Proof beyond a reasonable doubt is evidence that is so convincing that you would be willing to have other people rely on it without hesitation in the most important of your own affairs.

3. Remember, Pursley is innocent, and remains innocent unless the government has proved its charges. All reasonable doubts benefit him.

4. Do not speculate on matters not in evidence.

5. What the lawyers say is not evidence. Objections to questions are not evidence. You should not be influenced by the objections or the court's rulings other than to (a) ignore a question when the objection is sustained and (b) treat it like a normal question if the objection is overruled.

6. How much of a witness's testimony you believe and how much weight you give to that testimony is solely your decision.
    A.   Among the things you should consider in weighing testimony are the witness's:

*Draft*

    (1)    relationship to the parties;
    (2)    opportunity to know about the facts;
    (3)    interest in the outcome of the case;
    (4)    manner of testifying;
    (5)    candor, fairness, and intelligence; and
    (6)    being supported or contradicted by other evidence.

  B.    Someone who testifies against the defendant:
    (1)    for immunity from punishment,
    (2)    as a paid informant,
    (3)    for personal advantage, or
    (4)    as an accomplice

is personally interested in the outcome of the case. His testimony must always be examined with great caution. You must decide whether that testimony has been influenced by those circumstances. You must not convict Pursley on the unsupported testimony of an interested witness unless you believe that testimony beyond a reasonable doubt.

  C.    You may accept or reject the testimony of a witness in whole or in part.

7. A witness may be discredited by evidence that (a) the witness testified falsely about a material matter, or (b) at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the testimony he gave at this trial.

8. Facts may be established by direct evidence, by circumstantial evidence, or both. Direct evidence is the testimony of witnesses who saw an act done or heard words spoken, or is something physical, like a writing or another object. Circumstantial evidence is what may be reasonably concluded from other facts.

9. At the end of the trial, you will make your decision based on what you recall of the evidence. If you would like, you may take notes. If you do, please keep them to yourself until you begin to deliberate. Do not let your note-taking distract you so that you do not hear all of the evidence as it is presented.

10. Do not let bias, prejudice, or sympathy play a part in your evaluation of the evidence.

11. The law does not require Pursley to prove his innocence or to produce any evidence at all.

12. Pursley is not on trial for anything he may have done other than those acts described in the indictment.

13. Because you are jurors, you may not be witnesses. Of course, you may use all of your experiences and education in evaluating the evidence; however, you may not:

    A. seek information from books, friends, the internet, or otherwise about the case; or

    B. tell other jurors about experiences you have had or things you have heard that are not in evidence.

14. If you learn anything about this case except through the evidence presented in court, please report that to me at once.

15. You may not discuss this case or the evidence with anyone, even your spouse. Discuss includes texts, e-mails, Twitter, Facebook, and extra-sensory perception. Do not talk about the case among yourselves until after you have heard my final instructions.

16. Please wear your juror badge the whole time you are around the courthouse to keep someone from accidentally talking about the case near you. If anyone should attempt to discuss this case with you, please report that to me at once.

17. To avoid even the appearance of improper contact, have no conversation at all with people whom you recognize as having a connection to the case, like lawyers, parties, and witnesses. You may, however, speak with the court's secretary, law clerks, marshal, or case manager if you have routine questions about parking, bathrooms, or the temperature.

18. Nothing that I do, like facial expressions or body language, is meant to indicate my preference for one side or the other. The important question is what you think of the testimony, not what I think.

19. Please keep an open mind. The evidence at the beginning is not necessarily better or worse than that offered later; you must not make up your mind about anything until all of the evidence has been heard.

20. You must follow my instructions on the law. Some of them will be formal like these and those at the end of the trial, but many will be relatively informal, like when I say, "Disregard the last answer," or something similar. All instructions are important.

Signed on August _____, 2019, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge