UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | NO. 4:18-CR-575 (HUGHES) |
| JACK STEPHEN PURSLEY, AKA STEVE PURSLEY | § § | |

**UNITED STATES' SUGGESTED CHANGES TO PROPOSED JURY INSTRUCTIONS**

The United States respectfully submits the following edits to the Court's proposed Jury Instructions.

**General Instructions**

- *Paragraphs 16 and 18*: These instructions correctly identify that the burden of proof is the Government's and that Mr. Pursley does not have to present any evidence. If Mr. Pursley at trial, however, suggests that the Government did not call a witness, such as Mr. Mooney's brother, to hide his testimony, the Government may later request that the Court modify these instructions to advise the jury that while Mr. Pursley is not required to prove his innocence or produce any evidence that he had the ability to call and compel witness testimony if he so chose.

- *Paragraph 19*: The Government recommends the following edit: "Owning, using, or creating multiple business – at home or abroad – is no indication, *by itself*, of any sort of wrongdoing." Doc. 187, Gen. Ins. ¶ 17. The Government believes that this change will help to convey to the jury that there is nothing *per se* wrong about using multiple businesses while also leaving open the possibility that other evidence will indicate that the businesses were used with a fraudulent intent.

- *Paragraph 20*: The Government recommends the following edits for clarity: "*You will have one complete set of all exhibits.* That some *selected* exhibits are in ~~the~~ *your individual* notebook and some are not has no meaning." Doc. 187, Gen. Ins. ¶ 20 (added text in italics).

- *Paragraph 23*: The Government recommends that the definition of "willfully" in this section be modified to follow the definition provided in special jury instructions. *See* Doc. 188, Special Jury Inst. ¶ 4. "Pursley must be found to have acted willfully. ~~Willfully means an act was done with a conscious purpose to violate the law.~~ *A defendant acts willfully when the law imposed a duty on him, he knew of that duty, and he voluntarily and intentionally violated the duty.*" Doc. 187, Gen. Ins. ¶ 23 (added text in italics). This modification more closely tracks the language for willfully found in the Fifth Circuit pattern instructions and the applicable case law. *See* 5th Cir. Pattern Jury Instructions Criminal Cases § 2.101 (2015 Ed.).

## Special Jury Instructions

- *Paragraph 2(B)*: The Government recommends that the jury instruction be modified to specify that Mr. Pursley joined the conspiracy willfully and that he knew that the conspiracy's purpose was to defraud the United States. The instruction would be modified as follows: "the defendant knew that the conspiracy's purpose ~~was unlawful and chose to participate in it~~ *was to defraud the government and joined in it willfully, that is, with the intent to defraud*;" Doc. 188, Gen. Ins. ¶ 2(B)(added text in italics from 5th Cir. Pattern Jury Instructions Criminal Cases § 2.15B (2015 Ed.)). Again, the Government believes that this edit more closely explains its burden in establishing the defendant's *mens rea*.

- *Paragraph 7*: This paragraph appears to use the word "offense" at various points as a substitute for the term "overt act." The Government believes that these substitutions cause more

confusion than clarity and recommends that the term "overt act' be used throughout this paragraph. The instruction would be modified as follows.

> The indictment charges that Pursley conspired to commit several overt acts. The government must prove beyond a reasonable doubt that Pursley conspired to commit at least one of these *overt acts* ~~offenses~~. You must unanimously agree on the *overt act or overt acts* ~~offense or offenses~~ – among those charged – that he conspired to commit. The government does not need to prove that he conspired to commit them all of them. If you all cannot agree ~~on at least~~ *that* one of the *overt acts was knowingly and willfully done, by at least one conspirator, in furtherance of* the conspiracy, you must find him not guilty.

Doc. 188, Gen. Ins. ¶ 7 (added text in italics).

- *Paragraph 12 – Financial Interest*: The Government additionally recommends adding the following clarifying language about the relevance of having a financial interest in a scheme:

> It has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

1 Modern Federal Jury Instructions-Criminal P 19.01, Instruction 19-6 Membership in the Conspiracy (2018).

- *Paragraph 15*: Count One of the Indictment charges that Pursley and Mooney sought to unjustly defraud the IRS by evading their collective tax obligations. As such, the Government recommends eliminating the word "his," which seems to suggest that the intent to defraud was solely focused on Pursley's tax returns. The government also recommends the use of the disjunctive word "or" because there is no requirement to prove that the defendant attempted to file both a false personal *and* corporate income tax return. The modified charge is as follows:

> The defendant cheated the United States out of money due it; by preventing –through dishonest means, like deceit or trickery- the service's computing and collecting ~~his~~ accurate personal *or* ~~and~~ corporate income taxes.

Doc. 188, Gen. Ins. ¶ 15 (added text in italics).

- *Counts Two, Three and Four Grouping*: This section presently groups the remaining tax evasion counts. Counts Two and Three charge Mr. Pursley with tax evasion for his personal 2009 and 2010 tax returns. By contrast, Count Four charges Mr. Pursley with tax evasion for attempting to evade tax due and owing for his co-conspirator's 2010 tax return. This is an important distinction that should be emphasized to the jury. As such, the Court may wish to have two separate instructions: one for Counts Two and Three and a separate instruction for Count Four.

    Separating the instructions is also warranted because at present paragraphs 2(A) and 2(B) suggest that all of the taxes were owed by Mr. Pursley. The current language is "Pursley owes a substantial tax deficiency" and "payment of the income taxes he owed." However, as described above, in Count Four, Mr. Pursley is charged with causing a substantial tax deficiency with respect to Mr. Mooney's 2010 tax return. Thus, the issue is not whether "he owed" the money but whether he caused a substantial tax deficiency for another person. The Government, thus, recommends that in addition to separating the counts that paragraphs 2(A) and 2(B) be modified in a revised instruction for Count Four.

- *Paragraph 2(C)*: The Government's final recommendation is to modify paragraph 2(C) so that it more closely conforms to the statutory language and the language of paragraph 2(B). The modified charge is as follows: "Pursley evaded or frustrated *assessment or* payment of federal income taxes willfully." Doc. 188, Gen. Ins. pg. 4, ¶ 2C (added text in italics).

The Government respectfully submits that these edits will help to clarify the instructions and to ensure that they conform with the law.

        Respectfully submitted,

        RYAN K. PATRICK
        UNITED STATES ATTORNEY

        /s/ Sean Beaty
        Sean Beaty
        Grace E. Albinson
        Jack A. Morgan
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        150 M Street, NE
        Washington D.C. 20002
        (202) 616-2717
        Sean.P.Beaty@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a copy of this document on all counsel of record.

Sean Beaty
Trial Attorney, Tax Division