| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

United States of America, §
§
Plaintiff, §
§
versus § Criminal H-18-575
§
Jack Stephen Pursley, §
§
Defendant. §

## Special Jury Instructions

*Count One: Conspiracy.*

1. Jack Stephen Pursley is charged in count one with conspiring to cheat the United States. Title 18 of the United States Code, Section 371.

2. To establish that a person is guilty of this charge, the government must prove three things beyond a reasonable doubt:
   A. two or more people came to an understanding – a conspiracy – to obstruct the Internal Revenue Service in its collection of income taxes;
   B. the defendant knew that the conspiracy's purpose was to defraud the government and joined it willfully with the intent to defraud; and
   C. some member of the conspiracy knowingly acted – as described in the indictment – to carry out some part of the plan.

3. In each count of the indictment, a separate crime is charged against Pursley.


Draft Two

4. For each count, the evidence about it must be considered separately.

5. You have heard evidence of acts of Pursley that may be similar to those in the indictment but that (a) are not indicted and (b) were done on other occasions. You must decide whether Pursley did the acts in the indictment without considering evidence of other, uncharged acts.

6. If you find beyond a reasonable doubt from other evidence that the defendant did the indicted acts, then you may consider the evidence of similar acts on other occasions *only* to determine whether the defendant committed the indicted acts knowingly and wilfully – rather than by mistake.

7. The indictment charges that Pursley conspired to commit several overt acts. The government must prove beyond a reasonable doubt that Pursley conspired to commit at least one of these overt acts. You must unanimously agree on the overt act or overt acts – among those charged – that he conspired to commit. The government does not need to prove that he conspired to commit all of them. If you all cannot agree that one of the overt acts was knowingly and willfully done, by at least one conspirator, to accomplish the purpose of the conspiracy, you must find him not guilty.

8. The evidence does not need to show that the participants in a conspiracy had an express agreement.

9. The evidence need not establish that each participant was aware of or participated in every aspect of the agreement.

10. Mere presence at the scene of an event, knowledge that a crime is being committed, or association with people involved in a crime does

not necessarily establish an agreement. You must find the defendant to have been an active participant rather than a knowing spectator.

11. A person does *not* become a participant in the conspiracy if he (a) has no knowledge of the conspiracy, and (b) only happens to act in a way that advances some purpose of the conspiracy.

12. In determining whether the defendant was a member of a conspiracy, you must consider only the evidence about the defendant's own acts and statements. He is not responsible for the acts or statements of other participants until it is established beyond a reasonable doubt that: (a) a conspiracy existed, and (b) the defendant was one of its members.

    To be found a participant in the conspiracy, Pursley need not have had a financial interest in the conspiracy's outcome. If you find that he did, then you may consider that interest when determining whether Pursley was a member of the conspiracy charged.

13. If you do find that a conspiracy existed and the defendant was a participant, the statements and acts by other participants during the agreement and in its furtherance may be considered by the jury against the defendant even though he may not have been present.

14. An act done to carry out the conspiracy's plan may be a legal or an illegal act as long as it was directly related to cheating the United States.

15. For the defendant to have defrauded the United States by obstructing the Internal Revenue Service, the government must prove beyond a reasonable doubt that:
    A. the defendant cheated the United States out of money due it;

    B.    by preventing through dishonest means – like deceit or trickery – the service's computing and collecting accurate personal or corporate income taxes.

*Counts Two and Three: Tax Evasion.*

1. Pursley is charged in counts two and three with willfully attempting to evade or not pay federal income tax. Title 26 of the United States Code, Section 7201.

2. To establish that Pursley is guilty of this charge, the government must prove beyond a reasonable doubt that:
   - A. Pursley owes a substantial tax deficiency to the Internal Revenue Service;
   - B. Pursley did at least one affirmative act to evade or frustrate assessment or payment of the income taxes he owed; and
   - C. Pursley evaded or frustrated assessment or payment of federal income taxes willfully.

3. An act is affirmative if the likely effect of the conduct would be to mislead or conceal a tax liability.

4. A defendant acts willfully when the law imposed a duty on him, he knew of that duty, and he voluntarily and intentionally violated that duty.

5. An overt act need not be illegal in itself.

*Count Four: Tax Evasion.*

1. Pursley is charged in count four with willfully attempting to evade or frustrate assessment or payment of federal income tax. Title 26 of the United States Code, Section 7201.

- 4 -

2. To establish that Pursley is guilty of this charge, the government must prove beyond a reasonable doubt that:
   A. Pursley caused a substantial tax deficiency to the Internal Revenue Service for another person;
   B. Pursley did at least one affirmative act to evade or frustrate assessment or payment of another person's income taxes; and
   C. Pursley evaded or frustrated assessment or payment of federal income taxes willfully.

   _____
   Lynn N. Hughes
   United States District Judge