UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**
September 05, 2019
David J. Bradley, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | Case 4:18-cr-00575 |
| Plaintiff, | § | |
| v. | § | |
| JACK STEPHEN PURSLEY, | § | |
| Defendant. | § | |

### PURSLEY'S MOTION FOR JUDGMENT OF ACQUITTAL UNDER FED. R. CRIM. P. 29

COMES NOW, DEFENDANT PURSLEY, and files a motion for judgment of acquittal as to all counts in the Indictment under Fed. R. Crim. P. 29:

### I. INSUFFICIENT EVIDENCE OF CRIMINAL *MENS REA* (GERMANE TO ALL COUNTS)

The Government alleges that Mooney transferred to Pursley approximately $4.8 million, with $900,000 of that being transferred in 2007 and 2008, which years have not been independently charged as Tax Evasion. These amounts were reported on corporate tax returns as "capital contributions." Subsequently, the withdrawal of these funds was reported as "returns of capital." ***These amounts were not hidden or secreted away.*** The Government was aware of these contributions and returns of capital since the returns were filed. *Ipso facto*, there is no evidence of criminal scienter in this case. *See United States v. Diggles*, 928 F.3d 380, 388 (5th Cir. 2019) ("Before getting into Walter's count-specific arguments, we address one more generally applicable issue: intent to defraud. Insufficient evidence of that intent would undermine most of Walter's convictions.").

The closest that the Government gets is the "return of capital" when that money had not been taxed yet. However, the problem is that the Government has no evidence that Pursley knew

1

*Denied  6:15 p.m.  09.05.19*

this particular rule of taxation. Indeed, Bratcher testified that he never asked Pursley about the characterization of the money as return of capital:

> Q: Did you ask Mr. Pursley?
> A: I don't ask anyone.
> Q: So if you didn't ask him wouldn't that be an assumption that you're making based upon your past practice?
> A: **Okay. Yes.**

Further to this point, there is no evidence sufficient for a reasonable juror to believe beyond a reasonable doubt that Mr. Pursley believed the capital contributions made into his companies were taxable transactions. The insufficiently corroborated testimony of interested witnesses—i.e., Shaun Mooney, Charles Gillis, and Eduard Venerabile—does not meet the applicable standard. The standard jury instructions direct that the jurors are to receive the testimony of interested witnesses with "great care." The Defense believes the Court will instruct the jury that they "must not convict Pursley on the unsupported testimony of an interested witness unless you believe that testimony beyond a reasonable doubt." For purposes of the instant Rule 29 motion, Pursley contends that the Government has not adduced sufficient evidence to predicate a guilty verdict.

## II. INSUFFICIENT EVIDENCE AS TO COUNT ONE (CONSPIRACY TO DEFRAUD THE UNITED STATES)

No rational juror could conclude the Government presented evidence of conspiratorial agreement beyond a reasonable doubt. Viewed in the light most favorably to the Government, the germane facts are these:

Pursley was not around when Southeastern Shipping was incorporated; to the contrary, Mooney testified that he relied on Pat Murphy for professional advice. Also, Mooney testified that he went to Pursley to get help to move money back on shore. Pursley specifically told Mooney that he did not give tax advice and sought out tax attorneys to help. The key point is that the money

should have been taxed when earned—**not when brought back on shore**—and any deficiency in this regard was the fault of Mooney alone.

### III. INSUFFICIENT EVIDENCE AS TO COUNTS TWO, THREE, AND/OR FOUR

To establish a violation of § 7201, the Government must prove the following elements beyond a reasonable doubt: (1) an affirmative act constituting an evasion or attempted evasion of a tax; (2) the existence of a tax deficiency; and (3) willfulness. *Kawashima v. Holder*, 132 S.Ct. 1166, 1174 (2012); 26 U.S.C. § 7201.

An affirmative act of evasion is "any conduct, the likely effect of which would be to mislead or to conceal." *Spies v. United States*, 317 U.S. 492, 499 (1943); *see also United States v. Miller*, 588 F.3d 897, 907 (5th Cir. 2005) (quoting this same sentence from *Spies*). In *Spies*, "[b]y way of illustration, and not by way of limitation," the Court listed several examples of conduct from which a willful affirmative act can be inferred: "keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind." 317 U.S. at 499.

Pursley contends that the Government has not adduced evidence from which a rational juror could conclude beyond a reasonable doubt that he had criminal scienter to engage in any act on this list. At the baseline level of analysis, the only direct evidence against Pursley came from interested witnesses Mooney, Gillis, and Venerabile. As stated above, the three can in no sense be corroborative of one another. Mr. Gillis has been given immunity. Mr. Venerabile is employed by Mr. Mooney's largest customer and describes himself as Mr. Mooney's friend of several decades. Mr. Mooney is currently in litigation with Mr. Pursley which he described as costing him "millions" in attorneys' fees.

3

CONCLUSION

This Court must dismiss all counts of the Indictment.

Respectfully submitted,

/s/ Victor D. Vital
Victor D. Vital
State Bar Number 00794798
S.D. Texas Bar Number 25730
Alicia M. Barrs
State Bar Number 24109620
S.D. Texas Bar Number 3438290
BARNES & THORNBURG LLP
2121 N. Pearl Street, Suite 700
Dallas, TX 75201-2469
Telephone: (214) 258-4200
Facsimile: (214) 258-4199
victor.vital@btlaw.com
abarrs@btlaw.com

Nicole Therese LeBoeuf
State Bar Number 00791091
S.D. Texas Bar Number 29595
LEBOEUF LAW PLLC
325 N. St. Paul, Ste. 3400
Dallas, TX 75201
Telephone: (214) 624-9803
Facsimile: (214) 602-4353
nicole@leboeuflaw.com

Seth H. Kretzer
State Bar Number 24043764
LAW OFFICES OF SETH KRETZER
440 Louisiana Street, Suite 1440
Houston, TX 77002
Telephone: (713) 775-3050
Facsimile: (713) 929-2019
seth@kretzerfirm.com

*Attorneys for Defendant Jack Stephen Pursley*

## CERTIFICATE OF SERVICE

I, Seth Kretzer, do hereby certify that a true and correct copy of the foregoing document has been electronically filed with the clerk of the Court using CM/ECF system, which will send electronic notification of this filing to all counsel of record on this the 5th day of September 2019.

By: /s/ Seth Kretzer
Seth Kretzer