UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> JACK STEPHEN PURSLEY, § <br> § <br> *Defendant.* § | Cause No. 4:18-cr-575 |

### PURSLEY'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FED. R. CRIM. P. 29(c)

COMES NOW Defendant Jack Stephen Pursley ("Pursley") and moves this Court to enter a judgment of acquittal under FED. R. CRIM. P. 29(c).

### LEGAL FRAMEWORK

FED. R. CRIM. P. 29(c) reads:

(c) After Jury Verdict or Discharge.

(1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.

(2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.

(3) No Prior Motion Required. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

### PURSLEY MADE A RULE 29 MOTION AT THE CLOSE OF THE CASE-IN-CHIEF

At the close of the Government's case-in-chief, on September 5, 2019, Pursley filed his Motion for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29 ("Rule 29 Motion") [Dkt. No.

PAGE 1

214]. This Court denied the motion from the bench and entered a written order denying the motion, in the form of the word "denied" signed on a copy of the aforementioned motion [Dkt. No. 215, p. 1].

## MOTION AND GROUNDS

Pursley hereby re-asserts and incorporates herein all legal bases and arguments previously articulated in that Rule 29 Motion.

As to Count 1 of the Indictment, no rational juror could find sufficient evidence of any or all elements of the charged offense (to specifically include the statutorily prescribed *mens rea*) beyond a reasonable doubt.

As to Count 2 of the Indictment, no rational juror could find sufficient evidence of any or all elements of the charged offense (to specifically include the statutorily prescribed *mens rea*) beyond a reasonable doubt.

As to Count 3 of the Indictment, no rational juror could find sufficient evidence of any or all elements of the charged offense (to specifically include the statutorily prescribed *mens rea*) beyond a reasonable doubt.

As to Count 4 of the Indictment, no rational juror could find sufficient evidence of any or all elements of the charged offense (to specifically include the statutorily prescribed *mens rea*) beyond a reasonable doubt.

## ARGUMENT

In addition to the facts outlined in the Rule 29 Motion and the Grounds set forth above, the facts outlined below further support Pursley's renewed request for acquittal.

A. <u>The Government's Primary Inculpating Witnesses—Shaun Mooney, Charles Gillis, and Eduard Venerabile—Were Personally Interested Witnesses</u>.

Shaun Mooney ("Mooney"), Charles Gillis ("Gillis"), and Eduard Venerabile ("Venerabile") were far more than "personally interested," they were **significantly invested** in the outcome of the

case. Their testimony should have been "examined with great caution." [Dkt. No. 220, p. 4, Instruction 22B]. Mooney testified under immunity from prosecution. Mooney is also engaged in a civil dispute with Pursley, for events arising out of the same business relationship explored during trial, and has potential liability exposure of millions of dollars. Gillis testified under a non-prosecution agreement. Venerabile essentially testified that he was an agent of Mooney's and does whatever he is told to do by Mooney. Further, Mooney's largest client, Noble Drilling, has since employed Venerabile.

The testimony of Mooney, Gillis, and Venerabile was internally inconsistent, contradictory, and unsupported by corroborating evidence. Moreover, the personally interested testimony was uncorroborated by evidence sufficient to persuade a rational juror beyond a reasonable doubt. The alleged corroborating evidence referenced by the Government during its case-in-chief and in closing argument, was not indicative of guilt. The black-letter law clearly explains that Pursley's association with people involved in a crime is insufficient to establish his complicity or even his participation in the conspiracy. The Government's so-called corroborating evidence established little more than an unremarkable attorney-client or legitimate business partner relationship. To that point, it is also black-letter conspiracy law that a person (like Pursley) who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator. The evidence of Pursley's alleged guilt is equally explainable as Pursley acting legitimately, which just happened to advance the conspiracy to which Mooney, Gillis, and Venerabile testified. Therefore, the evidence is not supportive of the Government's interested testimony, making the evidence and testimony of the Government's primary witnesses legally insufficient to support a conviction.

B. <u>Revenue Agent Frazier's Testimony Was Legally Insufficient to Convict Mr. Pursley</u>.

Agent Frazier offered no evidence upon which to convict Mr. Pursley. First, Frazier is personally interested, as he works for the IRS; and second, he offered no evidence indicative of

the alleged crime (most importantly, *mens rea*).  At most, he testified regarding the movement of money in and out of accounts under Pursley's control, which in and of itself is not illegal.

## CONCLUSION

As a result, Pursley requests this Court enter a Judgment of Acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure.

Respectfully submitted,

*/s/ Victor D. Vital*
Victor D. Vital
State Bar Number 00794798
S.D. Texas Bar Number 25730
Alicia M. Barrs
State Bar Number 24109620
S.D. Texas Bar Number 3438290
BARNES & THORNBURG LLP
2121 N. Pearl Street, Suite 700
Dallas, TX 75201-2469
Telephone: (214) 258-4200
Facsimile: (214) 258-4199
victor.vital@btlaw.com
abarrs@btlaw.com

Nicole Therese LeBoeuf
State Bar Number 00791091
S.D. Texas Bar Number 29595
LEBOEUF LAW PLLC
325 N. St. Paul, Ste. 3400
Dallas, TX 75201
Telephone: (214) 624-9803
Facsimile: (214) 602-4353
nicole@leboeuflaw.com

Seth H. Kretzer
State Bar Number 24043764
S.D. Texas Bar Number 680773
LAW OFFICES OF SETH KRETZER
440 Louisiana Street, Suite 1440
Houston, TX 77002
Telephone: (713) 775-3050
Facsimile: (713) 929-2019
seth@kretzerfirm.com

***Attorneys for Defendant Jack Stephen Pursley***

## CERTIFICATE OF SERVICE

I certify that on September 20, 2019, a copy of this document was served on all counsel of record through filing on the ECF System.

*/s/ Victor D. Vital*
Victor D. Vital