UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:18-CR-575 |
| | § | (HUGHES) |
| JACK STEPHEN PURSLEY, | § | FILED UNDER SEAL |
| AKA STEVE PURSLEY | § | |

## THE GOVERNMENT'S MOTION FOR COSTS OF PROSECUTION

The United States of America, by and through undersigned counsel, respectfully submits this memorandum, together with the declaration of Tax Division Trial Attorney Grace Albinson (attached hereto as Exhibit A), in connection with its request that the Court impose, as part of its sentence, allowable "costs of prosecution." As we demonstrate below, an award of costs is a mandatory part of the defendant's sentence for his conviction of the tax evasion offenses contained in Counts Two through Four. As detailed in the bill of costs (attached to the Albinson Affidavit as Exhibit B), the allowable costs sought by the government total $24,709.64.

**A. Background**

On September 6, 2019, following a four-day trial that involved the testimony of eleven witnesses and the introduction of over 400 exhibits, the jury convicted Pursley of all four counts in the indictment. In particular, the jury convicted on three counts under 26 U.S.C. § 7201, which charged Pursley with engaging in a scheme to evade the income taxes of Pursley for the tax years 2009 and 2010 (Counts Two and Three), as well as the income taxes of Shaun Mooney, Pursley's law client, for the tax year 2010 (Count Four). The jury also convicted Pursley on one count of conspiracy to defraud the Internal Revenue Service under 18 U.S.C. § 371, based principally on the same conduct charged in Counts Two through Four.

1

B. **Governing Legal Principles**

The tax evasion statute, 26 U.S.C. § 7201, provides in pertinent part that a defendant convicted under that provision of the Internal Revenue Code "s*hall* be fined not more than $100,000…or imprisoned not more than 5 years, or both, together with the costs of prosecution." *Id.* (emphasis added). Congress's use of the word "shall" in the statute means that costs must be imposed as a mandatory component of the sentence. Indeed, as the Seventh Circuit recognized in *United States v. Jungels,* 910 F.2d 1501 (1990), pursuant to both the both the tax evasion and false return statutes,

> the district court has discretion to impose either a fine or imprisonment or both on a defendant. The court must however award costs. The grammatical structure of the statute and the use of the word 'shall' can only mean that the provision regarding costs is mandatory.

*Id.* at 1504. *See also United States v. Procario*, 361 F.2d 683, 684 (2d Cir. 1966) (tax evasion statute "expressly provides" that defendant "is liable" for costs); *United States v. Robbins*, 220 Fed. App'x 859, 863 (10th Cir. 2007) (costs of prosecution mandatory under false return statute, 26 U.S.C. § 7206); *United States v. Palmer,* 809 F.2d 1504, 1506 (11th Cir.1987) (costs of prosecution mandatory under identical language contained in failure-to-file-tax-return statute, 26 U.S.C. § 7203); *United States v. Saussy*, 802 F.2d 849, 855 (6th Cir. 1986) (same); *United States v. Wyman,* 724 F.2d 684, 688 (8th Cir.1984) (same); *United States v. Chavez,* 627 F.2d 953, 955 (9th Cir.1980) (same).

In addition to the mandatory "costs of prosecution" provisions contained in the tax evasion and other tax fraud statutes noted above, another statutory provision permits the court to assess "costs of prosecution" for a wide variety of criminal offenses. In particular, 28 U.S.C. § 1918(b), provides that, whenever "any conviction for any offense not capital is obtained in a district court, the court may order that the defendant pay the costs of prosecution." Although the imposition of

2

costs pursuant to § 1918(b) is discretionary and not mandatory, the statute, by its terms, applies to all non-capital offenses. It thus applies to Pursley's conviction under the general conspiracy statute, 18 U.S.C. § 371.

The government incurs myriad costs in connection with the prosecution of a criminal case. Not all of those costs, however, can be recouped under the aforementioned statues. Rather, the allowable "costs of prosecution" for those, like Pursley, convicted under the tax evasion and conspiracy statutes are limited to those costs enumerated in 28 U.S.C. § 1920. *See United States v. Procario*, 361 F.2d at 684; *see also United States v. Stefonek*, 179 F.3d 1030, 1037 (7th Cir. 1999) (Section 1920 provides the exclusive list of "costs of prosecution" that must be assessed against criminal defendants in tax prosecutions under 26 U.S.C. §§ 7206 & 7202). The allowable costs under § 1920, include (1) fees of the clerk and marshal; (2) fees of the court reporter for transcripts; (3) fees for printing and witnesses; (4) fees for exemplification and copies of documents; (5) docket fees; and (6) compensation of court-appointed experts and interpreters.

**C. Discussion**

Pursuant to the foregoing authorities, the following costs must be imposed as part of Pursley's sentence.

