UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:18-CR-575 |
| | § | (HUGHES) |
| JACK STEPHEN PURSLEY, | § | |
| AKA STEVE PURSLEY | § | |

## UNITED STATES' OPPOSITION TO
## PURSLEY'S MOTION FOR RELIEF UNDER 18 U.S.C. § 3582

Defendant Jack Stephen Pursley (Pursley) has failed to show that "extraordinary and compelling reasons warrant" his early release from prison, particularly since Pursley has already been fully vaccinated against the COVID-19 virus. The Court should therefore deny his motion for relief under 18 U.S.C. § 3582(c)(1)(A).

## FACTS

Pursley was convicted by a jury of his peers on September 6, 2019 on conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and three counts of tax evasion, in violation of 26 U.S.C. § 7201. At the August 5, 2020 sentencing, the Court determined the applicable Sentencing Guidelines range to be 78 to 97 months in prison; however, the Court graciously granted Pursley a significant downward variance, and imposed a term of incarceration of 24 months.

Pursley surrendered to the Bureau of Prisons on September 17, 2020. After serving three months of his sentence, Pursley petitioned the Bureau of Prisons for early

1

release. Dkt. No. 303-2, p. 2. The Warden of FCC Oakdale denied Pursley's request for early release on January 11, 2021, noting that Pursley did not qualify for home confinement because he had only served 20.2% of his sentence. *Id.*, p. 4.

On March 17, 2021, six months to the day after surrendering to Bureau of Prisons custody, Pursley moved the Court under 18 U.S.C. § 3582(c)(1)(A) to be resentenced to home confinement. In his motion, Pursley leans heavily on the ravages of the COVID-19 pandemic and implies that he is at a significantly heightened risk from complications of coronavirus infection due to his health conditions.

For reasons only known to Pursley, the defendant failed to apprise the Court of an important fact: Pursley received his initial dose of the Moderna COVID-19 vaccine on January 7, 2021, and his second dose of the vaccine on February 3, 2021. *See* Ex. 1 (attached hereto).

## **ARGUMENT**

With the recent influx of compassionate relief motions filed in the last year, this Court is well-familiar with the standard for granting relief under 18 U.S.C. § 3582(c)(1)(A):

> A court can modify a term of imprisonment by granting compassionate release under 18 U.S.C. § 3582(c)(1)(A) after a defendant fully exhausts their administrative right and if the court also finds that extraordinary and compelling reasons warrant a modification. Any reduction must comply with the policy statement found in U.S.S.G. § 1B1.13(2) that authorizes early release if the defendant is not a danger to any other person or the community as provided in 18 U.S.C. § 3142(g).

> Compassionate release under § 3582(c)(1)(A) is discretionary and depends on the court's consideration of the policy statement and other factors found in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13 reflects that early release is available if the defendant: [*2] (A) is suffering from a terminal illness or a serious physical or mental health condition substantially diminishing the ability for self-care in a prison environment; (B) is at least 65 years old, experiences a serious deterioration in physical or mental health because of age, and has served at least 10 years or 75 percent of the prison term, whichever is less; (C) has family circumstances where the defendant would be the only caregiver for an incapacitated spouse, registered partner, or child; and (D) has an extraordinary and compelling reason other than, or in combination with, the other reasons.

*United States v. Villegas-Contreras*, No. H-17-0016-2, Hughes, J., 2020 U.S. Dist. LEXIS 146579, at *1-3 (S.D. Tex. Aug. 14, 2020). *See also, United States v. Cooper*, No. H-09-132-1, Rosenthal, C.J., 2020 U.S. Dist. LEXIS 171752, at *3-5 (S.D. Tex. Sep. 4, 2020).

"[A] compassionate release … is an extraordinary and rare event," *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019), and Pursley bears the burden to prove that he is entitled to relief. *See United States v. Stowe*, No. H-11-803 (1), Miller, J., 2019 U.S. Dist. LEXIS 166170, at *5 (S.D. Tex. Sep. 25, 2019); *see also, United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

### Pursley raises the same arguments regarding his health now that he made at sentencing.

Pursley appended to his motion for early release doctors' notes, dated in July 2020, from a neurologist and an ophthalmologist relating to various ailments. If they appear familiar to the Court, it is because Pursley submitted the same documentation in support of his sentencing memorandum. *Compare* Dkt. No. 303-3 *with* Dkt No. 262,

3

Ex. L. Pursley also made the same arguments with respect to the COVID-19 pandemic at sentencing. *See* Dkt. No. 290 (transcript of sentencing), pp. 39-40, 45-47.

Even if the Court accepts that Pursley's health conditions could have subjected him to an increased risk of serious harm from COVID-19 compared to the population in general, Pursley is now fully vaccinated against the virus. Ex. 1. Pursley is thus at a significantly lower risk of grave illness or death because of infection. The defendant also poses a much lower risk of transmitting the COVID-19 virus to fellow inmates.

At least two district courts in this Circuit have denied early release to defendants with myriad underlying medical conditions who received the COVID-19 vaccine, finding that "vaccination significantly reduces [the] risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection." *See United States v. Beltran*, No. 6:16-4(SSSS)-4, Rainey, J. 2021 U.S. Dist. LEXIS 23281, at *9 (S.D. Tex. Feb. 1, 2021) (quoting *United States v. Isidaehomen*, 2021 U.S. Dist. LEXIS 12718, 2021 WL 243458, at *3 (N.D. Tex. Jan. 25, 2021)).

Insomuch as this Court already considered the same arguments regarding Pursley's health in fashioning his 24 month sentence (including a sizeable downward variance), and Pursley's risk of infection has been mitigated by vaccination, the defendant cannot show that his health conditions are "extraordinary and compelling reasons [that] warrant" his early release from prison.

**The Bureau of Prisons system already accounts for and credits Pursley's good behavior.**

Pursley also argues that his "impeccable conduct" during his first six months in prison forms an additional basis for early release under 18 U.S.C. § 3582(c)(1)(A). It does not. As commendable as "impeccable conduct" is, evidence of Pursley's good behavior in prison is not an "extraordinary and compelling reason" for a sentence reduction. *United States v. Hood*, No. H-99-259, Rosenthal, C.J., 2020 U.S. Dist. LEXIS 168451, at *35 (S.D. Tex. Sep. 15, 2020).

More importantly, Pursley is already receiving credit for his good behavior. 18 U.S.C. § 3624(b)(1) permits the Bureau of Prisons to credit a defendant's sentence to up to 54 days for each year of imprisonment sentenced by the Court. Should Pursley continue to refrain from committing infractions for the duration of his incarceration, he can look forward to being released almost four months early. Indeed, the Bureau of Prisons' inmate locator already anticipates Pursley receiving full credit for his good behavior, showing an anticipated release date of May 30, 2022.



The Court should not give Pursley additional credit for merely abiding by the rules of the prison while he is incarcerated.

## CONCLUSION

Having failed to show that "extraordinary and compelling reasons warrant" Pursley's early release from prison, the Court should deny the defendant's motion for relief under 18 U.S.C. § 3582(c)(1)(A).

Respectfully submitted,

DAVID A. HUBBERT
ACTING ASSISTANT
ATTORNEY GENERAL

Sean Beaty
Trial Attorney, Tax Division
U.S. Department of Justice
150 M. Street, N.E.
Washington, D.C. 20002
(202) 616-2717
Sean.P.Beaty@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a copy of this document on all counsel of record.

/s/ Sean Beaty
Sean Beaty
Trial Attorney, Tax Division

6