UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ' | |
| | ' | |
| v. | ' | CRIMINAL NO. 18-cr-00575 (RC) |
| | ' | |
| JACK STEPHEN PURSLEY | ' | |
| Defendant. | ' | |

## PLEA AGREEMENT

The United States of America, by and through Alamdar Hamdani, United States Attorney for the Southern District of Texas, and Sean Beaty, Senior Litigation Counsel, Grace Albinson, Trial Attorney, and Wilson Stamm, Trial Attorney, United States Department of Justice, Tax Division, and the defendant, **Jack Stephen Pursley**, and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, state that they have entered into a Plea Agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Indictment. Count One charges Defendant with Conspiracy to Defraud the United States, in violation of Title 18, United States Code, Section 371. Defendant, by entering this plea, agrees

that he is waiving any right to have the facts that the law makes essential to the punishment proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2.  The **statutory** maximum penalty for violation of Title 18, United States Code, Section 371, is imprisonment of not more than five (5) years and a fine of not more than $250,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three (3) years. *See* Title 18, United States Code, sections 3559(a)(4) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to two (2) years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(4) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.  Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant paid to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) on August 5, 2020.

## Waiver of Appeal and Collateral Review

4.     Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this Plea Agreement and seek specific performance of these waivers.

5.     In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the

Probation Office or the Court, if the court does not accept the Plea Agreement. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

6. Defendant understands and agrees that each and all waivers contained in the Plea Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

## The United States' Agreement

7. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), the United States agrees to the following:

> (a) If Defendant pleads guilty to Count One of the Indictment and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing.

4

**Agreements Between the United States and Defendant**

8.    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and Defendant agree that the appropriate sentence in this matter is time-served, a term of supervised release of no more than one year, a restitution order (as set forth in Paragraphs 19 through 21 of the Plea Agreement) requiring the payment of an additional $614,499.47 to the IRS, a fine of at least $25,000 but not more than $100,000, and a special assessment of $100. The parties agree that Defendant has already paid the $100 special assessment in full. If the Court accepts this Plea Agreement, this sentencing provision is binding on the Court. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this Plea Agreement, Defendant will be allowed to withdraw his guilty plea. If Defendant declines to withdraw his guilty plea, the disposition of the case may be less favorable than that contemplated by the Plea Agreement.

9.    The parties also jointly agree to the following:

(a)    The parties will endeavor to execute a Closing Agreement between the Internal Revenue Service ("IRS") after sentencing. The Closing Agreement will cover all assessments including the anticipated Restitution Order imposed by the Court, payments, accrued interest, and no associated penalties nor any associated interest on any penalties for tax years 2007 through 2010.

(b) The government will not oppose Defendant's motion to waive the preparation of another Presentence Investigation Report, and the parties agree to proceed to sentencing after Defendant's change of plea if the Court is amenable to doing so.

(c) The government will not oppose Defendant's motion to set restitution payments at $500 per month.

**Agreement Binding – Tax Division and Southern District of Texas Only**

10. The United States Attorney's Office for the Southern District of Texas and the U.S. Department of Justice, Tax Division, agree that they will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas, the U.S. Department of Justice, Tax Division, and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas and/or the U.S. Department of Justice, Tax Division, will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

### Rights at Trial

12. Defendant understands that by entering into this Plea Agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree;

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his/her own behalf.

### Factual Basis for Guilty Plea

13.     Defendant is pleading guilty because he is in fact guilty of the charge contained in Count One of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. Defendant and the United States stipulate that the testimony and evidence presented at the parties' September 2019 trial are sufficient to establish Defendant's guilt on Count One of the Indictment.

### Breach of Plea Agreement

14.     If Defendant should fail in any way to fulfill completely all the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to

this Plea Agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution and Fines – Generally

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will supplement his prior financial disclosure—submitted in 2020—to include full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would affect a transfer of property in which he has an interest unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by supplementing his prior sworn financial statement (Form OBD-500 or similar form, submitted in 2020) within 14 days of signing this Plea Agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17. Defendant agrees to take all steps necessary to pass clear title to assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that restitution and fines are separate components of sentencing and are separate obligations.

