United States District Court
Southern District of Texas
**ENTERED**
May 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § | CRIMINAL ACTION H-18-575-1 |
| § § § | |
| JACK STEPHEN PURSLEY § *in custody* § | |

## AMENDED MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for entry of final restitution order submitted by defendant Jack Stephen Pursley. Dkt. 390. The Government is opposed to the form of the order submitted by Pursley. Dkt. 394. After considering the motion, response, record, and the applicable law, the court is of the opinion that the motion (Dkt. 390) should be GRANTED IN PART AND DENIED IN PART.

### I. BACKGROUND

On September 20, 2018, a Grand Jury charged Pursley with one count of conspiracy to defraud the United States from in or around March 2007 through in or around May 2013 (Count One); one count of tax evasion for tax year 2009 (Count Two); and two counts of tax evasion for tax year 2010 (Counts Three and Four), one of which related to an alleged co-conspirator's taxes. Dkt. 1. Pursley was arraigned on September 21, 2018, and he pled not guilty to each count. Dkt. 7. A jury trial was held from September 3 through September 6, 2019. Dkts. 207, 211, 216–17. The jury returned a verdict of guilty on each count. Dkt. 217. Pursley moved for acquittal and a new trial, and those motions were denied. Dkts. 229–30, 232–33. After several resettings, the judge who was assigned to the case at the time, Judge Lynn Hughes, sentenced Pursley on August 5,

2020, and he set a hearing to hear arguments relating to the amount of restitution. *See* Dkt. (Aug. 5, 2020); Dkt. 263.

On August 26, 2020, Pursley appealed his conviction. Dkt. 269. On February 22, 2022, the U.S. Court of Appeals for the Fifth Circuit issued its decision on Pursley's appeal. Dkt. 319. It vacated the judgment and remanded the case to the district court for further proceedings consistent with the Fifth Circuit opinion. *Id.* The Fifth Circuit vacated the judgment because it determined that "Pursley was entitled to have the district court fully consider his statute of limitations defense, to have the district court calculate the exact time the statute of limitations ran under existing precedent, to dismissal of any charge that was untimely under that calculation, and to a jury instruction on the statute of limitations defense." Dkt. 320. In response to this opinion, Judge Hughes set a briefing schedule and held various hearings. *E.g.* Dkts. 321, 331, 349.

On March 28, 2023, Pursley entered a guilty plea as to Count 1 pursuant to a plea agreement. *See* Dkt (Mar. 28, 2023); Dkt. 361 (plea agreement). In the plea agreement, Pursley and the Government agreed that the "appropriate sentence in this matter [would be] time-served, a term of supervised release of no more than one year, a restitution order . . . requiring the payment of an additional $614,499.47 to the IRS, a fine of at least $25,000 but not more than $100,000, and a special assessment of $100." Dkt. 361. They agreed that Pursley had already paid the special assessment. *Id.*

According to the terms of the plea agreement, if the court accepted it, the sentencing provision was binding on the court, and if the court rejected it, the defendant would be allowed to withdraw his guilty plea. *Id.* The parties also agreed that they would "endeavor to execute a Closing Agreement between the Internal Revenue Service ('IRS') after sentencing." *Id.* The Government agreed that it would not oppose a motion to waive the preparation of another pre-

sentence investigation report and that it would not oppose a motion to set the restitution payments at $500 a month. *Id.* Pursley agreed that he would supplement his prior financial disclosure "to include full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest." *Id.* He was required to "make complete financial disclosure by supplementing his prior sworn financial statement . . . within 14 days of signing the plea agreement.[1] *Id.*

With regard to restitution, Pursley agreed that "the IRS incurred a monetary loss of *at least* $2,554,297.47 for tax years 2007 through 2010, including accrued interest through March 28, 2023," and he stipulated "to the imposition of a restitution judgment for tax years 2007 through 2010 in the gross amount of $2,554,297.27, with a balance due of $614,499.47 as of March 28, 2023." *Id.* (first emphasis added). The agreement makes clear that this balance due was calculated by IRS Criminal Investigation. *Id.* The agreement indicates that, notwithstanding the parties' agreement as to restitution, the court has the authority "to determine the amount of restitution to fully compensate the IRS." *Id.*