*Fees for Transcripts*

The government seeks fees in the amount of $1,152.60 for the cost of grand jury transcripts for the testimony of three witnesses. Pursuant to the requirements of the Jencks Act, 18 U.S.C. § 3500, and at the defendant's request, the government turned over to the defendant the grand jury transcripts prior to trial. Not only are transcript fees permitted by 28 U.S.C. § 1920, their costs are foreseeable and reasonable and should be taxed to the defendant. *See United States v. Pommerening,* 500 F.2d 92 (10th Cir. 1974) (finding the trial court did not abuse its discretion in

allowing costs against defendants for stenographic transcript of grand jury testimony of witnesses not testifying at trial).

The government also seeks fees in the amount of $1,300 for rough daily copies of the trial transcripts. The relatively low cost of these rough transcripts was necessary for the government because in this fact-intensive, multi-year tax fraud case, the government anticipated the need to refer to the trial transcripts in order to prepare its closing argument and respond to matters occurring during trial. The award of costs of a trial transcript is a matter properly committed to the sound discretion of the court. *See United States v. Procario,* 361 F.2d 683 (2d Cir. 1966) (allowing for costs of daily transcripts in prosecution for tax evasion); *see also Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973) (allowing for costs of daily transcripts under § 1920).

*Fees for Witnesses and Witness Travel Expenses*

The government seeks travel expenses and fees for six government witnesses who testified at trial, totaling $6,287.24. 28 U.S.C. § 1821(c)(4) mandates that "[a]ll normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to Section 1920 of this title." Taxable costs have been held to include necessary travel and subsistence expenses of government witnesses. *See United States v. McKenna*, 791 F. Supp. 1101 (E.D. La.), aff'd, 980 F.2d 1443 (5th Cir. 1992) (government was entitled to recover "costs of prosecution" for making false tax returns, including reimbursement of witness' travel and subsistence.) Moreover, all witnesses for which the government seeks costs provided testimony necessary to the government's case against the defendant.

*Fees for Exemplification and Costs of Making Copies*

The government seeks $7,126 for the cost of binders containing the government's exhibits for trial. Notably, the government is only seeking 50% of the total cost of these binders (the total

4

cost was $14,253) because after the binders were made, the government eliminated some trial exhibits. The government requests only 50% of the costs of the binders because this is a conservative estimate of the cost of copying the exhibits the government used a trial, all of which were necessary to prove the government's case. The government estimates that it actually eliminated only 25% of exhibits prior to trial. Moreover, the Court should not have any pause in ordering reimbursement to the government for these fees as they are a specifically enumerated taxable item listed in 28 U.S.C. § 1920.

*Costs of Rule 15 Deposition – Kerry Smith*

Finally, the government seeks recovery of $8,843 in costs associated with the videotaped Rule 15 deposition of Ms. Kerry Smith that the Court granted, which took place over the course of two days in the Isle of Man. The witness was deposed in the Isle of Man via video and audio recording, and portions of the video recording were played by both the defense and prosecution at trial. The requested costs comprise fees for the court reporter and videographer, including their appearance and travel, fees for the editing of the video, and fees for the official transcript of the deposition. 28 USC 1920(2) specifically provides for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." This language provides strong footing for this Court to issue costs to the prosecution for the transcript and video deposition of Ms. Smith. The deposition was necessary to the prosecution's case because Ms. Smith not only authenticated exhibits used in the government's case, but also provided key testimony via the videotaped deposition that the prosecution used in its case in chief.

CONCLUSION

Pursley, not the government, chose his co-conspirators and the location of his crimes. The prosecution of this case occurred only at great expense to the government, occasioned

by Pursley's own actions. The evidence showed Pursley was responsible for the hiring of multiple attorneys (who were prosecution witnesses), and the convoluted methods of transferring the funds to the United States through the use of numerous bank accounts. The defendant had others create numerous foreign entities, and used a Brazilian citizen to make the so-called investments into United States companies appear to be tax-free. This was all done by Pursley to evade the payment of tax obligations owed by the defendant and his conspirator, Shaun Mooney. The charges for which Pursley was convicted, therefore, necessarily entailed more travel than those ordinarily associated with a tax prosecution. The government was obligated to incur significant costs in gathering foreign documents and obtaining witnesses scattered throughout the nation and world. This Court should grant the government's conservative request for costs of prosecution.

Dated: March 13, 2020

Respectfully submitted,

RYAN K. PATRICK
UNITED STATES ATTORNEY

/s/ *Grace E. Albinson*
Grace E. Albinson
Sean Beaty
Jack A. Morgan
Trial Attorney, Tax Division
U.S. Department of Justice
150 M. Street, N.E.
Washington, D.C. 20002
(202) 616-3311
Grace.E.Albinson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a copy of this document on all counsel of record.

/s/ *Grace E. Albinson*
Grace E. Albinson
Trial Attorney, Tax Division