### Restitution

19. As depicted in the chart below, Defendant stipulates and agrees that, because of his criminal conduct, the IRS incurred a monetary loss of at least $2,554,297.47 for tax years 2007 through 2010, including accrued interest through March 28, 2023. Accordingly, Defendant stipulates to the imposition of a restitution judgment for tax years 2007 through 2010 in the gross amount of $2,554,297.47, with a balance due of $614,499.47 as of March 28, 2023. This balance due was calculated by IRS Criminal Investigation, pursuant to 26 U.S.C. § 6603, after crediting Defendant's prior payments and applying refunds claimed (described in Paragraph 20 below) as of the dates those payments were made or refunds were

claimed and applying those payments to the respective tax periods in the manner most favorable to Defendant.

|  | Total Tax Shown on Return | Net Increase in Tax Liability | Accrued Interest thru March 28, 2023 | Totals |
|---|---|---|---|---|
| 2007 | -$23,245.00 | $221,725.00 | $73,943.77 | $295,668.77 |
| 2008 | -$38,761.00 | $106,182.00 | $32,683.38 | $138,865.38 |
| 2009 | -$92,543.00 | $1,349,217.00 | $594,128.42 | $1,943,345.42 |
| 2010 | -$474,389.00 | $111,629.00 | $64,788.90 | $176,417.90 |
|  |  | $1,788,753.00 | $765,544.47 | **$2,554,297.47** |

20.   The United States agrees to recommend in its proposed restitution order that—against the gross amount of $2,554,297.47—Defendant receives credit for the following payments or refunds claimed as of the time they were made: (1) $151,045, claimed as a refund on Defendant's 2013 amended tax return filed on April 6, 2015: (2) $700,000 bond payment paid to the IRS on March 8, 2017; (3) $150,917, claimed as a refund on Defendant's 2015 amended tax return filed on December 13, 2019; (4) $66,828, claimed as a refund on Defendant's 2016 amended tax return filed on December 13, 2019; (5) $871,008 bond payment paid to the IRS on March 5, 2020. Based upon IRS Criminal Investigation's calculations, applying 26 U.S.C. § 6603 in the manner most favorable to Defendant, the United States agrees to incorporate into its proposed restitution order a balance due, as of March 28, 2023, of $614,499.47.

21.     While the parties have agreed that the appropriate restitution in this case is as set out above, Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the IRS. Defendant agrees that restitution imposed by the Court will be due and payable immediately at the rate of $500 per month and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of Paragraphs 4 through 6 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Fines

22.     Defendant stipulates to the imposition of a fine of at least $25,000 but not more than $100,000.00. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable within 30 days of sentencing, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of Paragraphs 4 through 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding. The parties agree that, as of the date of this Plea

Agreement, no interest has accrued on any fine amount, and no further interest will accrue on the fine amount.

## Complete Agreement

23.     This written Plea Agreement, consisting of 16 pages, including the attached addendum of Defendant and his attorney, constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement and any Closing Agreement executed with the IRS. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

24.     Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed in Houston, Texas, on March 28, 2023.

_____
Defendant

Subscribed and sworn to before me on March _____, 2023.

NATHAN OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

ALAMDAR HAMDANI
United States Attorney

By: _____    _____
Sean Beaty                              Chip B. Lewis, Esq.
Senior Litigation Counsel               Attorney for Defendant
United States Department of Justice     1207 S. Shepherd
150 M Street, NE, Room 1.204            Houston, Texas 77019
Washington, DC 20002                    (713) 523-7878
(202) 616-2717

Grace Albinson
Trial Attorney

Wilson Stamm
Trial Attorney

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 18-cr-00575 (RC) |
| JACK STEPHEN PURSLEY<br>Defendant. | |

### PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

_____    3/28/23
Chip B. Lewis, Esq.          Date
Attorney for Defendant

15

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this Plea Agreement and I voluntarily agree to its terms.

_____   _3/28/23_____
Jack Stephen Pursley                Date
Defendant