The agreement was signed by the defendant, the defendant's attorney, and a representative of the U.S. Department of Justice. *Id.* The agreement specifically states that it is binding only on the U.S. Attorney's Office for the Southern District of Texas, the U.S. Department of Justice, Tax Division, and Pursley. *Id.*

While the plea agreement contemplated that Pursley would waive the pre-sentence investigation report and proceed to sentencing shortly or immediately after his plea ("the parties agree to proceed to sentencing after Defendant's change of plea if the Court is amenable to doing

---

[1] According to the Government, Pursley never supplemented his financial disclosure. Dkt. 394.

so"), that did not happen.² *See* Dkt. 361 at 6.  Chief Judge Crane accepted Pursley's guilty plea, and he ordered the U.S. Probation department to prepare a pre-sentence investigation report to assist the court in sentencing.  *See* Dkt. 362.  The case was then transferred to Judge Miller (the undersigned).  The parties advised the court that they agreed that a new pre-sentence investigation report was not necessary, and the court thus ordered that no pre-sentence investigation report was necessary.  Dkt. 367.  The parties then attempted to reach a closing agreement with both the civil and criminal divisions of the IRS prior to sentencing, which resulted in the case being reset numerous times.  Pursley and the civil division of the IRS were unable to reach an agreement.

Pursley appeared for sentencing on April 19, 2024.  The court sentenced Pursley to time served with one year of supervised release, restitution of $2,554,297.47 with $614,499.47 remaining due, and a fine of $25,000, with payments set as ordered by the court.  Dkt. (Apr. 19, 2024).  The court noted that the $100 special assessment had been previously paid.  *Id.*  The court dismissed Counts Two to Four on the Government's motion and noted that a restitution order would be entered.  *Id.*  The parties tentatively agreed to a restitution order during the sentencing, but Pursley's attorney requested seven days to make sure there was nothing that he needed to bring to the court's attention.  Dkt. 388 (transcript).

On April 26, 2024, Pursley filed the instant motion, which seeks numerous changes to the tentatively agreed upon order.  Dkt. 390.  The Government filed a response opposing the changes Pursley requests but agreeing to add one detail using different phrasing, and Pursley filed a reply in which he takes issue with most of the Government's arguments.  Dkts. 394, 395.

---

² Pursley points out that during discussion in chambers prior to his change in plea, Judge Crane agreed that Pursley had the right to withdraw his plea if the closing agreement did "not comport with what is anticipated."  Dkt. 395 at 2 n.4.  Thus, his position appears to be that the court was not amenable to proceeding immediately.  *See id.* at 2.

## II. ANALYSIS

The court will consider each change that Pursley now seeks to make to the tentatively agreed upon order (the "April 19 RO").

### A. In the Manner Most Favorable to Defendant

Pursley's first requested change is to the following statement on page 2, paragraph 2 of the April 19 RO[3]: "In compliance with 26 U.S.C. § 6603, and applying the payments and refunds claimed described above to the tax periods in the manner most favorable to Defendant, IRS Criminal Investigation has calculated a balance due of $614,499,47, including interest accrued through March 28, 2023." Dkts. 390-1, 394-3. Pursley takes issue with the phrase "in the manner most favorable," asserting that his payments were not actually applied in the manner most favorable to him because the "correct" calculations are $50,000 less. Dkt. 390. He proposes that this sentence be changed to the following:

> In compliance with 26 U.S.C. § 6603, and applying the payments and refunds claimed described above to the tax periods beginning with the earliest year with an outstanding balance, and any excess credit further applied to the next succeeding year, IRS Criminal Investigation has calculated a balance due of $614,499.47, including interest accrued through March 28, 2023.

Dkt. 390-1.

In opposition, the Government explains why the April 19 RO indicates that the $614,499.47 was calculated in a manner most favorable to Pursley. Specifically, the Government asserts that for purposes of the figure calculated by the Government for this criminal proceeding, it applied payments made by Pursley in a way that would minimize the amount of interest that

---

[3] Pursley attached a red-lined version of the April 19 RO to his motion, and the Government attached a red-lined version of the April 19 RO to its response. *See* Dkts. 390-1, 394-3.

accrued. The civil division, on the other hand, applied the payment to tax year 2010 first, then 2011, and then 2012, as instructed by Pursley. According to the Government, the civil division is bound to apply the payments in the manner requested by the taxpayer.[4] Dkt. 394.

In reply, Pursley asserts that the phrasing he requests is taken from an email from the Government's counsel and is also "the verbatim language taken from the IRS closing agreement drafts." Dkt. 395. He also quibbles with the Government's contention that the civil division applied Pursley's payments to 2010 first at Pursley's request, asserting that Pursley's *counsel* requested that the payments be applied to the earliest years, not 2010. *Id.*

Both parties clearly agree on the amount that should be included under the plea agreement and that this amount was calculated by IRS Criminal Investigation. Additionally, notwithstanding Pursley's current assertion that the amount is not calculated in the manner most favorable to him, this terminology is used twice in the plea agreement, and Pursley agreed to and signed the plea agreement. Accordingly, the court declines Pursley's request to modify this aspect of the April 19 RO. The final RO will, in conformance with the parties' plea agreement, state: "In compliance with 26 U.S.C. § 6603, and applying the payments and refunds claimed described above to the tax periods in the manner most favorable to Defendant, IRS Criminal Investigation has calculated a balance due of $614,499,47, including interest accrued through March 28, 2023."

---

[4] The court expresses no opinion with regard to how the civil division should apply Pursley's payments and calculate interest.

B.    **Double Collection**

Next, Pursley requests to add a sentence right after the "in the manner most favorable" sentence of the April 19 RO to assure that the IRS will not attempt double collections. Dkt. 390. The requested sentence is as follows: "The interest component of this restitution order shall not be assessed or collected again as a part of any Title 26 statutory underpayment interest." The Government is opposed to this addition. Dkt. 394. It points out that under Title 26 interest automatically accrues by statute on taxes due and owing, but interest accrues on criminal restitution orders under Title 18. *Id.* at 12 & n.6. It argues that Pursley's addition of this sentence is an attempt to prohibit the civil division of the IRS from assessing statutory interest under Title 26. *Id.* It notes that the IRS "naturally" cannot collect twice on the same taxes and interest, and that the April 19 RO "already contemplates crediting Pursley for payments and any resulting offset to accrued interest." *Id.* at 12–13. Moreover, the Government argues that a criminal restitution order cannot bind the civil functions of the IRS. *Id.* Pursley does not address the Government's argument about this specific sentence in his reply, but he does point out that his proposed order retains a sentence noting that the order does not bind the civil division. Dkt. 395 at 7.

"[A]ny amount paid as restitution for taxes owed must be deducted from any judgment entered for unpaid taxes in . . . a [parallel] civil proceeding. Restitution is in fact and law a payment of unpaid taxes." *United States v. Helmsley*, 941 F.2d 71, 102 (2d Cir. 1991); *see also United States v. Clayton*, 613 F.3d 592, 596 (5th Cir. 2010) (citing *Helmsley* favorably) ("Other circuits and the United States Tax Court have explained that the payment of criminal restitution based on taxes owed constitutes the payment of tax."). There is thus no need for the court's restitution order to attempt to bar IRS civil from requiring double payments. Moreover, this court does not have

the power to bind the IRS civil division, which is not a party to this criminal case. Accordingly, the court declines to add the requested sentence.

### C. Or Issue a Lien In

Pursley next requests to add "or issue a lien in" to the following sentence in the April 19 RO: "Neither the IRS nor the Financial Litigation Division of the United States Attorney's Office for the Southern District of Texas shall attempt to collect [or issue a lien in] the total amount of restitution ($2,554,297.47) under the judgment lien created by the Court's criminal judgment or this Order . . . ." Dkt. 390-1. He contends that the Government agreed to this revision during the sentencing hearing. Dkt. 390.

During the hearing, the Government did represent that it had agreed that it would not "collect or assert a lien without ensuring that the total payments and refunds reflected above of $1.9 million are properly offset." Dkt. 388 at 24 (sealed). The Government does not directly address this argument in its response but does request that the court "decline Pursley's proposed revisions, and instead enter the (slightly revised) version of the proposed Restitution Order . . . which tracks the parties' Plea Agreement and their agreement in open court." Dkt. 394 at 16. The attachment does not include the "or issue a lien in" addition. Dkt. 394, Ex. 3. Thus, while the Government did use similar terminology during the sentencing hearing, it does not appear to agree to the addition of this phrase now. Nevertheless, the caselaw cited by the Government indicates that any amounts paid in the criminal proceeding must be offset, so the court finds the "or issue a lien in" phrase is appropriate and will include this minor amendment in the final restitution order.

### D. As Well As All Payments Made into the Registry

Pursley additionally requests the addition of the following phrase to the end of the "or issue a lien in" sentence: "as well as all payments made into the registry of the United States District

Clerk's Office, Southern District of Texas." Dkt. 390. He argues that this language will enhance his "ability to accelerate payment in years to come, without which, it hinders [his] ability to seek and pay full payment at an earlier date." *Id.*

The Government argues that this addition, and specifically the reference to "*all* payments," would credit Pursley's restitution balance with payments such as the special assessment and the $25,000 criminal fine. Dkt. 394. Pursley asserts in reply that the Government is taking the request out of context and that Pursley specifically marked the check he used to pay the $25,000 as a "fine." Dkt. 395. Pursley asserts that he is entitled to be credited for *all* payments made to restitution. *Id.*

The court agrees that Pursley is entitled to be credited for the payments he makes towards restitution. However, the April 19 RO already credits Pursley for his payments, and the court finds it unnecessary to include additional language that may lead to confusion. Accordingly, it declines to include this requested addition to the April 19 RO.

E.     **Having Assessed the Defendant's Ability to Pay**

Pursley next requests to include the following two sentences after the "or issue a lien in" sentence: "Having assessed the defendant's ability to pay and in connection with the agreement in the plea agreement, the defendant is ordered to make payments of $500 per month until the total amount is paid. The restitution imposed by order is due and payable immediately at the rate of $500 per month beginning on June 1st, 2024. Payments for April and May 2024 have been paid." Dkt. 390. He asserts that this "provision simply recites the terms of the Plea Agreement and memorializes the status of all payments made heretofore, for completeness and accuracy." *Id.* He additionally points out that the court "issued this term from the bench" and the Government agreed to the request. *Id.* at 6 n.12.

9

The Government opposes adding these sentences. Dkt. 394. It points out that the court did not assess Pursley's ability to pay or determine that $500 a month was appropriate. *Id.* Rather, the Government agreed not to oppose $500-a-month payments in the plea agreement. *Id.* The Government additionally notes that it expressly objected to Pursley's claims of poverty during sentencing. *Id.* The Government agrees, however, that the April 19 RO did not include the $500-a-month rate even thought it was in the plea agreement, and it suggests adding "at the rate of $500 a month" to the following sentence in the April 19 RO: "So long as the installment plan payments toward criminal restitution [at the rate of $500 per month] are current or paid in full, the IRS shall not take any collection action on this Restitution Order." *Id.*

In reply, Pursley correctly asserts that the court stated during the sentencing hearing that it had assessed Pursley's ability to pay. Dkt. 394. During the hearing, the court stated, "Having assessed the defendant's ability to pay and in connection with the agreements in the plea agreement, the defendant is ordered to make payments of $500 per month until the total amount is paid. The fine amount and the $500 payment for this month will be due immediately through the United States District Clerk, Southern District of Texas, as are all payments to be made." Dkt. 388 at 40 (sealed).

While the court agrees that it recited much of this requested addition during sentencing, it finds it unnecessary to include it in the restitution order. The Government's proposed revision sufficiently indicates that Pursley will be required to make $500-a-month payments, and the court adopts the Government's suggested revision.

**F.    Obtaining a Closing Agreement**

Pursley next seeks to add the following to the last paragraph of the April 19 RO: "In accordance with the terms and spirit of the plea agreement, it is ordered that the Parties thereto,

will endeavor to obtain an IRS closing agreement until such is executed **after** sentencing, that will cover all assessments including this Restitution Order imposed by the Court, payments, accrued interest, and no penalties nor any associated interest on any penalties for tax years 2007 through 2010." Dkt. 390. Pursley contends that this language "reiterates the essential terms of the plea agreement pertaining, thereto, for completeness and accuracy." *Id.* He states that this terminology from the plea agreement "explicitly is evergreen with no deadline stated, nor expiration agreed upon." *Id.* at 6 n.13.

The Government asserts that this addition to the April 19 RO is an attempt "to compel the civil functions of the IRS to execute a Closing Agreement with [Pursley]" and that the court does not have jurisdiction to do that. Dkt. 394. It additionally argues that even if the court could somehow bind the civil division, it should not do so because of Pursley's "demonstrable bad faith." *Id.* It further points out that the contemplated closing agreement would require Pursley to pay the full amount owed even though "his attorneys now claim[] that Pursley does not have the funds to [do so]." *Id.*

In reply, Pursley takes exception to the Government's contention that he is "unwilling to pay the IRS" and points out the Government admitted in prior proceedings that Pursley already had made substantial payments. Dkt. 395. Additionally, Pursley asserts that the statement that he is trying to use the criminal restitution order to bind the civil division of the IRS is incorrect as his proposed order still contains the following sentence: "The Order does not bind the civil functions of the IRS with respect to civil calculations of any taxes due and owing for tax years 2007 through 2010, or any interest accrued." *Id.*

Courts apply "general principles of contract law in interpreting the terms of a plea agreement." *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013) (citing *United States v.*

11

*Elashyi*, 554 F.3d 480, 501 (5th Cir.2008)). The plea agreement, which was signed more than a year ago, does indeed state that the parties will endeavor to execute a closing agreement *after* sentencing. Dkt. 361. The agreement also appears to contemplate that the parties would proceed to sentencing more quickly than a year and does not seem to contemplate that the parties would be endeavoring to execute a closing agreement—unsuccessfully—for more than a year before Pursley was sentenced. *See id.* Of course, the plain language of the agreement says the parties will endeavor "after" sentencing, and the Government, while pointing to ways it believes Pursley has failed to fulfill his obligations under the agreement and is thus in a precarious position, clearly states that it has "not yet invoked" the provision of the plea agreement that releases the Government from its obligations under the agreement. Dkt. 394 at 3 n.1. Those obligations include endeavoring, at least to some extent, to obtain a closing agreement *after* sentencing.

However, the court here is considering what terms need to be included in the restitution order. Under the plea agreement, the terms of the restitution order are set forth in paragraphs 19 to 21 of the plea agreement. Dkt. 361 at 5 (noting that the agreement included "a restitution order" (as set forth in Paragraphs 19 through 21 of the Plea Agreement")). Paragraphs 19 through 21 deal with the amount of restitution and the payment plan. *Id.* at 10–12. Paragraph 21 also says that "Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the IRS." *Id.* at 12.

The court determines that endeavoring to execute a closing agreement after sentencing is *not* appropriately part of the restitution order, and it declines to include it in the order.

### III. CONCLUSION

Pursley's motion for entry of a restitution order (Dkt. 390) is GRANTED IN PART AND DENIED IN PART. It is GRANTED in that the court will enter a final restitution order that is a

slightly modified version of the April 19 RO. It is DENIED to the extent that the court declines to include all of the terms and modifications requested by Pursley.

The court will enter a final restitution order that conforms with its findings in the analysis above concurrently with this memorandum opinion and order.

Signed at Houston, Texas on May 13, 2024.

_____
Gray H. Miller
Senior United States District Judge